1  Leonard C. Herr, #081896
   Ron Statler, #234177
2  DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
   Attorneys at Law, LLP
3  100 Willow Plaza, Suite 300
   Visalia, California  93291
4  Telephone:  (559) 636-0200
   Email:  lherr@dhlaw.net
5
6  Attorneys for Plaintiff: SCOTT R. JAMES
7
8            **UNITED STATES DISTRICT COURT**
9            **EASTERN DISTRICT OF CALIFORNIA**
10
11  SCOTT R. JAMES,                    CASE NO.:
12        Plaintiff,                   **COMPLAINT FOR  VIOLATION OF CIVIL**
                                       **RIGHTS [42 U.S.C. §1983]**
        v.
13                                     **DEMAND FOR JURY TRIAL**
    KIMBERLY GRANGER, an
14  individual,
15        Defendant.
16
17

18        Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the
19  United States Constitution and the First, Third, Fourth, Fifth, and Sixth
20  Amendments to it, were violated by Defendant Kimberly Granger when she
21  directed agents and, by withholding information from those agents, caused them
22  to deny him counsel during an in-custody interrogation, to withhold information
23  from the Court in procuring a search warrant, to threaten to destroy his real and
24  personal property if he did not answer questions during an in-custody
25  interrogation after having been denied the benefit of counsel, and causing criminal
26  charges no reasonable state attorney would have believed to be sustainable to be
27  filed against him in retaliation for having brought suit in mandamus against the
28  Attorney General of the State of California to secure his rights, and denied him his

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   rights of equal protection before the law.

2   While divided into sections and subsections, this Complaint is to be read as

3   a whole.  Each part incorporates each other part unless otherwise noted.

4   **I.**

5   **THE PARTIES**

6   Plaintiff Scott R. James is and at all times relevant to this complaint was a

7   U.S. Citizen domiciled in County of Tulare, State of California.

8   Defendant Kimberly Granger is and at all times relevant to this complaint

9   was an attorney employed by the Attorney General of the State of California.

10   It is unknown at this time if others undertook actions under color of state

11   law to violate Mr. James' civil rights or were duped by Ms. Granger's actions.

12   Should other defendants come to light, Mr. James will seek leave of Court to add

13   that person or those persons as defendants.

14   **II.**

15   **JURISDICTION AND VENUE**

16   The action arises under 42 U.S.C. section 1983.

17   Venue is proper in this District because a substantial part of the events or

18   omissions giving rise to the claim occurred in Tulare County, which is in this

19   District.

20   **III.**

21   **FACTS OF THE CASE**

22   Scott James brought suit against the State of California in *mandamus*

23   regarding his right to own/purchase/possess firearms in February 2011.  The

24   case arose because Mr. James pleaded no contest in 1996 to a misdemeanor

25   violation of California Penal Code section 242.  No copy of the complaint against

26   him, his answer, or a record of factual findings made by the Court appear in the

27   Court's records.  His conviction was expunged under California Penal Code §

28   1203.4 in 2008.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1       After ten years passed from his conviction by plea of no contest, Mr. James

2 sought to purchase a firearm. He passed his background check and bought it.

3 He was eventually issued a concealed carry permit, again passing his background

4 check.

5       In 2008, he was denied the purchase of a firearm and was informed, for the

6 first time, that the State believed him to have been convicted of a misdemeanor

7 crime of domestic violence. Mr. James could not understand why his status had

8 changed. Mr. James engaged in written informal appeals through counsel with

9 the federal and state governments hoping to clear up the misunderstanding

10 regarding his prior conviction and, at one point, believed the matter must have

11 been cleared and tried to purchase a gun again but was again denied. The

12 governmental agencies would not budge, and Mr. James filed the *mandamus*

13 action.

14       Ms. Granger represented the State in that action. This complaint is not

15 based on any actions Ms. Granger undertook in her defense of the State in that

16 action; rather it is based on actions she undertook outside of that defense to gain

17 unlawful and unconstitutional advantage in the *mandamus* action, and for other

18 unknown reasons of personal *animus*, by misuse of her state authority by causing

19 another action to be brought against and maintained against Mr. James.

20       As part of the *mandamus* action, Mr. James was deposed by Ms. Granger

21 on July 25, 2011. During questioning, Mr. James was asked if he possessed any

22 firearms at his home. He responded yes. The legality of his doing so was the very

23 question to be answered by the action brought in *mandamus*.

24       Over the next couple of days, Granger contacted agents for the State

25 Bureau of Firearms and informed them that Mr. James was in possession of

26 firearms despite having been convicted of a misdemeanor crime of domestic

27 violence. Granger did not inform the agents that he had brought a petition in

28 *mandamus* for a determination of whether his possession of those firearms was

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   lawful.  The agents, in turn, did not inform the Court of that fact.  The search

2   warrant was issued.

3        Scott R. James had filed a motion for summary judgment in the *mandamus*

4   action.  The search was done a week before the State's opposition to Mr. James'

5   summary judgment was due to be filed in October 2011 – about two months had

6   passed since the search warrant had been signed by the Court.  Ms. Granger was

7   on scene to supervise the search.

8        State Agents, acting on the advice of Ms. Granger, did the search of Mr.

9   James' home.  Mr. Granger was present for the entire search.  During this time,

10   Ms. Granger directed agents where to search and when.  In Ms. Granger's

11   presence, agents arrested Mr. James and questioned him after having refused to

12   allow Mr. James' lawyer to escort him inside the home so Mr. James could be

13   represented by counsel during that questioning.  After denying Mr. James legal

14   representation by an attorney of his choice, Agents, acting on the advice of Ms.

15   Granger, threatened to use explosives on a safe in the middle of his home if he did

16   not answer questions.  Mr. James, frightened, tearful, and denied counsel, gave

17   the agents, within Ms. Granger's earshot and at her direction, the combination to

18   the safe.  Firearms were located in the safe and confiscated.  Mr. James was

19   charged with violation of California Penal Code section 12280(b) in Tulare County

20   Superior Court, Case no. VCF260879.  Ms. Granger was not the prosecutor of that

21   action.

22        On or about February 3, 2012, the Tulare County Superior Court issued an

23   order in the *mandamus* case declaring that Ms. Granger's contention that Mr.

24   James had been convicted of a misdemeanor crime of domestic violence was based

25   on an argument of law so outside the realm of reasonableness and logic that, were

26   the Court to agree, it would violate its oath of office.  This argument by Ms.

27   Granger was offered as though it was the current state of the law rather than a

28   novel interpretation of it.  The State of California appealed that decision; the case

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    has been briefed but that appeal is still pending before the Fifth District Court of

2    Appeals for the State of California, case no. F065003 [argument not yet

3    scheduled].

4        A hearing on a motion to suppress evidence in the criminal case was held

5    before the Hon. Joseph Kalashian on February 8, 2013, after which the charges

6    were dropped and the case dismissed.  During questioning, it was revealed that if

7    the State of California comes to learn that a person not currently under

8    investigation for some other crime or otherwise dangerous may own or possess

9    guns in violation of federal law prohibiting them because of a potential prior

10   conviction of a misdemeanor crime of domestic violence, the State notifies them by

11   letter and asks to have the weapons stored by a licensed third party or the police

12   pending a determination of the person's status.  No letter was delivered to Mr.

13   James, and no oral request was made to him or to his counsel, despite his

14   cooperative admission of gun possession in a lawsuit in which he sought to

15   address the question.

16                                          **IV.**

17                                 **CAUSE OF ACTION**

18               **DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**

19       Kimberly Granger acted under color of state law by using her office to

20   advise state agents that Scott R. James had been convicted of a misdemeanor

21   crime of domestic violence, legal advice no reasonable officer of the Court could

22   have believed as such an interpretation of the law would require such officers to

23   violate their oaths of office.

24       Ms. Granger also knew that her interpretation of the law could not

25   withstand rational consideration and therefore withheld information she knew a

26   reasonable agent would include in a petition or otherwise consider important in

27   his or her own evaluation of whether to request a search warrant in order to

28   ensure the warrant would be requested and issued and Mr. James arrested.  Ms.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  Granger knew Scott R. James would be arrested because he had already testified

2  that he had guns – and had already purchased at least one gun with the State's

3  full knowledge.  Ms. Granger advised officers to arrest and question him after

4  having refused to allow Mr. James to be accompanied by his attorney.

5      Ms. Granger further acted under color of state law by advising agents

6  during the search of Mr. James' home.  During the search, her demeanor became

7  increasingly agitated as Agents found nothing except the very firearms about

8  which Mr. James had filed a civil suit.

9      Ms. Granger's was able to undertake this misuse of power because she was

10 clothed with the authority of state law; so clothed because of her employment as

11 an attorney with the state Attorney General's office.

12     Ms. Granger undertook these actions under color of state law in order to

13 intimidate and publicly vilify Mr. James in retaliation for having done no more

14 than seek redress in the Courts for a declaration of his rights.  State practice in

15 such circumstances involved a letter asking for cooperative relinquishment of

16 firearms pending the determination.  Mr. James' willingness to be cooperative was

17 patent: he had brought suit in which his purchase of a firearm was alleged in the

18 petition; he had testified under oath he had guns.  Instead, Ms. Granger withheld

19 information from state agents and gave legal advice to them that Mr. James had

20 been convicted of a misdemeanor crime of domestic violence, advice no reasonable

21 attorney for the state Attorney General could believe was true or, in the

22 alternative, was deliberately indifferent to the constitutional violation that

23 occurred.

24     Ms. Granger violated Mr. James rights to redress, counsel, and to be free of

25 unreasonable search and seizure and *ex post facto* laws guaranteed by the United

26 States Constitution.

27     Mr. James has suffered general and special damages including but not

28 limited to costs and fees for defense of the criminal matter, lost wages/profits,

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-6-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   constitutional deprivations, interference with business relations, sleepless nights,

2   ignominy, and humiliation, all in an amount to be proven and found at trial.

3                              **PRAYER**

4          WHEREFORE, Scott James prays for judgment against the Defendant and

5   an award:

6          1.     For general and special damages;

7          2.     For actual and consequential damages;

8          3.     For compensatory damages;

9          4.     For attorney fees [under the Civil Rights Act];

10         5.     For costs of suit;

11         6.     For whatever other relief the Court deems proper.

12  Dated:  June 26, 2013            DOOLEY, HERR, PEDERSEN
                                     & BERGLUND BAILEY
13

14                                   By: /s/ Leonard C. Herr
                                          LEONARD C. HERR
15                                        Attorneys for Plaintiff
                                          SCOTT R. JAMES
16

17                            **JURY DEMAND**

18         Plaintiff, SCOTT R. JAMES, demands trial by jury.

19

20  Dated:  June 26, 2013            DOOLEY, HERR, PEDERSEN
                                     & BERGLUND BAILEY
21

22                                   By: /s/ Leonard C. Herr
                                          LEONARD C. HERR
23                                        Attorneys for Plaintiff
                                          SCOTT R. JAMES
24

25

26

27

28

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Kimberly Granger, et al\Pleadings\Complaint.doc

-7-

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**