KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>         Plaintiff,<br><br>v.<br><br>KIMBERLY GRANGER,<br><br>         Defendant. | 1:13-CV-0983 AWI SKO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 8(a)(2), 12(b)(6)]<br><br>Date:    September 30, 2013<br>Time:    1:30 p.m.<br>Courtroom: 2 (8th Floor)<br>Judge:   Anthony W. Ishii (AWI)<br>Trial Date: TBD<br>Action Filed: June 26, 2013 |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on September 30, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 the above-entitled court, located at 2500 Tulare Street, Eighth Floor, Fresno, California, Defendant Kimberly Granger will move the Court for an order dismissing the action with prejudice. Ms. Granger brings this motion pursuant to Federal Rules of Civil Procedure 8(a)(2) because the Complaint fails to allege facts sufficient to support any claim against Ms. Granger. Additionally, Ms. Granger moves for dismissal under Procedure

1

12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. Plaintiff cannot maintain his 42 U.S. C. § 1983 claim because Ms. Granger is entitled to immunity.

This motion is based on this notice of motion, the attached memorandum of points and authorities, all matters of which this Court must or may take judicial notice, and all pleadings and records on file in this action and on such further authority, evidence, or argument as may be presented at or before the hearing on this motion.

Dated: August 29, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## I. INTRODUCTION

This lawsuit arises out of Plaintiff's interactions with Deputy Attorney General Kimberly Granger in state court proceedings. Ms. Granger represented the State of California/Office of the Attorney General in a petition for writ of mandate filed by Plaintiff in the Tulare County Superior Court. The petition was based on Plaintiff's prohibition from purchasing or possessing firearms.

After a domestic violence arrest, Plaintiff pled no contest to misdemeanor violation of California Penal Code § 242 (battery). Under California law, Plaintiff is prohibited from owning or possessing a firearm for 10 years after the conviction. Cal. Pen. Code § 29850. Federal law, however, places a life-time ban on anyone convicted of misdemeanor crimes of domestic violence (MCDV). 18 U.S.C. § 992(g)(9).

It is the position of the State of California/Office of the Attorney General that Plaintiff cannot purchase or possess firearms pursuant to 18 U.S.C. § 992(g)(9) based on his California Penal Code § 242 conviction. Plaintiff disagrees with this position and filed a petition for writ of mandate. During the course of the mandate proceeding, Ms. Granger deposed Plaintiff. Plaintiff testified that he possesses several firearms. Ms. Granger notified the Bureau of Firearms that Plaintiff admitted possessing firearms.

Agents at the Bureau of Firearms obtained a search warrant for Plaintiff's home. During the search, agents found one unregistered assault weapon, fourteen rifles, eight shotguns, seven handguns, twenty-nine handgun and rifle magazines and four thousand thirty-three rounds of various caliber ammunition. Plaintiff was arrested and charged with violation of California Penal Code § 12280(b) (unlawful possession of assault weapon).

Plaintiff contends that the search, seizure and arrest were improper. It is Plaintiff's position that had the agents who obtained the search warrant known that Plaintiff filed a petition for writ of mandate, they would not have sought a search warrant and the judge would not have approved the warrant. Plaintiff alleges a single cause of action against Ms. Granger for violation of 42 U.S.C § 1983.

The Complaint should be dismissed. There are no allegations to support a § 1983 claim against Ms. Granger and she is entitled to immunity.

## II. ALLEGATIONS

Plaintiff pled no contest to misdemeanor violation of Penal Code section 242. (Compl. 2:23-25). In 2008, Plaintiff attempted to purchase of a firearm. (Compl. 3:5-7). Plaintiff was denied the purchase because of his MCDV. (Compl. 3:5-7). Thereafter, Plaintiff filed a mandamus action. (Compl. 3:11-13). Ms. Granger represented the State in the mandamus action. (Compl. 3:14).

During his deposition in the mandamus action, plaintiff admitted that he possessed firearms at his home. (Compl. 3:20-22). Plaintiff claims Ms. Granger advised the Bureau of Firearms that Plaintiff was in possession of firearms. (Compl. 3:24-27). A search warrant was issued for Plaintiff's home. (Compl. 4:1-2).

Ms. Granger was present during the search. (Compl. 4:9). Agents arrested Plaintiff and questioned him, but refused to allow his counsel to be present during questioning. (Compl. 4:11-13). Plaintiff gave the agents the combination to his gun safe where additional firearms were located. (Compl. 4:17-18). Plaintiff's firearms were confiscated and Plaintiff was charged with violation of California Penal Code section 12280(b). (Compl. 4:18-20). The criminal action was dismissed on February 8, 2013. (Compl. 5:4-6).

The order on petition for writ of mandate was issued February 3, 2012. (Compl. 4:22-23). The matter is on appeal in the Fifth Appellate District Court. (Compl. 4:28-5:3).

Plaintiff alleges a single cause of action for violation of 42 U.S.C. § 1983. (Compl. 5:16-19). Plaintiff claims that he was denied "his rights of equal protection before the law." (Compl. 1:28-2:1). Plaintiff also claims Ms. Granger violated his rights to "redress, counsel, and to be free of unreasonable search and seizure..." (Compl. 6:24-26).

## III. HISTORY OF GUN CONTROL

The Gun Control Act of 1968 was enacted to "keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background or incompetency." *Barrett v. United States*, 423 U.S. 212, 220 (1976). In 1996, Congress passed the Lautenberg Amendment

4

to the Gun Control Act of 1968 to prevent shooting deaths resulting from domestic violence incidents by expanding the general federal ban on gun possession by convicted felons to include individuals convicted of misdemeanors involving domestic violence. 28 U.S.C. § 922(g)(9). The law was based on the recognition that "people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies[,]" often due to the difficulty in proving felony domestic violence charges. 142 Cong. Rec. S10377-01. The Lautenberg Amendment provides:

> It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9). A misdemeanor crime of domestic violence (MCDV) is defined as follows:

> [A]n offense that . . . is a misdemeanor under Federal, State, or Tribal law; and . . . has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921 (a)(33)(A)(ii).

## IV. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. *Alonzo v. AFC Property Management, Inc.*, 643 F.2d 578, 579 (9th Cir. 1981). To survive a motion to dismiss for failure to state a claim, the plaintiff must provide enough facts to state a claim for relief that is plausible on its face. *Bell Atl. v. Twombly*, 550 U.S. 544 (2007). The statement must include enough facts to suggest a right to relief. *Id.* at 555. Thus, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id.* at 555, 557.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court held that more specificity was required for pleading cognizable causes of action sufficient to withstand motions to dismiss.

1  The Court held that a pleading that offers "labels and conclusions" or a "formulaic recitation of
2  the elements of a cause of action will not do." *Id.* at 1949 (citing and quoting *Twombly* and Fed. R.
3  Civ. P. 8). Further, a complaint is insufficient if it alleges "naked assertion[s]" devoid of "further
4  factual enhancement." *Id.* Therefore, to survive a motion to dismiss, a complaint must contain
5  sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."
6  *Id.* A claim has facial plausibility when plaintiff pleads factual content that allows the court to
7  draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The
8  plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully.
9  *Id.* A complaint which pleads facts that are "merely consistent with" a defendant's liability
10 "stops short of the line between possibility and plausibility of 'entitlement' to relief ..." *Id.* When
11 the pleaded facts do not permit the court to infer more than the mere possibility of misconduct,
12 then the complaint has not shown that the "pleader is entitled to relief." *Id.*

13 A motion to dismiss is appropriate where a plaintiff discloses some absolute defense or bar
14 to recovery in his pleading. Fed. R. Civ. P. 12(b)(6). The lack of a cognizable legal theory
15 warrants dismissal. *See Ballistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

16 Mere conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
17 motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). When it is clear that the
18 deficiencies in a complaint cannot be cured, then the court need not provide an opportunity to
19 amend. *Cook Perkiss & Liehe, Inc. v. N. Cal. Collection Servs., Inc.*, 911 F.2d 242, 247 (9th Cir.
20 1990*); Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

21 **V.    DISMISSAL IS PROPER**

22 Dismissal is proper because the Complaint fails to meet pleading requirements under
23 Federal Rules of Civil Procedure Rule 8(a)(2) as explained in *Iqbal* and *Twombly*. As a matter of
24 law, it is insufficient to offer legal conclusions with no factual allegations supporting the
25 conclusions. *Iqbal*, 556 U.S. at 6779-680. Even if the Complaint survives scrutiny under *Iqbal*
26 and *Twombly*, dismissal is proper because Ms. Granger is immune from liability.
27 / / /
28 / / /

### A. Dismiss is Proper Under Rule 8(a)(2) Because the Complaint Lacks Factual Allegations Supporting a Claim.

"While legal conclusions can provide the frame-work for a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. At a minimum, a plaintiff must provide sufficient factual matter to state a claim that is plausible of its face. *Id.* at 678.

42 U.S.C. § 1983 does not create any substantive rights, but merely provides a remedy for plaintiffs who have been deprived rights, privileges or immunities under the Constitution or laws of the United States. *See Canell v. Oregon Dept. of Justice*, 811 F. Sup. 546 (D. Or. 1993). As a result, Plaintiff must allege facts identifying the basis for his § 1983 claim.

In the first paragraph of the Complaint, Plaintiff claims Ms. Granger "denied him his rights of equal protection before the law." (Compl. 1:28-2:1). To establish an equal protection claim, a plaintiff must demonstrate intentional discrimination based on membership in a protected class. *Pers. Adm's of Mass. v. Feeney*, 442 U.S. 256, 274 (1979). The elements of an equal protection claim are: 1) being treated differently from others similarly situated; 2) that the purportedly unequal treatment was based on the plaintiff's membership in a traditionally protected class; 3) discriminatory intent was present in applying this classification; and 4) the plaintiff suffered injury as a result of the discriminatory classification. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

There are no allegations in the Complaint supporting an equal protection claim. Nor could Plaintiff amend to state a valid equal protection claim because Plaintiff is not a member of a protected class.

Plaintiff next concludes that Ms. Granger violated his "rights to redress, counsel, and to be free from unreasonable search and seizure…" (Compl. 6:24-25). But there are no facts alleged to support these labels and conclusions. Rather, the Complaint admits that Plaintiff had redress. Plaintiff was in the midst of litigation on his writ petition when the search and seizure took place. (Compl. 4:3-7). Plaintiff had a hearing on the criminal charges arising from the search and seizure. (Compl. 5:4-6). The outcome was dismissal of the criminal charges. (Compl. 5:4-5).

7

Likewise, Plaintiff had a hearing on the merits of his writ petition. (Compl. 4:22-23). The petition was granted. But, the matter is on appeal.

As to the search, Plaintiff acknowledges that it was the Bureau of Firearms agents, not Ms. Granger, who applied for an obtained the search warrant. (Comp. 4:1-2). Plaintiff admits that the agents, not Ms. Granger, arrested Plaintiff. (Compl. 4:11-12). And, it was the agents, not Ms. Granger, who allegedly denied him counsel during questioning inside his home. (Compl. 4:11-13).

Plaintiff's contentions that he was denied equal protection, redress, counsel and subject to illegal search and seizure are nothing more than "naked assertions" that are prohibited by *Twombly* and *Iqbal*. For the purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. As a result, dismissal is proper.

**B.  Dismissal is Proper under Rule 12(b)(6) Because Ms. Granger is Immune From Liability.**

Even if Complaint survives scrutiny under *Iqbal* and *Twombly*, Ms. Granger is entitled to immunity. Both qualified and absolute immunity attach to Ms. Granger's actions and dismissal is proper.

**1.  Absolute Immunity.**

Plaintiff acknowledges that Ms. Granger was not the prosecuting attorney in the criminal matter following the search and seizure of his firearms. (Compl. 4:20-21). However, the Complaint does allege that Ms. Granger was involved in her state attorney capacity when the search warrant was applied for, issued and the search and seizure took place. (Compl. 4:9-11).

Prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's cause insofar as that conduct is intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This absolute immunity extends to actions preliminary to the initiation of a prosecution and actions outside of a courtroom, including preparing for and initiating judicial proceedings or for trial. *See Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Absolute immunity extends to all functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003). Absolute immunity attaches even where the actions are "characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984). And, the Supreme Court has held that absolute immunity applies when a prosecutor presents evidence to support an application for search warrant even if the evidence is misleading or the prosecutor withholds exculpatory evidence. *Burns*, 500 U.S. 478; *Imbler*, 424 U.S. 409.

The nature of the official conduct challenged determines whether the immunity applies. *Souza v. County of Merced*, 2007 U.S. Dist. LEXIS 45256, *7-8 (E.D. Cal. 2007). "If we determine that the conduct is within the scope of [defendants'] authority and is quasi-judicial in nature, our inquiry ceases since the conduct would fall within the sphere of absolute immunity." *Id.* at *7.

Plaintiff contends that Ms. Granger provided information to Bureau of Firearms agents regarding his possession of firearms and this information resulted in a search warrant. (Compl. 5:19-28). Plaintiff also claims that Ms. Granger acted in her state attorney capacity and her actions resulted in criminal proceedings. (Compl. 4:9-11). As a result, Ms. Granger is entitled to absolute immunity. *Burns*, 500 U.S. 478. Absolute immunity attaches even if Ms. Granger withheld information from the agents or provided misleading information. *See Burns*, 500 U.S. 478; *Imbler*, 424 U.S. 409.

### 2. Qualified Immunity.

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A two-step process exists for determining qualified immunity claims: 1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right that a reasonable person would have known, and 2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223 (2009).

If the court concludes a right is not clearly established, the official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). If a right is clearly established, an official is not entitled to qualified immunity unless a reasonable official would not have known that his conduct violated the clearly established right. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

If the state actor could have reasonably, albeit mistakenly, believed that his conduct did not violate a clearly established constitutional right, then the action will receive qualified immunity. *Saucier*, 533 U.S. at 205-06, *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). While different conclusions can be reached on the clearly established and reasonableness inquiries, the two inquiries are usually intertwined, and the relevant, dispositive inquiry, in determining whether a right is clearly established is whether it would be clear to a reasonable public official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202.

The qualified immunity analysis is deferential to the government official: "[a court] must look at the situation as a reasonable officer in [the defendant's] position could have perceived it." *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003). To determine whether qualified immunity applies, the court must consider the application of the right in the specific context in question. *Brewster v. Bd. of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998). In so doing, the court considers the "information possessed" by the state actor at the time of his or her conduct. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Ms. Granger is entitled to qualified immunity because there is no clearly established right and Ms. Granger reasonably believed that her conduct did not violate a clearly established right. Like the State of California, Ms. Granger believes that Plaintiff's conviction under California Penal Code § 242 meets the requirements of a MCDV.

A MCDV is "an offense that is a misdemeanor, has, as an element, the use of force and was committed by a person with the requisite relationship." *United States v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003). California Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another." Courts have held that whether a particular

10

misdemeanor crime rises to the level of an MCDV "does not turn on the actual conduct underlying the conviction, but on the elements of the state crime. . . ." *United States v. Griffith*, 455 F.3d 1339, 1341 (11th Cir. 2006). California's definition of battery specifically identifies violence and use of force as elements of the crime. Therefore, Ms. Granger reasonably believed California Penal Code § 242 includes the level of force required for a MCDV.

As further evidence of her reasonable belief, California Penal Code § 29805 provides that a person convicted of misdemeanor battery is prohibited from possessing a firearm for 10 years. Other misdemeanor offenses that carry the same 10-year firearm prohibition include: Intimidating a witness with a deadly weapon (Cal. Pen. Code § 136.5); resisting a peace officer (Cal. Pen. Code § 148(d)); assault (Cal. Pen. Code § 240); sexual battery (Cal. Pen. Code § 243.4); assault with a deadly weapon (Cal. Pen. Code § 245); corporal injury on a spouse (Cal. Pen. Code § 273.5); and criminal threats (Cal. Pen. Code § 422). The 10-year ban clearly applies to crimes involving violence or use of force. With regard to California Penal Code § 242, the California First Appellate District Court of Appeal, in *People v. Delacy*, 122 Cal. Rptr. 3d 216, 224 (2011), stated that the crime of battery "presents a threat to public safety" and should not be characterized as a nonviolent offense.

The battery was on Plaintiff's spouse. The plain language of California Penal Code § 242 requires a finding of "force" or "violence." As a result, Plaintiff's California Penal Code § 242 conviction meets the definition of a MCDV and he is prohibited from possessing firearms. 18 U.S.C. § 992(g)(9).

At the time the alleged improper search and seizure took place, the Tulare County Superior Court had not ruled on Plaintiff's writ petition. (Compl. 4:4-7; 22-23). Therefore, Plaintiff had no clearly established right to purchase or possess firearms. It was reasonable for Ms. Granger to believe that Plaintiff had no right to purchase or possess firearms. Thus, Ms. Granger is entitled to qualified immunity.

Whether absolute or qualified immunity attaches to Ms. Granger's actions is another example of the deficiency in the pleadings. "Rule 8(a) requires the parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from

11

a bucket of mud." *United States ex re. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Nonetheless, there can be no doubt that Ms. Granger is immune from liability.

Plaintiff does not allege that Ms. Granger obtained the search warrant. Rather, Plaintiff argues that Ms. Granger had an obligation to inform the agents who obtained the search warrant that Plaintiff was disputing his MCDV status. Ms. Granger, as a Deputy Attorney General providing information for a search warrant, is entitled to absolute immunity. *Burns*, 500 U.S. 478. In addition, it was reasonable for her to believe that Plaintiff's conviction under California Penal Code § 242 is a MCDV. At the time Ms. Granger informed the Bureau of Firearms agents that Plaintiff possessed firearms, there was no determination that Plaintiff's conviction did not meet MCDV requirements because the writ proceeding was pending. As a result, Ms. Granger is entitled to qualified immunity.

## VI. CONCLUSION

This action should be dismissed. The Complaint fails to state a § 1983 claim against Ms. Granger and she is entitled to immunity. As a result, Defendant Kimberly Granger respectfully requests that the Court dismiss this action with prejudice.

Dated: August 29, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

SA2013309877
31769523.doc

12