Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES, <br><br>    Plaintiff, <br> v. <br><br> KIMBERLY GRANGER, an individual, <br><br>    Defendant. | CASE NO.: 1:13-cv-00983 <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]** <br><br> **DEMAND FOR JURY TRIAL** |

1. Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the United States Constitution and the First, Third, Fourth, Fifth, and Sixth Amendments to it, were violated by Defendant Kimberly Granger when she directed agents and, by withholding information from those agents, caused them to deny him counsel during an in-custody interrogation, to withhold information from the Court in procuring a search warrant, to threaten to destroy his real and personal property if he did not answer questions during an in-custody interrogation after having been denied the benefit of counsel, and causing criminal charges no reasonable state attorney would have believed to be sustainable to be filed against him, in retaliation for having brought suit in mandamus against the

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

Attorney General of the State of California (State) to secure his rights, and denied him his rights of equal protection before the law.

2. While divided into sections and subsections, this Amended Complaint is to be read as a whole. Each part incorporates each other part unless otherwise noted.

## I.

## THE PARTIES

3. Plaintiff, Scott R. James (Mr. James), is and at all times relevant to this Amended Complaint was a U.S. Citizen domiciled in County of Tulare, State of California.

4. Defendant, Kimberly Granger (Ms. Granger), is and at all times relevant to this Amended Complaint was an attorney licensed by the Supreme Court and employed by the Attorney General of the State of California.

5. It is unknown at this time if others undertook actions under color of state law to violate Mr. James' civil rights or were duped by Ms. Granger's actions. Should other defendants come to light, Mr. James will seek leave of Court to add that person or those persons as defendants.

## II.

## JURISDICTION AND VENUE

6. The action arises under 42 U.S.C. section 1983. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in Tulare County, which is in this District.

## III.

## FACTS OF THE CASE

7. Mr. James brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms in February 2011. The case arose because Mr. James pleaded no contest in 1996 to a misdemeanor violation of California Penal Code section 242. No copy of the complaint against

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

him, his answer, or a record of factual findings made by the Court appear in the Court's records. His conviction was expunged under California Penal Code § 1203.4 in 2008.

8. After ten years passed from his conviction by plea of no contest, Mr. James sought to purchase a firearm. He passed his background check and bought it. He was eventually issued a concealed carry permit, again passing his background check.

9. In 2008, he was denied the purchase of a firearm and was informed, for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence. Mr. James could not understand why his status had changed. Mr. James engaged in written informal appeals through counsel with the federal and state governments hoping to clear up the misunderstanding regarding his prior conviction and, at one point, believed the matter must have been cleared and tried to purchase a gun again but was again denied. The governmental agencies would not budge, and Mr. James filed the mandamus action.

10. Ms. Granger represented the State in that action. This Amended Complaint is not based on any actions Ms. Granger undertook in her defense of the State in that action; rather it is based on actions she undertook outside of that defense to gain unlawful and unconstitutional advantage in the mandamus action, and for other unknown reasons of personal animus, by misuse of her State authority by causing another action to be brought against and maintained against Mr. James.

11. As part of the mandamus action, Mr. James was deposed by Ms. Granger on July 25, 2011. During questioning, Mr. James was asked if he possessed any firearms at his home. He responded affirmatively. The legality of his doing so was the very question to be answered by the action brought in mandamus.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1      12. Over the next couple of days, Ms. Granger contacted agents for the State Bureau of Firearms and informed them that Mr. James was in possession of firearms despite having been convicted of a misdemeanor crime of domestic violence. Ms. Granger did not inform the agents that he had brought a petition in mandamus for a determination of whether his possession of those firearms was lawful. The agents, in turn, did not inform the Court of that fact. The search warrant was issued.

    13. Mr. James had filed a motion for summary judgment in the mandamus action. The search was done a week before the State's opposition to Mr. James' summary judgment was due to be filed in October 2011 – about two months had passed since the search warrant had been signed by the Court. Ms. Granger was on scene to direct the search.

    14. State agents, acting on the advice of Ms. Granger, did the search of Mr. James' home. Ms. Granger was present for the entire search. During this time, Ms. Granger commanded agents where to search and when. In Ms. Granger's presence, agents arrested Mr. James and questioned him after having refused to allow Mr. James' lawyer to escort him inside the home so Mr. James could be represented by counsel during that questioning. After denying Mr. James legal representation by an attorney, agents, acting on the advice of Ms. Granger, threatened to use explosives on a safe in the middle of his home if he did not answer questions. Mr. James, frightened, tearful, and denied counsel, gave the agents, within Ms. Granger's earshot and at her direction, the combination to the safe. Firearms were located in the safe and confiscated. Mr. James was charged with violation of California Penal Code section 12280(b) in Tulare County Superior Court, Case no. VCF260879. Ms. Granger was not the prosecutor of that action.

    15. On or about February 3, 2012, the Tulare County Superior Court issued an order in the mandamus case declaring that Ms. Granger's contention

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    that Mr. James had been convicted of a misdemeanor crime of domestic violence
2    was based on an argument of law so outside the realm of reasonableness and logic
3    that, were the Court to agree, it would violate its oath of office.  This argument by
4    Ms. Granger was offered as though it was the current state of the law rather than
5    a novel interpretation of it.  The State appealed that decision; the case has been
6    briefed but that appeal is still pending before the Fifth District Court of Appeals
7    for the State of California, case no. F065003, [case under submission].

8        16.    A hearing on a motion to suppress evidence in the criminal case was
9    held before the Hon. Joseph Kalashian on February 8, 2013, after which the
10   charges were dropped and the case dismissed.  During questioning, it was
11   revealed that if the State comes to learn that a person not currently under
12   investigation for some other crime or otherwise dangerous may own or possess
13   guns in violation of federal law prohibiting them because of a potential prior
14   conviction of a misdemeanor crime of domestic violence, the State notifies them by
15   letter and asks to have the weapons stored by a licensed third party or the police,
16   pending a determination of the person's status.  No letter was delivered to Mr.
17   James, and no oral request was made to him or to his counsel, despite his
18   cooperative admission of gun possession in a lawsuit in which he sought to
19   address the question of whether he was allowed to own them.

## IV.

## CLAIMS FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

23       17.    Ms. Granger acted under color of state law by using her office to
24   advise state agents that Mr. James had been convicted of a misdemeanor crime of
25   domestic violence, legal advice no reasonable officer of the Court could have
26   believed, as such an interpretation of the law would require such officers to violate
27   their oaths of office.

28       18.    Ms. Granger also knew that her interpretation of the law could not

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

withstand rational consideration and therefore withheld information she knew a reasonable agent would include in a petition or otherwise consider important in his or her own evaluation of whether to request a search warrant in order to ensure the warrant would be requested and issued and Mr. James arrested. Ms. Granger knew Mr. James would be arrested because he had already testified that he had guns – and had already purchased at least one gun with the State's full knowledge – but withheld the information to which agents testified would be considerations in their decision to seek or not seek a warrant. Ms. Granger advised officers to arrest and question him after having refused to allow Mr. James to be accompanied by his attorney.

19. Ms. Granger further acted under color of state law by advising agents during the search of Mr. James' home. During the search, her demeanor became increasingly agitated as agents found nothing except the very firearms about which Mr. James had filed a civil suit.

20. Ms. Granger was able to undertake this misuse of power because she was clothed with the authority of state law; so clothed by way of her employment as an attorney with the state Attorney General's office.

21. Ms. Granger undertook these actions under color of state law in order to intimidate and publicly vilify Mr. James in retaliation for having done no more than seek redress in the Courts for a declaration of his rights under the Second Amendment to the United States Constitution and several statutes. State practice in such circumstances involved a letter asking for cooperative relinquishment of firearms pending the determination. Mr. James' willingness to be cooperative was patent: he had brought suit in which his purchase of a firearm was alleged in the petition; he had testified under oath he had guns. Instead, Ms. Granger withheld information from state agents and gave legal advice to them that Mr. James had been convicted of a misdemeanor crime of domestic violence, advice no reasonable attorney for the state Attorney General could believe was

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  true or, in the alternative, was deliberately indifferent to the constitutional
2  violation that occurred.

3      22.    Mr. James is a member of a class of one, treated differently than
4  others without basis other than his exercise of constitutional rights, including but
5  not limited to the right to keep and bear arms and the right to redress in the
6  courts.  This unequal treatment was intentional and executed by design through
7  Ms. Granger's advice and participation in treatment she knew to be unequal and
8  based on Mr. James' exercise of rights.

9      23.    Ms. Granger violated Mr. James' rights to redress, counsel, and to be
10 free of unreasonable search and seizure and ex post facto laws guaranteed by the
11 United States Constitution.

12     24.    Mr. James has suffered general and special damages including but
13 not limited to, costs and fees for defense of the criminal matter, lost wages/profits,
14 constitutional deprivations, interference with business relations, sleepless nights,
15 ignominy, and humiliation, all in an amount to be proven and found at trial.

## V.

## PRAYER

WHEREFORE, Scott R. James prays for judgment against the Defendant and an award:

1. For general and special damages;
2. For actual and consequential damages;
3. For compensatory damages;
4. For attorney fees [under the Civil Rights Act];
5. For punitive damages;
6. For costs of suit; and

///
///
///

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

7.    For whatever other relief the Court deems proper.

Dated: September 20, 2013        DOOLEY, HERR, PEDERSEN
                                 & BERGLUND BAILEY

                                 By: /s/ Leonard C. Herr
                                     LEONARD C. HERR
                                     Attorneys for Plaintiff
                                     SCOTT R. JAMES

**JURY DEMAND**

Plaintiff, SCOTT R. JAMES, demands trial by jury.

Dated: September 20, 2013        DOOLEY, HERR, PEDERSEN
                                 & BERGLUND BAILEY

                                 By: /s/ Leonard C. Herr
                                     LEONARD C. HERR
                                     Attorneys for Plaintiff
                                     SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Kimberly Granger, et al\Pleadings\First Amended Complaint.doc

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**