KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-8216
  Fax: (916) 322-8288
  E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>                    Plaintiff,<br><br>v.<br><br>KIMBERLY GRANGER,<br><br>                    Defendant. | 1:13-CV-0983 AWI SKO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 8(a)(2), 12(b)(6)]<br><br>Date:         October 28, 2013<br>Time:         1:30 p.m.<br>Courtroom: 2 (8th Floor)<br>Judge:        Anthony W. Ishii (AWI)<br>Trial Date:  TBD<br>Action Filed: June 26, 2013 |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on October 28, 2013, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 the above-entitled court, located at 2500 Tulare Street, Eighth Floor, Fresno, California, Defendant Kimberly Granger will move the Court for an order dismissing the action with prejudice. Ms. Granger brings this motion pursuant to Federal Rules of Civil Procedure 8(a)(2) because the First Amended Complaint fails to allege facts sufficient to

1

support an equal protection claim against Ms. Granger. Additionally, Ms. Granger moves for dismissal under Federal Rules of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. Plaintiff cannot maintain his 42 U.S. C. § 1983 claim because he cannot establish a class of one claim and Ms. Granger is entitled to immunity.

This motion is based on this notice of motion, the attached memorandum of points and authorities, all matters of which this Court must or may take judicial notice, and all pleadings and records on file in this action and on such further authority, evidence, or argument as may be presented at or before the hearing on this motion.

Dated: September 26, 2013                              Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General


*s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

# MEMORANDUM OF POINTS AND AUTHORITIES IN
# SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## I. INTRODUCTION

This lawsuit arises out of Plaintiff's interactions with Deputy Attorney General Kimberly Granger in state court proceedings. Ms. Granger represented the State of California/Office of the Attorney General in a petition for writ of mandate filed by Plaintiff in the Tulare County Superior Court, Case No. VCN 24117. The petition was based on Plaintiff's prohibition from purchasing or possessing firearms.

After a domestic violence arrest involving his wife, Plaintiff pled no contest to misdemeanor violation of California Penal Code § 242 (battery). Under California law, Plaintiff is prohibited from owning or possessing a firearm for 10 years after the conviction. Cal. Pen. Code § 29850. Federal law, however, places a life-time ban on anyone convicted of misdemeanor crimes of domestic violence (MCDV). 18 U.S.C. § 992(g)(9).

Following Plaintiff's admission that he possessed firearms, a search was conducted of Plaintiff's residence. During the search, agents found one unregistered assault weapon, fourteen rifles, eight shotguns, seven handguns, twenty-nine handgun and rifle magazines and four thousand thirty-three rounds of various caliber ammunition. Plaintiff was arrested and charged with violation of California Penal Code § 12280(b) (unlawful possession of assault weapon).

It is the position of the State of California/Office of the Attorney General that Plaintiff cannot purchase or possess firearms pursuant to 18 U.S.C. § 992(g)(9) based on his California Penal Code § 242 conviction. Plaintiff disagreed with this position and filed a petition for writ of mandate. The trial court agreed with plaintiff. But on September 24, 2013, the Fifth District Court of Appeal reversed the decision finding Plaintiff's battery conviction is a MCDV. (Request for Judicial Notice No. 1 at p. 9). Consequently, Plaintiff cannot own, purchase or possess firearms.

Plaintiff brings a single cause of action for alleged violation 42 U.S.C. § 1983. Plaintiff claims denial of equal protection premised on a class of one argument. In sum, Plaintiff contends that he has a constitutional right to own and purchase firearms and singling him out for the search

3

and seizure of his firearms violated his equal protection rights. Plaintiff is incorrect. His MCDV prohibits owning or possessing firearms. There are no allegations to support a § 1983 claim against Ms. Granger and she is entitled to immunity. As a result, the First Amended Complaint should be dismissed.

## II. ALLEGATIONS

Plaintiff pled no contest to misdemeanor violation of California Penal Code § 242. (First Amended Complaint hereinafter "FAC" ¶ 7). In 2008, Plaintiff attempted to purchase of a firearm. (FAC ¶ 9). Plaintiff was denied the purchase because of his MCDV. (FAC ¶ 9). Thereafter, Plaintiff filed a mandamus action. (FAC ¶¶ 7, 9). Ms. Granger represented the State of California/Office of the Attorney General in the mandamus action. (FAC ¶ 10). During Plaintiff's deposition in the mandamus action, Plaintiff admitted that he possessed firearms at his home. (FAC ¶11). Plaintiff claims Ms. Granger advised the Bureau of Firearms that Plaintiff was in possession of firearms. (FAC ¶12). A search warrant was issued for Plaintiff's home. (FAC ¶ 12).

Ms. Granger was present during the search. (FAC ¶ 14). Agents arrested Plaintiff and questioned him, but refused to allow his counsel to be present during questioning. (FAC ¶ 14). Plaintiff gave the agents the combination to his gun safe where additional firearms were located. (FAC ¶ 14). Plaintiff's firearms were confiscated and Plaintiff was charged with violation of California Penal Code § 12280(b). (FAC ¶ 14). The criminal action was dismissed on February 8, 2013. (FAC ¶16).

On February 3, 2012, the trial court granted Plaintiff's requested relief. (FAC ¶ 15). But on September 24, 2013, the Fifth Appellate District Court reversed the trial court's decision and held that Plaintiff's battery conviction is a MCDV. (Request for Judicial Notice No. 1).

Plaintiff alleges a single cause of action for violation of 42 U.S.C. § 1983. (FAC p. 5). Plaintiff claims he "is a member of a class of one, treated differently than others without basis other than his exercise of constitutional rights, including but not limited to the right to keep and bear arms and the right to redress in the courts." (FAC ¶ 22).

///

### III. HISTORY OF GUN CONTROL

The Gun Control Act of 1968 was enacted to "keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background or incompetency." *Barrett v. United States,* 423 U.S. 212, 220 (1976). In 1996, Congress passed the Lautenberg Amendment to the Gun Control Act of 1968. The amendment extends the prohibition to include any person "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 992(g)(9). According to Senator Lautenberg, the amendment "would establish a policy of zero tolerance when it comes to guns and domestic violence." 142 Cong. Rec. S10377 (daily ed. Sept. 12, 1996) (statements of Sen. Lautenberg). The Lautenberg Amendment provides:

> It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9).

A misdemeanor crime of domestic violence (MCDV) is defined as follows:

> [A]n offense that . . . is a misdemeanor under Federal, State, or Tribal law; and . . . has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921 (a)(33)(A)(ii).

### IV. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. *Alonzo v. AFC Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981). To survive a motion to dismiss for failure to state a claim, the plaintiff must provide enough facts to state a claim for relief that is plausible on its face. *Bell Atl. v. Twombly,* 550 U.S. 544 (2007). The statement must include enough facts to suggest a right to relief. *Id.* at 555. Thus, the statement must have "enough heft to show that the pleader is entitled to relief" and must "raise a right to relief above a speculative level." *Id.* at 555, 557.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that more specificity is required for pleading cognizable causes of action sufficient to withstand motions to dismiss. The Court held that a pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678. Further, a complaint is insufficient if it alleges "naked assertion[s]" devoid of "further factual enhancement." *Id.* Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* A complaint which pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement' to relief ..." *Id.* When the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has not shown that the "pleader is entitled to relief." *Id.*

Mere conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). When it is clear that the deficiencies in a complaint cannot be cured, then the court need not provide an opportunity to amend. *Cook Perkiss & Liehe, Inc. v. N. Cal. Collection Servs., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## V. DISMISSAL IS PROPER

Dismissal is proper because the First Amended Complaint fails to meet pleading requirements under Federal Rules of Civil Procedure Rule 8(a)(2) as explained in *Iqbal* and *Twombly*. As a matter of law, it is insufficient to offer legal conclusions with no factual allegations supporting the conclusions. *Iqbal*, 556 U.S. at 679-680. Even if the First Amended Complaint survives scrutiny under *Iqbal* and *Twombly*, it should be dismissed with prejudice because Ms. Granger is immune from liability.

/ / /

/ / /

### A. The First Amended Complaint Lacks Factual Allegations Supporting a Claim.

"While legal conclusions can provide the frame-work for a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. At a minimum, a plaintiff must provide sufficient factual matter to state a claim that is plausible of its face. *Id.* at 678.

42 U.S.C. § 1983 does not create any substantive rights, but merely provides a remedy for plaintiffs who have been deprived rights, privileges or immunities under the Constitution or laws of the United States. *See Canell v. Oregon Dept. of Justice*, 811 F. Sup. 546 (D. Or. 1993). As a result, Plaintiff must allege facts identifying the basis for his § 1983 claim. According to the First Amended Complaint, Plaintiff "is a member of a class of one, treated differently than others without basis other than his exercise of constitutional rights, including but not limited to the right to keep and bear arms and the right to redress in the courts." (FAC ¶ 22).

"In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). There are no allegations with facts showing that Plaintiff was treated differently from others similarly situated. *See Texeira v. County of Alameda*, 2013 U.S. Dist. LEXIS 128435 *37 (N.D. Cal. September 9, 2013). Plaintiff simply offers "labels and conclusions" as to his class of one status. This is insufficient as a matter of law. *Iqbal*, 556 U.S. at 679.

Anyone convicted of a MCDV is prohibited from owning or possessing firearms. 18 U.S.C. § 992(g)(9). Plaintiff admits he pled guilty to battery under California Penal Code § 242. (FAC ¶ 7). The Fifth Appellate District Court held that Plaintiff's battery conviction is a MCDV. (Request for Judicial Notice No. 1 at p. 9). As a result, Plaintiff was not singled out for disparate treatment.

For the purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. It is insufficient to simply claim that Plaintiff is a class of one without any factual allegations establishing how he was treated differently from others similarly situated, i.e. persons convicted of violation of California

7

Penal Code § 242. Because the First Amended Complaint fails to allege facts supporting a class of one equal protection claim dismissal is proper.

### B. Ms. Granger is Immune From Liability.

Even if First Amended Complaint survives scrutiny under *Iqbal* and *Twombly*, Ms. Granger is entitled to immunity. Both qualified and absolute immunity attach to Ms. Granger's actions and the First Amended Complaint should be dismissed with prejudice.

#### 1. Absolute Immunity.

Plaintiff acknowledges that Ms. Granger was not the prosecuting attorney in the criminal matter following the search and seizure of his firearms. (FAC ¶ 14). However, Plaintiff contends that Ms. Granger was involved in her state attorney capacity when the search warrant was applied for, issued and the search and seizure took place. (FAC ¶¶ 12, 14, 17, 19, 20).

Prosecutors are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's cause insofar as that conduct is intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This absolute immunity extends to actions preliminary to the initiation of a prosecution and actions outside of a courtroom, including preparing for and initiating judicial proceedings or for trial. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993).

Absolute immunity extends to all functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003). Absolute immunity attaches where the actions are "characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984). In fact, the Supreme Court has held that absolute immunity applies even when a prosecutor presents misleading evidence to support an application for search warrant or where the prosecutor withholds exculpatory evidence. *Burns*, 500 U.S. 478; *Imbler*, 424 U.S. 409.

The nature of the official conduct challenged determines whether the immunity applies. *Souza v. County of Merced*, 2007 U.S. Dist. LEXIS 45256, *7-8 (E.D. Cal. 2007). "If we determine that the conduct is within the scope of [defendants'] authority and is quasi-judicial in

8

nature, our inquiry ceases since the conduct would fall within the sphere of absolute immunity." *Id.* at *7.

Ms. Granger is entitled to absolute immunity. Her actions were part of the judicial process. Plaintiff admits that Ms. Granger was acting in her state attorney capacity when she provided information which resulted in criminal proceedings. (FAC ¶¶ 14, 19, 20). According to the First Amended Complaint, Ms. Granger provided information to Bureau of Firearms agents regarding Plaintiff's possession of firearms. (FAC ¶ 12). This information resulted in a search warrant. (FAC ¶ 12). Even if Ms. Granger withheld information from the agents or provided misleading information for the search warrant, her actions are entitled to absolute immunity. *See Burns*, 500 U.S. 478; *Imbler*, 424 U.S. 409.

**2. Qualified Immunity.**

Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A two-step process exists for determining qualified immunity claims: 1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right that a reasonable person would have known, and 2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223 (2009).

If the court concludes a right is not clearly established, the official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). If a right is clearly established, an official is not entitled to qualified immunity unless a reasonable official would not have known that his conduct violated the clearly established right. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

If the state actor could have reasonably, albeit mistakenly, believed that his conduct did not violate a clearly established constitutional right, then the action will receive qualified immunity. *Saucier*, 533 U.S. at 205-06, *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). While different conclusions can be reached on the clearly established and reasonableness inquiries, the two inquiries are usually intertwined, and the relevant, dispositive inquiry, in

9

determining whether a right is clearly established is whether it would be clear to a reasonable public official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202.

The qualified immunity analysis is deferential to the government official: "[a court] must look at the situation as a reasonable officer in [the defendant's] position could have perceived it." *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003). To determine whether qualified immunity applies, the court must consider the application of the right in the specific context in question. *Brewster v. Bd. of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998). In so doing, the court considers the "information possessed" by the state actor at the time of his or her conduct. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

Ms. Granger is entitled to qualified immunity. Plaintiff has no right to own, purchase or possess firearms. 18 U.S.C. § 992(g)(9). Ms. Granger reasonably believed that her conduct did not violate a clearly established right.

The State of California/Office of the Attorney General believes that a battery conviction under California Penal Code § 242 is a MCDV. The Fifth District Court of Appeal agreed. In fact, the Fifth District Court of Appeal held that Plaintiff's battery conviction under California Penal Code § 242 is a MCDV. (Request for Judicial Notice No. 1 at p. 9). As a result, Ms. Granger's actions were reasonable and did not violate a clearly established right.

A MCDV is "an offense that is a misdemeanor, has, as an element, the use of force and was committed by a person with the requisite relationship." *United States v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003). California Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another."

Courts have held that whether a particular misdemeanor crime rises to the level of a MCDV "does not turn on the actual conduct underlying the conviction, but on the elements of the state crime. . . ." *United States v. Griffith*, 455 F.3d 1339, 1341 (11th Cir. 2006). California's definition of battery specifically identifies violence and use of force as elements of the crime. Cal. Penal Code § 242. In this case, it was determined by the Fifth Appellate District Court that Plaintiff's conviction for violation of California Penal Code § 242 is a MCDV. (Request for

10

Judicial Notice No. 1 at p. 9.) Accordingly, Ms. Granger was not only reasonable in her belief that Plaintiff was prohibited from owing and possessing firearms, but legally correct according to a state appellate court.

There can be no doubt that Ms. Granger is immune from liability. Plaintiff does not allege that Ms. Granger obtained the search warrant. Rather, Plaintiff argues that Ms. Granger had an obligation to inform the agents who obtained the search warrant that Plaintiff was disputing his MCDV status. Ms. Granger, as a Deputy Attorney General providing information for a search warrant, is entitled to absolute immunity. *Burns*, 500 U.S. 478. In addition, it was reasonable (and ultimately legally correct) for her to believe that Plaintiff's conviction under California Penal Code § 242 is a MCDV. As a result, Ms. Granger is entitled to qualified immunity.

## VI. CONCLUSION

This action should be dismissed with prejudice. The First Amended Complaint fails to state a § 1983 claim against Ms. Granger and she is entitled to immunity. As a result, Defendant Kimberly Granger respectfully requests that the Court dismiss this action with prejudice.

Dated: September 26, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

SA2013309877
31790923.doc