Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>    Plaintiff,<br><br>  v.<br><br>KIMBERLY GRANGER, an individual,<br><br>    Defendant. | CASE NO.: 1:13-cv-00983<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Date:**     **October 28, 2013**<br>**Time:**     **1:30 p.m.**<br>**Courtroom:**  **2**<br><br>**Action Filed: June 26, 2013** |

Kimberly Granger is not being sued because she defended her clients, the State of California and its Attorney General, in a lawsuit. Nor is she being sued as a prosecutor; the complaint does not allege that she was the prosecutor in Scott James' criminal case. She wasn't. She is being sued because she used her office to violate Scott James' civil rights separate and apart from the civil case she was defending, and did so for retributive effect for having sued the state. The motion to dismiss should be denied or, in the alternative, leave to amend the complaint should be granted.

///

///

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**I.**

**The factual allegations support an equal protection claim, a claim for violation of the right to be free from unreasonable search, seizure, and arrest, and a claim for retributive state conduct for having sought redress**

The first amended complaint, referred to in this brief as the Complaint, alleges that Ms. Granger was acting under color of state law as a civil attorney for the Attorney General of the State of California. It alleges she was defending a civil suit brought against the State of California and the state Attorney General by Mr. James. It alleges that she used that position to advise law enforcement officers in the search of his home and that she withheld information from the law enforcement officer [or agent] who actually sought the search warrant from a judicial officer. The Complaint further alleges she advised the officers not to follow ordinary procedures by advising criminal prosecution while withholding the information she knew: he was pursuing an action in *mandamus* to determine whether he had a right to possess [and/or own] the weapons he owned or possessed.

Over fifty years ago, the United States Supreme Court noted that one reason Congress passed Section 1983, "was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance, or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies." *Monroe v. Pape*, 365 U.S. 167, 180 (1961). Mr. James enjoyed the right to seek redress. Defendant did not like him exercising that right. Mr. James was targeted by Ms. Granger, who used and abused her office to target him, for having done so.

Mr. James is a member of a class of one which, for equal protection purposes, can be one or many. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, unnumbered footnote (2000). The class of one theory is established for pleading purpose upon allegations that the plaintiff has been intentionally treated

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

differently from others similarly situated and that there is no rational basis for the different treatment.  *Id.* at 564.

This class of one is based on an allegation in the Complaint that Scott James [whose right to own or possess weapons was questioned by the Attorney General] was treated differently [by being made the subject of a criminal prosecution] from others similarly situated [i.e., who were the recipients of a letter asking for any weapons to be turned over to the State or some other approved third party] for no rational basis other than his exercise of the right to redress and to petition.  While the state Attorney General ordinarily seeks to have a person whose right to own firearms is disputed voluntarily divest himself of those weapons until the question is resolved, Mr. James was intentionally treated differently because he had the temerity to sue the State and the misfortune to have Kimberly Granger chosen as opposing counsel.  The complaint alleges that Kimberly Granger targeted Scott James for enjoying his right to redress and to petition the government.  And, he was subject to unreasonable search and seizure and to unreasonable arrest and prosecution for it.  The State fails to offer anything that would indicate Ms. Granger's participation in a criminal prosecution.

Ms. Granger was part of the Attorney General's civil law division; she was not a prosecutor.  The agent with the Attorney General's office who sought the search warrant testified at a judicial hearing that information about the suit and whether or not a letter requesting voluntary divestiture had been sent would have been important to his decision whether or not to pursue a search warrant.  He also was unable to articulate a basis for deciding whether or not such a letter would be sent.  Further, despite Ms. Granger's protestations at the time of the search that she had nothing to do with the search or the prosecution, she exercised decision-making authority regarding whether or not the criminal investigation would be maintained or dropped, even though her office did not maintain the prosecution of the criminal complaint.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

These allegations indicate that Ms. Granger maintained an arm's distance from any role as a prosecutor; but, actively used her position, clothed with the authority of the State, to violate Scott James' right to be free from unreasonable search, seizure, and arrest, and that he was targeted for governmental retribution for having exercised his right to redress and petition the government. In other words, Kimberly Granger used her governmental office – which was not that of a prosecutor – to ensure a criminal prosecution of Scott James, and did so in retaliation for Mr. James having sued the government.[1]

## II.

**The FAC alleges that Ms. Granger's misconduct occurred in the course of a criminal investigation, not a judicial proceeding – her own case law precludes absolute immunity**

The Complaint alleges no facts that would lead to the conclusion that Ms. Granger or her office participated in the prosecution of Scott James. The criminal complaint was filed by the District Attorney for the County of Tulare. (Please see the Criminal Complaint, attached to Mr. James' Requests for Judicial Notice as Exhibit "A.") Neither her name nor her office appeared on the petition for a search warrant. (Please see the search warrant, attached to Mr. James' Requests for Judicial Notice as Exhibit "B.") She does not appear to have had any role in those judicial proceedings.

Now she claims she was a prosecutor, entitled to the full scope of immunities enjoyed by a prosecutor. Ms. Granger points to *Burns v. Reed* to support her contention that prosecutors are absolutely immune for acts undertaken in judicial proceedings, but that case confirms that the absolute immunity of a prosecutor requires that the attorney participate in the judicial proceedings of the criminal prosecution – and presumably that the so-called prosecutor have been involved with the prosecution. 500 U.S. 478, 491-492

---

[1] These allegations and others can be added on amendment if the Court determines that the motion should be granted.

LAW OFFICES
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

1. (1991). While her statement of the law is correct, its application here is a mystery. In *Burns*, the prosecutor's absolute immunity sprang from his having appeared before a judge to present evidence in support of a search warrant. The Supreme Court did consider that to be "intimately associated with the judicial phase of the criminal process." *Ibid.* But here, there are no facts to indicate such an intimate affiliation between the judicial process and Ms. Granger's conduct. She did not present evidence to the Court – an agent with the Department of Justice did. (See, Exhibit "B.") There is nothing in the complaint to indicate she appeared before the criminal court at any time, nor is there anything to indicate she – or her office for that matter – participated in the actual prosecution.

Ms. Granger's claim that she was a prosecutor in the criminal investigation and the criminal complaint that followed is not supported by the allegations of the complaint or any evidence properly before this Court. Her argument for absolute immunity is, at best, premature at the pleadings stage. The motion should be denied.

### III.

**Ms. Granger attempts to turn the original civil suit into the subject of this lawsuit to gain qualified immunity – that suit's only link to her misconduct was that it apparently prompted her to violate Mr. James' civil rights**

The complaint recognizes that Kimberly Granger defended the State of California and the Attorney General in a civil suit brought in *mandamus* by Mr. James; the allegations in the complaint also spell out the facts showing that her defense in the *mandamus* action is not the basis for this case. Rather this suit stems from her decision to abuse the authority vested in her under color of the law in advising officers in the course of a criminal investigation. Such advice is not the subject of absolute immunity – and qualified immunity is not available to those who knowingly violate the law. *Burns*, 500 U.S. at 496. That advice led to an abuse of Mr. James' rights. While that may lead to a finding of qualified immunity later, Ms. Granger must first establish facts to indicate that she was not

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

plainly incompetent or knowingly violating the law.  The complaint alleges that she knowingly advised the police to go after Scott James in retaliation – and that she did not do so as a prosecutor.  The complaint alleges that she was the defense attorney in a civil suit brought in *mandamus*.

The complaint alleges that the Attorney General asks gun owners whose right to own guns is in question to turn them over to the State or a third party until that status is definitively determined.  This is ordinarily done by letter.

Mr. James, who believed himself to be wrongfully denied gun ownership rights, sought relief in *mandamus*.  He truthfully testified at deposition that he had guns; he alleged that he had purchased guns in the petition for writ.  There was no obfuscation or attempt to hide any facts.  Instead of sending the letter or contacting him or his attorney to arrange for the transfer of his weapons to an appropriate party pending the final determination of his rights, Ms. Granger, under the color of law, advised officers to intimidate and humiliate Mr. James for having exercised his constitutional rights.  This led to unreasonable search and seizure, unreasonable arrest, and differential treatment based on Mr. James' membership in a class of one [or many].

This amounts to differential treatment against Mr. James based on his having exercised his rights to redress and to petition the government to vindicate his right to keep and bear arms.

The motion to dismiss should be denied.

## IV.

### The Fifth District Court of Appeal's decision in the earlier suit in *mandamus* is immaterial to this case

It is true that on September 24, 2013, the Fifth District Court of Appeal reversed the trial court's decision in the *mandamus* action, and Mr. James does not dispute that the decision is properly the subject of judicial notice; however, it may not be cited as authority.  That decision [as of the filing of this document] is

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-6-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

not yet final and is still subject to review by the California State Supreme Court.[2] While the Attorney General's office is to be commended for a spirited and successful argument at an intermediate appellate level, this suit has nothing to do with that one with the exception that Mr. James' exercise of his right to redress prompted the unconstitutional actions that served no purpose in the State's defense. Scott James' right to own or possess firearms had nothing to do with whether or not he owned or possessed any; the Complaint alleges that Ms. Granger used her office to punish Mr. James for his attempt at redress and that she did so in a manner that singled him [and perhaps others similarly-situated] out for disparate treatment. Ms. Granger presents no law, Constitutional or otherwise, calling for the vitiation of a person's civil rights because he sues the government.

Mr. James brought a suit in *mandamus*; regardless of whether he has won or lost it, and regardless of whether he ultimately wins or loses it, he enjoys constitutional rights. This lawsuit does not, and should not, re-try the issues brought in the *mandamus* action. The issues to be addressed here are whether Ms. Granger, separate and apart from her defense of her client in that civil action, used her office to violate Mr. James' civil rights under the color of law.

No facts have been alleged in the Complaint that would indicate qualified immunity, and the fact that Mr. James did not prevail on an appeal in that case does not relieve Ms. Granger of liability for violating Mr. James' constitutional rights; he enjoys the right to redress and to petition the government, but was targeted under the color of law for having done so. That targeting, initiated against a class of persons, led to unreasonable search, seizure, and arrest. Mr. James does not believe Ms. Granger is entitled to qualified immunity but, even if she is, the issue is prematurely brought.

---

[2] A petition for review will be filed for a number of reasons including the fact it is contrary to other appellate court decisions.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# V.

## Conclusion

Scott James is not suing Kimberly Granger for having defended her clients against his writ of mandamus. Neither is he suing Ms. Granger for having prosecuted him for a crime – indeed neither she nor her office prosecuted him. He is suing Kimberly Granger because she violated his civil rights by targeting him in a way the State chooses not to target others who are similarly situated, all because he sued the State. Civil rights violations by an attorney in the course of a criminal investigation are recognized as a basis for liability in a Supreme Court decision cited by Ms. Granger's own counsel – absolute immunity is only warranted where the violator is a prosecutor. She thus does not enjoy absolute immunity. Her suggestion of qualified immunity, which must be viewed from the totality of the facts, is best left for when the facts are actually known. The facts as alleged in the complaint warrant this case proceeding to answer. The motion should be denied or leave to amend should be granted.

Dated: October 15, 2013            DOOLEY, HERR, PEDERSEN
                                   & BERGLUND BAILEY, LLP

                                   By: /s/ Leonard C. Herr
                                       LEONARD C. HERR
                                       Attorneys for Plaintiff
                                       SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Kimberly Granger, et al\Motions\SECOND Motion to Dismiss\opposition to motion to dismiss.doc

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**