Kamala D. Harris, State Bar No. 146672
Attorney General of California
Alberto L. Gonzalez, State Bar No. 117605
Supervising Deputy Attorney General
Catherine Woodbridge Guess, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-8216
  Fax: (916) 322-8288
  E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Kimberly Granger*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **SCOTT R. JAMES,**<br><br>                       Plaintiff,<br><br>v.<br><br>**KIMBERLY GRANGER,**<br><br>                       Defendant. | 1:13-CV-0983 AWI SKO<br><br>**REPLY TO OPPOSITION TO MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 8(a)(2), 12(b)(6)]<br><br>Date: October 28, 2013<br>Time: 1:30 p.m.<br>Courtroom: 2 (8th Floor)<br>Judge: Anthony W. Ishii (AWI)<br>Trial Date: TBD<br>Action Filed: June 26, 2013 |

## I. INTRODUCTION

Plaintiff's opposition confirms that dismissal is proper. Plaintiff cannot establish a class of one equal protection violation and Ms. Granger is immune from liability.

Plaintiff was convicted of battery against his wife. Plaintiff's domestic violence conviction prohibits him from owning or possessing guns. 18 U.S.C. § 992(g)(9). Plaintiff admitted owning guns and based on his admission a search warrant issued. During the search, 30 guns and more

than four thousand rounds of ammunition were seized. Plaintiff was prosecuted for possession of an unregistered assault rifle.

Based on Plaintiff's domestic violence conviction and admission that he owned guns, Ms. Granger was reasonable in her belief that Plaintiff violated 18 U.S.C. § 992(g)(9). There is nothing unreasonable about Ms. Granger informing the Bureau of Firearms that Plaintiff admitted owning guns.

**II.   DISMISSAL IS PROPER**

The First Amended Complaint simply alleges that Plaintiff is a class of one treated differently from others based on his "right to keep and bear arms and the right to redress in the courts." First Amended Complaint ¶ 22. In his opposition, Plaintiff clarifies his class of one equal protection claim. According to the opposition, Plaintiff's class of one claim is premised on the assertion that Plaintiff was treated differently "from others similarly situation [i.e., who were the recipients of a letter asking for any weapons to be turned over to the State or some other approved third party]." Opposition 3:3-9. Assuming Plaintiff's class of one claim is based on different treatment from other people convicted of misdemeanor crimes of domestic violence, then there must be a rational basis for the government actions. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

   **A.   Rational Basis for Search, Seizure and Prosecution.**

The history of gun control establishes there is rational basis for the search, seizure and prosecution in this case. The Gun Control Act of 1968 was enacted to "keep firearms out of the hands of those not legally entitled to possess them because of age, criminal background or incompetency." *Barrett v. United States,* 423 U.S. 212, 220 (1976). Since its enactment, the Gun Control Act has been extended to prohibit any person "who has been convicted in any court of a misdemeanor crime of domestic violence" from owning or possessing a gun. 18 U.S.C. § 992(g)(9). Congress passed the Lautenberg Amendment of 1996 to prevent shooting deaths resulting from domestic violence incidents by expanding the general federal ban on gun possession by convicted felons to include individuals convicted of misdemeanors involving domestic violence. 18 U.S.C. § 922(g)(9). The purpose of the Lautenberg Amendment is to

2

"establish a policy of zero tolerance when it comes to guns and domestic violence." 142 Cong. Rec. S10377 (daily ed. Sept. 12, 1996) (statements of Sen. Lautenberg).

Plaintiff was convicted of domestic violence against his wife. He pled no contest to misdemeanor violation of California Penal Code § 242 (battery). Plaintiff admitted at deposition that he owned several guns. Plaintiff is exactly the type of individual the Lautenberg Amendment seeks to prohibit from possessing a gun.

Based on Plaintiff's admission to owning guns, a search warrant issued and during the search, the Bureau of Firearms found: one unregistered assault weapon, fourteen rifles, eight shotguns, seven handguns, twenty-nine handgun and rifle magazines and four thousand thirty-three rounds of various caliber ammunition. *See* Opposition Exhibit A. Because the purpose of the Lautenberg Amendment is to " establish a policy of zero tolerance when it comes to guns and domestic violence," there is a rational basis for searching and seizing guns from Plaintiff who was convicted of a misdemeanor crime of domestic violence (MCDV).  As a result, Plaintiff's equal protection claim fails and dismissal is proper.

**B.    Ms. Granger is Immune from Liability.**

Plaintiff argues the issue of immunity is premature. Opposition 5:13-15; 7:25-26. But the issue of immunity should be decided at the earliest possible time. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635 (1987); *Mitchell v. Forsyth*, 472 U.S. 511 (1985). The purpose of the qualified immunity defense is not only to protect the government official from liability but also from the costs that result from being required to defend a damages action. *Mitchell*, at 526. In fact, discovery should not be allowed until the threshold immunity question is resolved. *Harlow*, at 818.

Plaintiff admits that Ms. Granger was not the prosecuting attorney in the criminal action, but claims she "exercised decision-making authority regarding whether or not the criminal investigation would be maintained or dropped..." Opposition 3:26-28. To the extent that Plaintiff alleges Ms. Granger, as a Deputy Attorney General, played a role in bringing about the criminal action, she is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity attaches where the

3

actions are "characterized as 'investigative' or 'administrative.'" *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984).

In addition, Ms. Granger is entitled to qualified immunity for any role she had in the search warrant and resulting seizure. Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800. If the state actor could have reasonably, albeit mistakenly, believed that his conduct did not violate a clearly established constitutional right, then the action will receive qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 205-206 (2001); *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

Plaintiff alleges that Ms. Granger could not reasonably believe that Plaintiff's battery conviction was a misdemeanor crime of domestic violence (MCDV). First Amended Complaint ¶¶ 18, 21. Ms. Granger is entitled to qualified immunity because her belief that Plaintiff's battery conviction is a MCDV is reasonable. A MCDV is "an offense that is a misdemeanor, has, as an element, the use of force and was committed by a person with the requisite relationship." *United States v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003). California Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another."

In the state court mandamus action brought by Plaintiff, the State of California/Office of the Attorney General, through its attorney Ms. Granger, always maintained that Plaintiff's battery conviction under California Penal Code § 242 is a MCDV. This belief was upheld by the Fifth District Court of Appeal. *See* Defendant's Request for Judicial Notice No. 1 at p. 9.

Ms. Granger did not violate any clearly established statutory or constitutional right. When Plaintiff admitted during his deposition that he owned guns (First Amended Complaint ¶ 11), he admitted violating the law because Plaintiff is prohibited from owning or possessing guns. 18 U.S.C. § 992(g)(9). Ms. Granger was reasonable in her belief that Plaintiff was violating the law and it was reasonable to inform the Bureau of Firearms that Plaintiff admitted owning guns. Because Ms. Granger reasonably believed that her conduct did not violate a clearly established constitutional right, she is entitled to qualified immunity and dismissal is proper.

### III. AMENDMENT IS FUTILE

Leave to amend may be denied if amendment of the complaint would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). Here, Ms. Granger is entitled to immunity and amendment is futile. Absolute immunity bars Plaintiff's claims that Ms. Granger was responsible for the criminal investigation and eventual prosecution. *See Buckley v. Fitzsimmons*, 509 U.S. at 272-73; *Imbler v. Pachtman*, 424 U.S. at 431. Likewise, qualified immunity bars any claim against Ms. Granger arising out of her alleged involvement in the search warrant and eventual seizure of Plaintiff's guns. Ms. Granger did not violate any constitutional or statutory right and she reasonably believed that Plaintiff's battery conviction is a MCDV.

### IV. CONCLUSION

Plaintiff cannot allege a viable claim against Ms. Granger. As a result, Ms. Granger respectfully requests that the court dismiss this action with prejudice.

Dated: October 21, 2013  Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

SA2013309877
31811563.doc