KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Granger*

Leonard C. Herr, State Bar No. 081896
Ron Statler, State Bar No. 234177
Caren L. Curtiss, Certified Law Student
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Fax: (559) 636-9759

Attorneys for Plaintiff SCOTT R. JAMES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SCOTT R. JAMES,** | 1:13-CV-0983 AWI SKO |
| Plaintiff, | **JOINT SCHEDULING REPORT** |
| v. | Date: 1/7/14<br>Time: 10:00 A.M.<br>Courtroom: 7 |
| **KIMBERLY GRANGER,** | Judge: Magistrate Judge Sheila K. Oberto |
| Defendant. | Trial Date: None<br>Action Filed: June 26, 2013 |

**1.     Summary of Factual and Legal Contentions:**

This lawsuit arises out of Mr. James' interactions with Deputy Attorney General Kimberly Granger in state court proceedings. Ms. Granger represented the State of California/Office of the

1

Attorney General in a petition for writ of mandate filed by Mr. James in the Tulare County Superior Court, Case No. VCU241117.  The petition was based on Mr. James' prohibition from purchasing or possessing firearms.

In 1996, Mr. James pled no contest to misdemeanor violation of California Penal Code § 242 (battery).  Under California law, Mr. James is prohibited from owning or possessing a firearm for 10 years after the conviction. Cal. Pen. Code § 29850.  Federal law, however, places a life-time ban on anyone convicted of misdemeanor crimes of domestic violence (MCDV).  18 U.S.C. § 992(g)(9).

The legal issue addressed in the state court action was whether a Penal Code section 242 conviction that includes no finding of fact as to what constituted that violation can lead to a determination that he was convicted of a MCDV.[1]

During the state court proceeding, Mr. James admitted during deposition that he possessed firearms.  A search was conducted of Mr. James' residence.  During the search, agents found several firearms and ammunition.  Mr. James was arrested and charged with violation of California Penal Code § 12280(b) (unlawful possession of assault weapon).

Mr. James brings a single cause of action for violation 42 U.S.C. § 1983.  Mr. James claims denial of equal protection premised on a class of one argument.  Mr. James contends that he has a constitutional right to own and purchase firearms and singling him out for the search and seizure of his firearms violated his equal protection rights.  Mr. James claims Ms. Granger was responsible for the improper search and seizure and resulting criminal action.

It is the position of the State of California and Ms. Granger that Mr. James' battery conviction, which was against his then-wife, is a MCDV which prohibits him from owning or possessing firearms.  Ms. Granger notified her client, the Department of Firearms, about Mr. James' admission that he owns firearms.  A search of Mr. James' home found one unregistered assault weapon, fourteen rifles, eight shotguns, seven handguns, twenty-nine handgun and rifle

---

[1] The state court ultimately found that Mr. James' conviction did not constitute a MCDV. This decision was overturned by a divided panel of the Fifth District Court of Appeal.  A petition for review has been filed with the California Supreme Court and is currently pending.

magazines and four thousand thirty-three rounds of various caliber ammunition. Mr. James was arrested and charged with violation of California Penal Code § 12280(b) (unlawful possession of assault weapon). Ms. Granger contends there are no allegations to support a § 1983 claim against her and she is entitled to immunity. To the extent Mr. James alleges Ms. Granger was responsible or played any part in obtaining a search warrant for his residence, she is entitled to absolute immunity based on her prosecutorial status. *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003); *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984). Additionally, Ms. Granger is entitled to qualified immunity. Mr. James has no right to own, purchase or possess firearms. 18 U.S.C. § 992(g)(9). Ms. Granger reasonably believed that her conduct did not violate a clearly established right. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

**2. Proposed Amendments to Pleadings:**

The parties are waiting for ruling on Defendant's Motion to Dismiss First Amended Complaint. Amendment will depend on the outcome of the ruling.

**3. Proposed Deadline for Amendments:**

Twenty days after the Order on Motion to Dismiss should leave to amend be granted.

**4. Summary of Contested Facts:**

Whether Ms. Granger was acting as a Deputy Attorney General during the search of Mr. James' home by the Department of Firearms.

Whether Ms. Granger was acting in a prosecutorial capacity during the search warrant for Mr. James' residence was issued.

Whether Ms. Granger was involved in obtaining the search warrant for Mr. James' residence.

Whether Ms. Granger directed any actions to seize Mr. James' firearms.

Whether Ms. Granger directed the alleged denial of an attorney for Mr. James during the search and seizure.

Whether Ms. Granger caused Mr. James' alleged injuries and damages.

**5.   Summary of Legal Issues in Dispute:**

Whether Mr. James' battery conviction falls under 18 U.S.C. § 992(g)(9).

Whether Mr. James' battery conviction falls under 18 U.S.C. § 992(g)(9) is properly before this court for adjudication.

Whether Mr. James is able to lawfully own and possess firearms.

Whether the issue of Mr. James' ability to lawfully own and possess firearms is properly before this court for adjudication.

Whether Mr. James can be considered a class of one for due process purposes.

Whether Ms. Granger violated Mr. James' rights pursuant to §1983.

Whether Ms. Granger caused any alleged injuries or damages to Mr. James.

**6.   Status of Matters Before the Court:**

Defendant's Motion to Dismiss First Amended Complaint of October 28, 2013, was taken under submission without oral argument. No ruling has issued.

**7.   Discovery Plan:**

(a)   Initial disclosures pursuant to Fed.R.Civ. P. 26(a)(1) due February 3, 2014.

(b)   Non-expert discovery cut-off September 8, 2014.

(c)   Disclosure of expert witnesses pursuant to Fed.R.Civ. P. 26(a)(2) October 8, 2014.

(d)   Expert witness discovery cut-off December 8, 2014.

(e)   No proposed changes in the limits of discovery pursuant to Fed. R.Civ. P. 26(b); 30(a)(2)(A), (B) or (C); 30 (d); or 33(a) anticipated at this time.

(f)   Protective orders are not anticipated at this time.

(g)   Other discovery issues are not anticipated at this time.

(h)   The parties do not anticipate the need for discovery outside the U.S.

(i)   The parties anticipate videotaping depositions.

(j)   Mid-Discovery Status Report and Conference by December 9, 2014.

(k)   Hearing on dispositive motions by January 5, 2015.

(l)   Hearing on non-dispositive motions by October 30, 2014.

**8.     Electronic Discovery:**

The parties do not anticipate problems at this time.

**9.     Settlement Conference:**

The parties believe settlement discussions are premature at this time, but discovery may render a court ordered settlement conference appropriate.

**10.    Trial**

(a)     March 16, 2015 – 5 day jury trial.

(b)     Pretrial conference February 2, 2015.

**11.    Consent to a U.S. Magistrate Judge.**

The parties do not consent to a U.S. Magistrate Judge.

**12. Related Litigation**

A Petition for Writ of Mandamus was filed by Mr. James against the State of California, Office of the Attorney General of the State of California, and Kamala Harris, in her official capacity as Attorney General of the State of California in the Tulare County Superior Court, Case No. VCU241117. Thereafter, the State appealed to the Court of Appeal, Fifth Appellate District, Case No. F065003. A Petition for Review presented to the California Supreme Court, filed as Case No. S214385, is currently pending.

////

////

| | | |
|---|---|---|
| 1 | Dated:  December 17, 2013 | Respectfully submitted, |
| 2 | | KAMALA D. HARRIS<br>Attorney General of California |
| 3 | | ALBERTO L. GONZALEZ<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | By:  /s/ Catherine Woodbridge Guess_____ |
| 6 | | CATHERINE WOODBRIDGE GUESS<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendant* |
| 8 | | |
| 9 | Dated:  December 17, 2013 | DOOLEY, HERR, PEDERSEN &<br>BERGLUND BAILEY, LLP |
| 10 | | |
| 11 | | By:     /s/ Leonard C. Herr |
| 12 | | LEONARD C. HERR<br>Attorney for Plaintiff |
| 13 | | SCOTT R. JAMES |

SA2013309877
31848391.doc