1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>        Plaintiff,<br><br>        vs.<br><br>KIMBERLY GRANGER,<br><br>        Defendant. | 1:13-CV-0983  AWI SKO<br><br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Doc. # 12** |

This is an action for damages by plaintiff Scott R. James ("Plaintiff") against defendant Kimberly Granger ("Defendant").  The currently-operative First Amended Complaint ("FAC") alleges a single claim for relief for violation of the Equal Protection Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's original complaint was filed on June 26, 2013, and was dismissed with leave to amend by stipulation.  The FAC was filed on September 20, 2013.  Plaintiff's single claim for relief alleges Plaintiff suffered disparate treatment as a class of one in violation of the Equal Protection Clause of the Fourteenth Amendment.  The claim arises indirectly out of a suit in *mandamus* filed by Plaintiff against the State of California seeking judicial determination of

Plaintiffs right to own/possess/purchase firearms.  Plaintiff had been convicted by plea of nolo contendere to a misdemeanor charge of battery in 1996.  The victim of the battery was, at the time, a wife or domestic partner of Plaintiff.  The conviction was expunged pursuant to California Penal Code § 1203.4 in 2008.  Sometime between 2006 and 2008 Plaintiff completed a background check and purchased a firearm.  Later, in 2008, Plaintiff was denied the purchase of another firearm, the stated reason being that he was determined to have been convicted of a misdemeanor crime of domestic violence.

Thereafter, Plaintiff commenced a *mandamus* action in state court seeking a judicial determination that he was not prohibited from buying firearms under federal law because of his prior conviction for misdemeanor battery.  Defendant was the attorney representing the State of California in the *mandamus* action.  During the course of her preparation of the State's defense, Defendant deposed Plaintiff on July 25, 2011.  During the deposition, Defendant asked Plaintiff if he possessed any firearms at his home.  Plaintiff answered affirmatively.  Plaintiff alleges that Defendant "contacted agents of the State Bureau of Firearms and informed them that [Plaintiff] was in possession of firearms despite having been convicted of a misdemeanor crime of domestic violence."  Doc. # 10 at 4:2:4.  Plaintiff alleges that Defendant did not, however, inform the agents that an action in *mandamus* was pending in state court to determine the legality of Plaintiff's possession of the firearms.  Based on Defendant's representations to the state agents, a search warrant for Plaintiff's residence was issued.  The search was executed about two months after the warrant was issued by the court.  Plaintiff alleges that Defendant was present at the time of the search and issued directions to the agents conducting the search even though Defendant had no official connection to Plaintiff's criminal prosecution.  A number of firearms were found in a safe in Plaintiff's residence.

Plaintiff was charged with violation of California Penal Code section 12280(b) in Tulare County Superior Court.  Defendant was not the prosecutor in the criminal action.  The charge was eventually dropped.  Plaintiff alleges that the Superior Court granted Plaintiff's petition for *mandamus*.  The matter was appealed by the State and was apparently pending as of the time the

FAC was filed.  Defendants request judicial notice of the Appellate Court's reversal of the decision of the Superior Court granting Plaintiff's *mandamus* petition.  At the conclusion of the facts alleged in the FAC, Plaintiff alleges:

> During questioning [in a hearing in the criminal case on a motion to suppress], it was revealed that if the State comes to learn that a person not currently under investigation for some other crime or otherwise dangerous may own or possess guns in violation of federal law prohibiting them because of a potential prior conviction of a misdemeanor crime of domestic violence, the State notifies [the person in possession] by letter and asks to have the weapons stored by a licensed third party or the police pending the determination of the person's status.  No letter was delivered to [Plaintiff], and no oral request was made to him or to his counsel, despite his cooperative admission of gun possession in a lawsuit in which he sought to address the question of whether he was allowed to own them.

Doc. # 10 at 10-19.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## JUDICIAL NOTICE

Defendants request that the court take judicial notice of the opinion of the decision of the California Fifth District Court of Appeal in James v. State of California, F065003 (2013), which is appended to the request for judicial notice, Document No. 13.  Facts subject to judicial notice may be considered by a court on a motion to dismiss.  In re Russell, 76 F.3d 242, 244 (9th Cir. 1996); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  The record of the prior state court proceeding is a source whose accuracy cannot reasonably be questioned.  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

Plaintiff objects to this court taking judicial notice for purpose of establishing the legal proposition decided in that case because appeal to the California Supreme Court is currently pending.  This court finds judicial notice of the Fifth District's opinion is proper for the limited purpose of demonstrating that legal differences of opinion exist between the Superior Court and

the Appellate Court regarding the issue of whether Plaintiff's prior battery conviction constitutes a conviction of a misdemeanor crime of domestic violence within the definition of the federal Gun Control Act of 1968, 18 U.S.C. § 922(g)(9).

## DISCUSSION

The essence of Plaintiff's claim of constitutional violation is that, as a class of one, he was treated more harshly for no rational reason than others similarly situated in violation of the Due Process Clause.  It is important to note that Plaintiff does not allege facts that would establish violations of the Second, Fourth Fifth or Sixth Amendments.  Rather, he alleges that, but for Defendant's failure to notify the court or the state agents of Plaintiff's pending *mandamus* action, Plaintiff would not have been subjected to treatment that implicated his rights under those Amendments because, presumably, no warrant for search would have issued and no arrest would have been made.  Plaintiff alleges that the only reason Plaintiff was not issued a letter directing him to place his firearms in the custody of a licensed third person was because he chose to exercise his right to challenge the governmental determination that he was barred from firearm possession by means of a *mandamus* action.

Defendants assert three grounds for dismissal of Plaintiffs FAC including failure to set forth a sufficient factual basis for relief, absolute immunity and qualified immunity.  The court need discuss only the first and last of these.

**I.  Factual Sufficiency of FAC**

To adequately state a claim under a "class of one" theory of violation of equal protection, a plaintiff must allege facts to show: (1) that the defendant acted intentionally, (2) that the defendant treated the plaintiff differently than others similarly situated, and (3) that there was no rational basis for the differential treatment.  Gerhart v. Lake County, Montana, 637 F.3d 1013, 1022 (9th Cir. 2011).  The rational basis test focuses on the reason the reason the treatment was *different* in the plaintiff's case, not on the rationality of the treatment itself.  Id. at 1023. "The class of one plaintiff must show that the discriminatory treatment 'was intentionally

directed just at him, as opposed . . . to being an accident or random act.'  [Citation.]"  North Pacifica, LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

The court agrees with Defendant's contention that Plaintiff has failed to allege facts sufficient to sustain his "class of one" claim; however, the court does so for reasons other than those presented by Defendant.  The court also agrees with Plaintiff that Defendant missed the mark by contending that there was a rational basis for the search of Plaintiff's residence and for his arrest.  As noted in Gerheart, it is not the rationale for the plaintiff's treatment that is at issue in a class of one action, it is the rationale for the difference between the treatment of the Plaintiff and the treatment of others similarly situated.

What is fundamentally wrong with Plaintiff's claim is that he does not allege facts sufficient to show that Defendant acted intentionally and that others were treated differently.  Plaintiff's FAC alleges only that he "became aware" of the existence of what he alleges is the "normal practice" of requesting that the individual suspected of unlawful possession of firearms to voluntarily surrender the firearms to the custody of a licensed third party.  Plaintiff's allegation that Defendant subjected him to different treatment because he challenged the State's determination in a *mandamus* action is conclusory, being based on no other fact than that he and Defendant happened to be involved in the *mandamus* action.  As noted above, the burden in a class of one action to show that his treatment was something other than an accident arising from Defendant's ignorance of the "normal practice."  Absent facts that show directly that Defendant's treatment of Plaintiff was retaliatory, Plaintiff must allege facts that permit the court to reasonably infer that the "normal practice" was so well established and commonly used that Defendant was likely to have known of the "normal practice" and made a conscious decision to depart from it in Plaintiff's case only.  Plaintiff alleges no facts to show that the "normal practice" was solidly established and commonly used.

Similarly, Plaintiff has the burden to demonstrate that he was singled out for disparate treatment.  It is not sufficient to merely allege that the "normal practice" was available to others in a similar situation, Plaintiff must allege facts to show that others similarly situated were, in

fact, treated differently.  Plaintiff's FAC alleges nothing about the alleged "normal practice" other than his knowledge of its existence.  In the absence of any allegation of direct knowledge of others similarly situated that were treated differently, Plaintiff must allege facts to show that the "normal practice" was so authoritatively established, so consistently administered and so widely known that an inference arises that a person in Plaintiffs situation would normally be treated in that manner.  Again, no facts are alleged to make the required showing.

## II.  Qualified Immunity

Defendant contends that, even if Plaintiff has stated a claim on an Equal Protection class of one theory, she is nonetheless entitled to qualified immunity.  To determine whether qualified immunity applies, the threshold question is whether, in the light most favorable to the party asserting injury, the facts show an officer's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001)]; Robinson v. Solano County, 278 F.3d 1007, 1012 (9th Cir. 2002) (en banc).  If no constitutional right was violated, immunity attaches and the inquiry ends.  Saucier, 533 U.S. at 201.  If a constitutional right would have been violated were a plaintiff's allegations established, the next step is to ask whether the right was clearly established in light of the context of the case.  Id.  Finally, the contours of the right must be clear enough that a reasonable officer would understand whether this or her acts violate that right.  Id. at 202.

Defendant is entitled to qualified immunity for the same reason that Plaintiff's class of one claim is insufficiently stated.  As noted above, the first question with regard to qualified immunity is whether Plaintiff has adequately stated a claim for violation of a constitutional right. Plaintiff's failure to more completely specify both the source and commonality of the treatment characterized as the "normal practice" defeats his claim that a constitutional right was violated. Since there is no demonstration of a violation of a constitutional right, qualified immunity attaches.

//

//

//

**III.  Leave to Amend**

Plaintiff's FAC fails to allege a claim for which relief can be granted primarily because facts are not alleged that are critical to the claim.  Thus, it cannot be determined that Plaintiff's cannot be cured by amendment.  Leave to amend will therefore be granted.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendant's motion to dismiss is hereby GRANTED.  Plaintiff's FAC is hereby DISMISSED in its entirety. Leave to amend is GRANTED.  Any amended complaint shall be filed and served not less than twenty-eight (28) days from the date of service of this order.  If no amended complaint is filed within the period provided, Defendant shall so notify the court and judgment will be entered in Defendant's favor.

IT IS SO ORDERED.

Dated:   February 12, 2014                   _____
                                             SENIOR  DISTRICT  JUDGE