Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200
Email:  lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>　　　Plaintiff,<br>　v.<br><br>KIMBERLY GRANGER, an individual,<br><br>　　　Defendant. | CASE NO.: 1:13-cv-00983<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**<br><br>**DEMAND FOR JURY TRIAL** |

1.　Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the United States Constitution and the First, Third, Fourth, Fifth, and Sixth Amendments to it, were violated by Defendant Kimberly Granger when she directed agents and, by withholding information from those agents, caused them to deny him legal counsel during an in-custody interrogation.  She also caused these agents to withhold information from the Court in procuring a search warrant.  When they arrived at Scott James' home, they threatened to destroy his real and personal property if he did not answer questions during an in-custody interrogation after having been denied the benefit of legal counsel.  They also caused criminal charges to be filed when no reasonable state attorney would have believed the charges to be sustainable, in retaliation for having brought suit in

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  mandamus against the Attorney General of the State of California to secure his
2  rights, and denied him his rights of equal protection before the law.
3      2.   While divided into sections and subsections, this Amended
4  Complaint is to be read as a whole.  Each part incorporates each other part unless
5  otherwise noted.

## I.

## THE PARTIES

8      3.   Plaintiff, Scott R. James, is and at all times relevant to this Amended
9  Complaint was a U.S. Citizen domiciled in County of Tulare, State of California.
10     4.   Defendant, Kimberly Granger, is and at all times relevant to this
11 Amended Complaint was an adult whose citizenship is unknown.
12     5.   It is unknown at this time if others undertook actions under color of
13 state law to violate Mr. James' civil rights.  Should other defendants come to light,
14 Mr. James will seek leave of Court to add that person or those persons as
15 defendants.

## II.

## JURISDICTION AND VENUE

18     6.   The action arises under 42 U.S.C. section 1983. Venue is proper in
19 this District because a substantial part of the events or omissions giving rise to
20 the claim occurred in Tulare County, which is in the Fresno Division of this
21 District.

## III.

## FACTS UPON WHICH CLAIMS ARE BASED

24     7.   In 1996, Mr. James pleaded no contest to a misdemeanor violation of
25 California Penal Code section 242.  No copy of the complaint against him, his
26 answer, or a record of factual findings made by the Court appear in the Court's
27 records.  His conviction was expunged under California Penal Code § 1203.4 in
28 2008.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

8. After ten years passed from his conviction by plea of no contest, Mr. James sought to purchase a firearm. He passed his background check and bought it. He was eventually issued a concealed carry permit, again passing his background check.

9. In 2008, he was denied the purchase of a firearm and was informed, for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence. Mr. James could not understand why his status had changed. Mr. James engaged in written informal appeals through counsel with the federal and state governments hoping to clear up the misunderstanding regarding his prior conviction and, at one point, believed the matter must have been cleared and tried to purchase a gun again but was again denied. The governmental agencies would not budge, and Mr. James filed the mandamus action.

10. In February 2011, Scott James brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms.

11. Ms. Granger represented the State in that action. This Amended Complaint is not based on any actions Ms. Granger undertook in her defense of the State in that action; rather it is based on actions she undertook outside of that defense to gain unlawful and unconstitutional advantage in the mandamus action, and for other unknown reasons of personal animus, by misuse of her apparent state authority by causing another action to be brought against and maintained against Mr. James.

12. On July 25, 2011, as part of the mandamus action, Ms. Granger took the sworn testimony of Mr. James in deposition. During questioning, Mr. James was asked if he possessed any firearms at his home. He responded yes. The legality of his doing so was the very question to be answered by the action brought in mandamus.

13. Over the next couple of days, Ms. Granger, acting outside the scope

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  of her position as legal counsel in a civil case, contacted agents for the State
2  Bureau of Firearms and informed them that Mr. James was in possession of
3  firearms despite having been convicted of a misdemeanor crime of domestic
4  violence. Ms. Granger did not inform the agents that he had brought a petition in
5  mandamus for a determination of whether his possession of those firearms was
6  lawful. The agents, in turn, did not inform the Court of that fact. The search
7  warrant was obtained under false pretenses.

8      14. At the time the warrant was sought, Mr. James had filed a motion for
9  summary judgment in the mandamus action. The search was done a week before
10 the State's opposition to Mr. James' summary judgment was due to be filed in
11 October 2011 – about two months had passed since the search warrant had been
12 signed by the Court. Ms. Granger was on scene to supervise the search and
13 obtain statements and information from Mr. James to use in the civil case.

14     15. State agents, acting at the direction and on the advice of Ms.
15 Granger, searched Mr. James' home. Ms. Granger was present for the entire
16 search. During this time, Ms. Granger directed agents where to search and when.
17 In Ms. Granger's presence, agents arrested Mr. James and questioned him after
18 having refused to allow Mr. James' lawyer to escort him inside the home so Mr.
19 James could be represented by counsel during that questioning. After denying
20 Mr. James legal representation, agents, acting in concert with Ms. Granger,
21 threatened to use explosives on a safe in the middle of his home if he did not
22 answer questions. Mr. James, frightened, tearful, and denied legal counsel, gave
23 the agents, within Ms. Granger's earshot and at her direction, the combination to
24 the safe. Firearms were located in the safe and confiscated. Mr. James was
25 charged with violation of California Penal Code section 12280(b) in Tulare County
26 Superior Court, Case no. VCF260879. Ms. Granger was not the prosecutor of that
27 action. At no time did Ms. Granger play a legitimate role in any proceeding
28 against Mr. James.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

16. On or about February 3, 2012, the Tulare County Superior Court issued an order in the mandamus case declaring that Ms. Granger's contention that Mr. James had been convicted of a misdemeanor crime of domestic violence was based on an argument of law so outside the realm of reasonableness and logic that, were the Court to agree, it would violate its oath of office. This argument by Ms. Granger was offered as though it was the current state of the law rather than a novel interpretation of it. The State of California appealed that decision and prevailed at the intermediate appellate level. The California Supreme Court granted review of the case. The opinion of the Court of Appeal is of no force.

17. A hearing on a motion to suppress evidence in the criminal case was held before the Hon. Joseph Kalashian on February 8, 2013, after which the charges were dropped and the case dismissed. During questioning, it was revealed that if the State of California comes to learn that a person not currently under investigation for some other crime may not be permitted to own or possess guns because federal law prohibits them based on a potential prior conviction of a misdemeanor crime of domestic violence, the State notifies them by letter and asks to have the weapons stored by a licensed third party or the police pending a determination of the person's status.

18. No letter was delivered to Mr. James, and no oral request was made to him or to his counsel, despite his cooperative admission of gun possession in a lawsuit in which he sought to address the question of whether he was allowed to own them.

## IV.

## CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. § 1983

19. Ms. Granger acted under color of state law by using her office to advise state agents that Scott R. James had been convicted of a misdemeanor crime of domestic violence. While the opinion was not still the subject of judicial

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  interpretation, she advised the officers to undertake a criminal investigation of Mr.
2  James.  No reasonable officer of the Court could have believed such an exercise of
3  the legal advice would be consistent with a civil litigant's rights.

4  20.  Ms. Granger therefore withheld information she knew a reasonable
5  agent would include in a petition or otherwise consider important in his or her
6  own evaluation of whether to request a search warrant in order to ensure the
7  warrant would be requested and issued and Mr. James arrested.  Ms. Granger
8  knew Mr. James would be arrested because he had already testified that he had
9  guns – and had already purchased at least one gun with the State's full knowledge
10 – but withheld the information to which agents testified would be considerations
11 in their decision to seek or not seek a warrant.  Ms. Granger advised officers to
12 arrest and question him after having refused to allow Mr. James to be
13 accompanied by his attorney.

14 21.  On information and belief, Ms. Granger advised these officers for
15 personal gain to ensure victory in the summary judgment motion in Mr. James'
16 *mandamus* action.  On information and belief, no other person who has invited
17 review of their right to possess a firearm under the Gun Control Act has been
18 subject to a search of their home and subsequent criminal prosecution.  Indeed,
19 in cases involving peace officers who had spent years possessing firearms before
20 their status as potential MCDV convicts was determined have simply been
21 reassigned to non-firearm-carrying positions or dismissal.  Their challenges to the
22 state's determination did not prompt criminal investigations and threats of
23 imprisonment.  In doing the acts complained of, Ms. Granger used her position as
24 a non-prosecuting attorney in a prosecutorial office to advise criminal charges
25 against a civil litigant.

26 22.  Ms. Granger further acted under color of state law by advising agents
27 during the search of Mr. James' home.  During the search, her demeanor became
28 increasingly agitated as agents found nothing except the very firearms about

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   which Mr. James had filed a civil suit.

2       23.    Ms. Granger was able to undertake this misuse of power because she was clothed with the authority of state law; so clothed by way of her employment as an attorney with the state Attorney General's office.

    24.    Ms. Granger undertook these actions under color of state law in order to intimidate and publicly vilify Mr. James in retaliation for having done no more than seek redress in the Courts for a declaration of his rights under the Second Amendment to the United State Constitution and several statutes. State practice in such circumstances involved a letter asking for cooperative relinquishment of firearms pending the determination. Mr. James' willingness to be cooperative was patent: he had brought suit in which his purchase of a firearm was alleged in the petition; he had testified under oath he had guns. Instead, Ms. Granger withheld information from state agents and gave legal advice to them that Mr. James had been convicted of a misdemeanor crime of domestic violence, advice no reasonable attorney for the state Attorney General could believe was true or, in the alternative, was deliberately indifferent to the constitutional violation that occurred.

    25.    Ms. Granger undertook these actions intentionally: she advised officers to commence a criminal prosecution to gain advantage in a civil dispute in which Mr. James admitted he owned guns and brought suit in an attempt to confirm if that was or was not lawful; she attended the search of his home; she advised officers on where to search.

    26.    Mr. James is a member of a class of one [or a few], treated differently than others without basis other than his exercise of constitutional right to "petition the Government for a redress of grievances," guaranteed by the First Amendment to the Constitution and made binding on the states by the Fourteenth Amendment. Mr. James sought redress in *mandamus* in a case about his right to bear arms; Ms. Granger singled him out for criminal prosecution because of it.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

This unequal treatment was intentional and executed by design through Ms. Granger's advice and participation in treatment she knew to be unequal and based on Mr. James' exercise of rights.

27. Ms. Granger violated Mr. James rights to redress, counsel, and to be free of unreasonable search and seizure and ex post facto laws guaranteed by the United States Constitution.

28. Mr. James has suffered general and special damages including but not limited to, costs and fees for defense of the criminal matter, lost wages/profits, constitutional deprivations, interference with business relations, sleepless nights, ignominy, and humiliation, all in an amount to be proven and found at trial.

## V.

## PRAYER

WHEREFORE, Scott James prays for judgment against the Defendant and an award:

1. For general and special damages;
2. For actual and consequential damages;
3. For compensatory damages;
4. For attorney fees [under the Civil Rights Act, 42 U.S.C. § 1988];
5. For punitive damages;
6. For costs of suit;
7. For whatever other relief the Court deems proper.

Dated: March 13, 2014         DOOLEY, HERR, PEDERSEN
                              & BERGLUND BAILEY

                              By: /s/ Leonard C. Herr
                                   LEONARD C. HERR
                                   Attorneys for Plaintiff
                                   SCOTT R. JAMES

///
///
///

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

**JURY DEMAND**

Plaintiff, SCOTT R. JAMES, demands trial by jury.

Dated: March 13, 1024         DOOLEY, HERR, PEDERSEN
                              & BERGLUND BAILEY

                              By: /s/ Leonard C. Herr
                                  LEONARD C. HERR
                                  Attorneys for Plaintiff
                                  SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Granger\Pleadings\Second Amended Complaint.doc

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-9-

**SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**