1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  ALBERTO L. GONZALEZ, State Bar No. 117605
   Supervising Deputy Attorney General
3  CATHERINE WOODBRIDGE GUESS, State Bar No.
   186186
4  Deputy Attorney General
   1300 I Street, Suite 125
5  P.O. Box 944255
   Sacramento, CA 94244-2550
6  Telephone: (916) 445-8216
   Fax: (916) 322-8288
7  E-mail: Catherine.Woodbridge@doj.ca.gov
   *Attorneys for Defendant Kimberly Granger*

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

| | |
|---|---|
| **SCOTT R. JAMES,** | 1:13-CV-0983 AWI SKO |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **KIMBERLY GRANGER,** | **[Fed. R. Civ. P. 8(a)(2), 12(b)(6)]** |
| Defendant. | Date: April 21, 2014 |
| | Time: 1:30 p.m. |
| | Courtroom: 2 (8th Floor) |
| | Judge: Anthony W. Ishii (AWI) |
| | Trial Date: TBD |
| | Action Filed: June 26, 2013 |

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on April 21, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 the above-entitled court, located at 2500 Tulare Street, Eighth Floor, Fresno, California, Defendant Kimberly Granger will move the Court for an order dismissing the action with prejudice. Defendant Deputy Attorney General Granger brings this motion because the Second Amended Complaint fails to allege facts sufficient to support a class

1

1    of one equal protection claim and fails to state a claim upon which relief can be granted because

2    Ms. Granger is immune from liability. Fed. R. Civ. P. 8(a) and 12(b)(6).

3        This motion is based on this notice of motion, the attached memorandum of points and

4    authorities, all matters of which this Court must or may take judicial notice, and all pleadings and

5    records on file in this action and on such further authority, evidence, or argument as may be

6    presented at or before the hearing on this motion.

7    Dated: March 20, 2014               Respectfully submitted,

8

9                                KAMALA D. HARRIS
                                 Attorney General of California
                                 ALBERTO L. GONZALEZ

10                               Supervising Deputy Attorney General

11

12                               *s/ Catherine Woodbridge Guess*

13                               CATHERINE WOODBRIDGE GUESS
                              Deputy Attorney General

14                               *Attorneys for Defendant Kimberly Granger*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1 | **MEMORANDUM OF POINTS AND AUTHORITIES IN**

2 | **SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

3 | **I.   INTRODUCTION**

4 | In 1996, Plaintiff pled no contest to battery on his wife. California law prohibits Plaintiff

5 | from owning or possessing a firearm for 10 years after the conviction. Cal. Pen. Code § 29850.

6 | Federal law places a life-time ban on anyone convicted of misdemeanor crimes of domestic

7 | violence (MCDV). 18 U.S.C. § 992(g)(9).

8 | In 2008, Plaintiff was unable to purchase a firearm because of his MCDV. As a result, he

9 | filed a mandamus action in the Superior Court of California, Tulare County. Deputy Attorney

10 | General Kimberly Granger represents the State of California in the mandamus action. Plaintiff

11 | sues Deputy Attorney General Granger for her involvement as an attorney for the State of

12 | California in a mandamus action. Second Am. Compl. ¶¶ 11, 21, 25.

13 | Dismissal is proper because there is no factual basis for Plaintiff's equal protection claim

14 | based on a class of one argument and Ms. Granger is immune from liability.

15 | **II.   BACKGROUND**

16 | **A.   Plaintiff's State Court Proceedings.**

17 | Because Plaintiff is precluded from purchasing firearms, he filed a mandamus action in the

18 | Superior Court of California, Tulare County, Case No. 11-241117. Deputy Attorney General

19 | Kimberly Granger is the attorney for the State of California in the mandamus action.

20 | As part of the mandamus action, Deputy Attorney General Granger deposed Plaintiff.

21 | During the deposition, Plaintiff admitted possessing firearms. Based on Plaintiff's testimony, the

22 | Bureau of Firearms conducted a search of Plaintiff's home and found 30 firearms and more than

23 | 4,000 rounds of ammunition.

24 | As a result of the search, Plaintiff was prosecuted by the Tulare County District Attorney.

25 | Superior Court of California, Tulare County, Case No. VCF260879. The criminal matter was

26 | eventually dismissed.

27 | In February 2012, the Superior Court of Tulare County granted Plaintiff's mandamus

28 | petition. The State of California appealed the decision. The Fifth District Court of Appeal

1    reversed the trial court. The California Supreme Court accepted review. However, the California

2    Supreme Court deferred briefing pending the United States Supreme Court's consideration and

3    disposition of *United States v. Castleman*, No. 12-1371, regarding whether a conviction under

4    Tennessee's assault statute constitutes a MCDV. California Supreme Court Case No. S214385.

5    (Request for Judicial Notice No. 1.)

6        **B.    Plaintiff's Civil Rights Action.**

7        On June 26, 2013, Plaintiff filed this lawsuit alleging a single cause of action for violation

8    of 42 U.S.C. § 1983. Docket No. 1. The only named defendant is Deputy Attorney General

9    Kimberly Granger. Plaintiff contends that the search and seizure of his firearms resulted from

10   Ms. Granger notifying the Bureau of Firearms that Plaintiff admitted owning firearms and has a

11   MCDV. Plaintiff contends that if Ms. Granger had told the agents from the Bureau of Firearms

12   that Plaintiff was contesting his MCDV status, a search warrant would not have issued.

13       Defendant Deputy Attorney General Granger filed a motion to dismiss for failure to state a

14   claim. Docket No. 7. On September 20, 2013, Plaintiff filed a First Amended Complaint alleging

15   a single cause of action under § 1983 based on a class of one claim. Docket No. 10. Again, Ms.

16   Granger moved to dismiss. Docket No. 12.

17       On February 13, 2014, the Court granted Ms. Granger's motion with leave to amend. The

18   Court found Plaintiff failed to adequately state a class of one claim and Ms. Granger is immune

19   from liability. Docket No. 20.

20       The Second Amended Complaint alleges a single cause of action for violation of 42 U.S.C.

21   § 1983 based on a class of one argument. According to Plaintiff, Deputy Attorney General

22   Granger acted "for personal gain to ensure victory in the summary judgment motion in Mr.

23   James's mandamus action." Second Am. Compl. ¶ 21. Throughout the Second Amended

24   Complaint, Plaintiff alleges that any alleged improper conduct is based entirely on Ms. Granger's

25   status as the attorney for the State of California in the mandamus action. Second Am. Compl. ¶¶

26   11, 21, 25.

27   / / /

28   / / /

4

III.   **ALLEGATIONS**

In 1996, Plaintiff pled no contest to misdemeanor violation of California Penal Code § 242. First Am. Compl. ¶ 7. In 2008, Plaintiff was denied the purchase of a firearm based on his conviction. Second Am. Compl. ¶ 9. As a result, Plaintiff filed a mandamus action against the State of California. Second Am. Compl. ¶ 10. Ms. Granger represents the State of California in the mandamus action. Second Am. Compl. ¶ 11.

As part of the mandamus action, Ms. Granger took the deposition of Plaintiff. Second Am. Compl. ¶ 12. Plaintiff admitted he possessed firearms at his home. Second Am. Compl. ¶ 12.

State agents conducted a search of Plaintiff's home and discovered weapons. Second Am. Compl. ¶ 15. Plaintiff was charged with violation of Penal Code § 12280(b) – possession of an assault weapon. Second Am. Compl. ¶ 15.

The criminal action against Plaintiff was dismissed. Second Am. Compl. ¶ 17. The California Supreme Court granted review of the mandamus action. Second Am. Compl. ¶ 16.

Plaintiff's claim against Ms. Granger is based on allegations that she acted to gain an advantage in the mandamus action and to "ensure victory in the summary judgment motion." Second Am. Compl. ¶¶ 11, 21, 25.

IV.   **LEGAL STANDARD**

To survive a motion to dismiss, the complaint must set forth factual allegations sufficient "to raise a right to relief above a speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). In order to meet pleading requirements of the Federal Rules of Civil Procedure, "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* When the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the "pleader is entitled to relief." *Id.*

5

1    Mere conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

2    motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Moreover, legal

3    conclusions are not entitled to the assumption of truth. *Moss v. U.S. Secret Service*, 572 F.3d 962,

4    970 (9th Cir. 2009.)

5    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it

6    appears to a certainty that plaintiff would be entitled to no relief under any state of facts which

7    could be proven. *Alonzo v. AFC Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981).

8    When it is clear that the deficiencies in a complaint cannot be cured, then the court need not

9    provide an opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Cook*

10   *Perkiss & Liehe, Inc. v. N. Cal. Collection Servs., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

11   **V.    DISMISSAL IS PROPER**

12   Dismissal is proper because Plaintiff's third attempt to plead a valid claim against Deputy

13   Attorney General Granger fails. Once again, Plaintiff fails to allege a viable class of one claim.

14   In addition, Plaintiff pleads facts supporting immunity for Ms. Granger.

15   **A.    Plaintiff Fails to Plead Class of One.**

16   In its February 13, 2014, Order, this Court outlined the requirements to plead a valid class

17   of one claim. Docket No. 20. In order to state a class of one equal protection claim, a plaintiff

18   must allege facts showing: (1) the defendant acted intentionally, (2) the defendant treated the

19   plaintiff differently from others similarly situated, and (3) there was no rational basis for the

20   differential treatment. *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011.)

21   Plaintiff fails to plead these requirements. According to the Second Amended Complaint,

22   Plaintiff "is a member of a class of one [or a few], treated differently than others without basis

23   other than his exercise of constitutional right to 'petition the Government for a redress of

24   grievances.'" Second Am. Compl. ¶ 26. Plaintiff provides no factual allegations that Ms.

25   Granger acted any differently in regards to Plaintiff than she did with any other person who filed

26   a mandamus petition. Likewise, Plaintiff does not allege that Ms. Granger knew that "no other

27   person who has invited review of their right to possess a firearm under the Gun Control Act has

28   been subject to search of their home and subsequent criminal prosecution." Second Am. Compl.

6

1    ¶ 21.  It is Plaintiff's burden to show that his treatment was intentional and that Ms. Granger

2    knew that no one else involved in a mandamus action is subject to search and seizure when they

3    admit owning guns and having a MCDV.  *Gerhart v. Lake County, Montana*, 637 F.3d at 1022.

4         Plaintiff's position that Ms. Granger subjected him to different treatment because of his

5    mandamus petition is conclusory and lacks any factual support.  Plaintiff fails to plead that Ms.

6    Granger singled Plaintiff out for disparate treatment.  As a result, dismissal is proper.

7         **B.    Plaintiff Pleads Immunity Defense.**

8         The allegations in the Second Amended Complaint support immunity for Ms. Granger.

9    Plaintiff's claim against Deputy Attorney General Granger is based on her alleged attempt to gain

10   an advantage in the mandamus action.  Second Am. Compl. ¶¶ 11, 21, 25.  According to the facts

11   pled, Deputy Attorney General Granger is entitled to absolute immunity and qualified immunity.

12        **1.    Absolute Immunity.**

13        Absolute immunity is not limited to individuals who are criminal prosecutors, nor is it

14   limited to criminal actions.  Government defense attorneys in civil matters have been accorded

15   absolute prosecutorial immunity.  *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991); *Flood v.*

16   *Harrington*, 532 F.2d 1248 (9th Cir. 1976).  Absolute immunity protects government attorneys

17   for allegedly improper conduct if the conduct was "intimately associated with the judicial phases"

18   of the litigation.  *Flood*, 532 F.2d at 1251 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

19        "Whether the government attorney is representing the plaintiff or the defendant, or is

20   conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is

21   'necessary to assure that . . . advocates . . . can perform their respective functions without

22   harassment or intimidation.'"  *Fry v. Melaragno*, 939 F.2d 832, 837 (quoting *Butz v. Economou*,

23   438 U.S. 478, 512 (1978)).  If the government attorney is performing acts "intimately associated

24   with the judicial phase" of the litigation, the attorney is entitled to absolute immunity.  *Fry*, at 837.

25        Plaintiff admits that Ms. Granger's alleged improper conduct was done to ensure victory in

26   the mandamus case.  Second Am. Comp;. ¶¶ 11, 21, 25.  The allegations against Deputy Attorney

27   General Granger are based entirely on her official conduct as an attorney for the government.  As

28   a result, she is immune from liability.  *See Flood v. Harrington*, 532 F.2d at 1251.

7

1 **2. Qualified Immunity.**

2      Qualified immunity protects government officials from liability for civil damages insofar as

3 their conduct does not violate clearly established statutory or constitutional rights that a

4 reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A two-step

5 process exists for determining whether qualified immunity exists: 1) whether the facts that a

6 plaintiff has alleged make out a violation of a constitutional right that a reasonable person would

7 have known, and 2) whether the right at issue was "clearly established" at the time of defendant's

8 alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223 (2009).

9      If the court concludes a right is not clearly established, the official is entitled to qualified

10 immunity. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). If a right is clearly established, an official

11 is not entitled to qualified immunity unless a reasonable official would not have known that his

12 conduct violated the clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

13 But if the state actor could have reasonably, albeit mistakenly, believed that his conduct did not

14 violate a clearly established constitutional right, then the action will receive qualified immunity.

15 *Saucier,* at 205-06, *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

16      As addressed above, Plaintiff fails to establish a constitutional violation. Therefore, Ms.

17 Granger has qualified immunity. Even if the Court finds that a class of one claim is stated, Ms.

18 Granger is still entitled to immunity.

19      To determine whether qualified immunity applies, the court must consider the application

20 of the right in the specific context in question. *Brewster v. Bd. of Educ. Of Lynwood Unified Sch.*

21 *Dist.*, 149 F.3d 971, 977 (9th Cir. 1998). In so doing, the court considers the "information

22 possessed" by the state actor at the time of his or her conduct. *Hunter v. Bryant*, 502 U.S. 224,

23 227 (1991).

24      Plaintiff contends that Deputy Attorney General Granger failed to inform Bureau of

25 Firearms agents that Plaintiff was contesting his MCDV status. Plaintiff argues that had Ms.

26 Granger given this information to the agents, a search warrant would not have issued and the

27 search and seizure would not have taken place.

28

8

1    Qualified immunity analysis is deferential to the government official: "[a court] must look

2    at the situation as a reasonable officer in [the defendant's] position could have perceived it."

3    *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003). Here, 18 U.S.C. § 992(g)(9) prohibits

4    Plaintiff from owning, purchasing or possessing firearms. At issue is whether Ms. Granger was

5    reasonable in her belief that Plaintiff's battery conviction is a MCDV thus precluding Plaintiff

6    from owing, possessing or purchasing firearms.

7    The Gun Control Act of 1968 was enacted to "keep firearms out of the hands of those not

8    legally entitled to possess them because of age, criminal background or incompetency." *Barrett v.*

9    *United States,* 423 U.S. 212, 220 (1976). In 1996, Congress passed the Lautenberg Amendment

10   to the Gun Control Act of 1968. The amendment extends the prohibition to include any person

11   "who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C.

12   § 992(g)(9). According to Senator Lautenberg, the amendment "would establish a policy of zero

13   tolerance when it comes to guns and domestic violence." 142 Cong. Rec. S10377 (daily ed. Sept.

14   12, 1996) (statements of Sen. Lautenberg). The Lautenberg Amendment provides:

15       It shall be unlawful for any person . . . who has been convicted in any court of a
         misdemeanor crime of domestic violence, to ship or transport in interstate or foreign
16       commerce, or possess in or affecting commerce, any firearm or ammunition; or to
         receive any firearm or ammunition which has been shipped or transported in interstate
17       or foreign commerce.

18       18 U.S.C. § 922(g)(9).

19       A misdemeanor crime of domestic violence (MCDV) is defined as follows:

20       [A]n offense that . . . is a misdemeanor under Federal, State, or Tribal law; and . . .
         has, as an element, the use or attempted use of physical force, or the threatened use of
21       a deadly weapon, committed by a current or former spouse, parent, or guardian of the
         victim, by a person with whom the victim shares a child in common, by a person who
22       is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or
         by a person similarly situated to a spouse, parent, or guardian of the victim.
23
         18 U.S.C. § 921 (a)(33)(A)(ii).
24
         Ms. Granger reasonably believed that her conduct did not violate a clearly established right.
25
     Plaintiff admits he was convicted of battery. The battery was against his wife. California Penal
26
     Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person
27
     of another." A MCDV is "an offense that is a misdemeanor, has, as an element, the use of force
28

9

1  and was committed by a person with the requisite relationship." *United States v. Belless*, 338 F.3d

2  1063, 1066 (9th Cir. 2003).

3      Ms. Granger's believe that Plaintiff's conviction was a MCDV is reasonable. And

4  notifying the Bureau of Firearms that Plaintiff possessed firearms in violation of federal law is

5  also reasonable. The courts have not resolved this issue. In fact, the California Supreme Court

6  has deferred the issue to the United States Supreme Court. Therefore, it cannot be found that a

7  reasonable official would have known that Ms. Granger's conduct violated the clearly established

8  right, *see Anderson v. Creighton*, 483 U.S. at 640, and Ms. Granger is entitled to qualified

9  immunity.

10     **C.    Amendment Will Not Cure Defects.**

11     Amendment will not cure the defects in the Second Amended Complaint. Plaintiff has had

12  three opportunities to plead a valid claim against Deputy Attorney General Granger. He has

13  failed each time. Plaintiff cannot plead facts to state a class of one equal protection claim. There

14  is no basis for a claim that Ms. Granger treated Plaintiff differently from any other person with a

15  MCDV who sought mandamus review. In fact, alleging such facts would subject Plaintiff to

16  sanctions. Fed. R. Civ. P. 11. Plaintiff's claims against Ms. Granger are based entirely on her

17  actions in the mandamus matter. Therefore she is immune from liability. *Fry v. Melaragno*, 939

18  F.2d at 837; *Flood v. Harrington*, 532 F.2d at 1251.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## VI.   CONCLUSION

This action should be dismissed with prejudice. The Second Amended Complaint fails to state a § 1983 claim against Ms. Granger and she is entitled to immunity. As a result, Defendant Deputy Attorney General Kimberly Granger respectfully requests that the Court dismiss this action with prejudice.

Dated:  March 20, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

SA2013309877
31928227.doc

11