Leonard C. Herr, #081896
Ron Statler, #234177
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY GRANGER, an individual,<br><br>   Defendant. | CASE NO.: 1:13-cv-00983 AWI SKO<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**Date:          April 21, 2014**<br>**Time:         1:30 p.m.**<br>**Courtroom:   2**<br><br>**Action Filed: June 26, 2013** |

Ms. Granger's motion to dismiss is premised on a bizarre idea: that the First Amendment's guarantee of a right to petition the government for a redress of grievances is tempered by a governmental right to criminally prosecute people as criminals for having done so. That is what she did; that is what the complaint alleges. The Fourteenth Amendment makes the First Amendment binding on the states, and she was a state actor, but was not acting in the course of a judicial proceeding. Her conduct was done away from the light of the Courtroom. The complaint alleges a constitutional violation. The motion to dismiss should be denied.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## I.

## THE FACTS SHOW, OR CAN BE AMENDED TO SHOW, A CONSTITUTIONAL VIOLATION BECAUSE MS. GRANGER WAS ACTING AS AN ADVISING LAWYER, NOT A PROSECUTING ONE

The complaint alleges that Ms. Granger was an attorney for the state in a civil action [or, more correctly, an action in *mandamus*] brought by Mr. James. That case was brought by Mr. James to determine whether or not his 1996 *nolo contendere* plea to charges of misdemeanor battery constituted a MCDV. The petition admitted Mr. James was a gun owner, having purchased a firearm – with the state's blessing – since the state law-based bar on ownership had lapsed. Mr. James filed a summary judgment motion. One week before the state's opposition to that motion was due, a search warrant was served on his home. Ms. Granger was there, but Ms. Granger had no link to the criminal prosecution of Mr. James. She directed agents where to search. She laughed as he tearfully pleaded with the agents not to blow up part of his home to gain access to a safe.

It was later discovered, through testimony in a criminal prosecution that ensued, that Ms. Granger never disclosed to the agents who conducted the search the fact that Mr. James had brought a civil action to determine whether or not he was allowed to own guns. In every, or nearly every, other case in which a gun owner has initiated civil courts or administrative processes to challenge a finding of MCDV, the state has used non-criminal prosecution [generally through a letter] to have the gun owners' weapons set aside with law enforcement or a licensed firearm dealer until the owners' right has been determined. Ms. Granger singled out Mr. James for criminal prosecution by another agency because, under the case law of the Ninth Circuit at the time, she was going to lose.

Mr. James now sues Ms. Granger. She tries to cast this case as a suit brought against her for believing he had committed a MCDV. Put another way, she tries to make this case look like a suit brought against her for having defended the state. That is clearly not the case. Mr. James sued the state;

LAW OFFICES
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  obviously someone was going to have to defend it.  This case is about Ms. Granger's abuse of her office to advise officers – with lies through omission – in an effort to retaliate against Mr. James for having brought a case she was going to lose.  She did lose at the trial court level; the state prevailed at the appellate level; the California Supreme Court has granted review of the case pending the United States Supreme Court opinion in *Castleman*, the subject of Ms. Granger's request for judicial notice on April 1, 2014.  (Doc. 25.)

Mr. James brings an equal protection action under a class of one [or a few] theory.  He was singled out for different treatment than others.  To adequately state a claim under a "class of one" theory of violation of equal protection, a plaintiff must allege facts to show: (1) that the defendant acted intentionally, (2) that the defendant treated the plaintiff differently than others similarly situated, and (3) that there was no rational basis for the differential treatment.  *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011).  The rationality is measured against the reason the treatment was different in the plaintiff's case, not on the rationality of the treatment itself.  *Id.* at 1023.  Here, the rationality for the different treatment was Plaintiff's temerity in challenging the state's determination that his old conviction was for a MCDV.  The message was clear: roll over or hang.  The showing has been made; the Defendant should be hailed to answer.

Other facts not alleged, but that can be added on amendment [among others] should amendment be deemed necessary, are that Mr. James is informed and believes that Ms. Granger, despite having no role in the prosecution of the criminal case and having participated in the investigation by being at the search, was actually exerting substantial influence over the case; indeed, she had the final say over the criminal case.  While the Tulare County District Attorney was the prosecuting agency, persons looking into the case on Mr. James' behalf were told that the only person who could approve dropping the case was "the civil attorney"

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  – Ms. Granger.  How could she have anything to do with the criminal prosecution?
2  Her office was not the prosecuting authority, and she was conducting a civil
3  defense!  Her conflict was patent; her exercise of control in light of that conflict
4  makes clear this was an intentional singling out of a civil litigant for having
5  brought suit.

6  Further allegations give rise to the inference that the criminal action
7  orchestrated by Ms. Granger but not prosecuted by her; Ms. Granger enjoyed the
8  authority of the civil court to request provisional remedies like injunctive relief.
9  That is what civil attorneys do.  If he refused, criminal investigations may have
10 been appropriate.  But Mr. James' desire to follow the law was patent: he filed a
11 suit to determine if his conduct was lawful!  Ms. Granger, anxious to exact
12 revenge, would not allow him the dignity of proving it.

13 Ms. Granger's singling out of Mr. James, clearly done intentionally and
14 without reason save retaliation, warrants relief; Ms. Granger should be called to
15 answer.  Should this Court find that the complaint is still deficient, Mr. James
16 requests leave to file an amendment with the facts cited herein and others.

**II.**

**NEITHER ABSOLUTE NOR QUALIFIED IMMUNITY APPLIES HERE: THE CONDUCT COMPLAINED OF DID NOT OCCUR IN A JUDICIAL PROCEEDING AND QUALIFIED IMMUNITY DOES NOT APPLY IN THE CIRCUMSTANCES PRESENTED IN THE MOTION**

21 Ms. Granger tries to raise immunity defenses, but neither absolute nor
22 qualified immunity applies here.  Absolute immunity does not apply because she
23 fails to present facts proper to a motion to dismiss that show she participated in
24 the prosecutorial function in the criminal action; an odd omission – if her name is
25 on a document filed with the Court in that prosecution, it would be subject to
26 judicial notice.  Qualified immunity does not apply because she failed to present
27 circumstances in which qualified immunity would ever apply.  She bases her
28 argument for qualified immunity on the lack of a constitutional violation; if that is

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  the case – there is no immunity because there is no liability.

2  **A.  Absolute Immunity**

3  Ms. Granger claims that, because her retaliatory invocation of criminal proceedings was done to further her position in the *mandamus* case, she is entitled to absolute immunity as a governmental lawyer. The suggestion demands, as a predicate, that the constitution's guarantee that individuals have a right to petition the government for a redress of grievances evaporates if the government can gain some advantage by ignoring it. The suggestion does not further the government's legitimate interest in defending against Mr. James' petition; it instead countenances the government's evisceration of the right to petition for redress based on convenience. It is governmental countenance on the Star Chamber.

If Ms. Granger was being sued for having defended the state against Mr. James' *mandamus* petition, she would enjoy absolute immunity. If she were acting in a judicial proceeding, she would enjoy absolute immunity. Neither is the case here. Ms. Granger is being sued for exerting improper influence over a criminal investigation in which she appears to have played no role, and doing so as a retaliation against Mr. James for having exercised his right to bring the *mandamus* action. That is how she hoped to gain advantage in the civil action; by cowing Mr. James under the threat of criminal prosecution. To allow a civil attorney absolute immunity for that grates against the very fiber of the First Amendment's guarantee of the right to petition the government for redress of grievances.

Ms. Granger's contention that she is absolutely immune for having done so is not supported by the case law she cites. In *Fry v. Meleragno*, IRS attorneys were afforded absolute immunity for having referred to the plaintiffs' First Amendment activities [apparently critical of tax laws and authorities] as evidence presented to the Tax Court as part of the adjudication of the plaintiff's tax liability.

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  939 F.2d 832 (1991). That was "intimately associated with the judicial phases of
2  the tax litigation" [it was evidence in that proceeding]; their having done so was
3  therefore a proper subject of absolute immunity. *Id.* at 837-838. In *Flood v.*
4  *Harrington*, IRS attorneys were sued by what appears to have been a tax protester;
5  the attorneys were sued for having prepared briefs to be filed with the court
6  relating to his tax deficiency; again, those attorneys were absolutely immune
7  because their allegedly wrongful conduct was part of a judicial proceeding. 532
8  F.2d 1248, 1249-1250 (1976).

9        This lawsuit has nothing to do with a case in which Ms. Granger was acting
10 as a prosecutor, whether civil or criminal. She never appeared in the prosecution
11 of Mr. James' criminal case [nor did her office]; and her civil defense did not rely,
12 mention, or even bare relation to the criminal action. She abused her authority as
13 a governmental lawyer to intimidate a plaintiff who filed a suit against the
14 government. If those who sue the government can be singled out for criminal
15 prosecution, the guarantee of the right to sue the government is meaningless.
16 Prosecutorial immunity is designed to protect prosecutors in the performance of
17 their duties. Ms. Granger presents no law supporting the suggestion that her
18 duties include retaliating against civil litigants through criminal investigations.

19       **B.**    **Qualified Immunity**

20       Ms. Granger's characterization of qualified immunity reflects a remarkable
21 misunderstanding of both this complaint and the doctrine. First, she argues that
22 her belief that Mr. James had been convicted of a MCDV gives rise to the doctrine,
23 but that is what the mandamus action was about; if this case were about the
24 mandamus action, she would not need qualified immunity – she would have
25 absolute immunity [which she failed to establish, *ante*]. This case is not about her
26 defending the state; it is about her using her office to retaliate against Mr. James
27 for having sued the state. Second, she argues for qualified immunity because she
28 believes Mr. James failed to establish a constitutional violation; but if there is no

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  constitutional violation, she would not need qualified immunity because there
2  would be no liability.  It is Ms. Granger's burden to establish that she is entitled to
3  qualified immunity.  Her arguments for it are predicated on errant interpretations
4  of the factual allegations in the complaint and errant interpretations of the
5  doctrine itself.  She has failed to meet her burden in this motion.

6  　　　Ms. Granger tries to frame this lawsuit as being about MCDV.  This case is
7  not about MCDV; that is what the *mandamus* suit was about.  Mr. James had
8  purchased guns – the state had let him do it.  But then, the state claimed he could
9  not buy guns, which was why Mr. James brought a *mandamus* action for a
10 determination of his rights.  He freely admitted he owned guns in his petition, and
11 did so again at his deposition.  He did these things because he was confused: why
12 did the state let him buy guns for two years, only to say he no longer could
13 because of something that happened in the '90s?  While the state clearly believed
14 he could not, he believed he could; that was the whole point of the lawsuit.
15 Indeed, that is the whole point of *mandamus*!  Persons who want a determination
16 of their rights are should be encouraged to have those rights hashed out by the
17 courts, not criminally prosecuted for it.  Ms. Granger did the latter.

18 　　　Mr. James already alleged in the petition that he had purchased guns.  But
19 instead of meeting and conferring through counsel about having them maintained
20 by law enforcement or a licensed firearms dealer pending resolution of the case, or
21 filing for injunctive relief, or having the state send a letter as is the case in every,
22 or nearly every, other case of a civil dispute about whether MCDV applies, Ms.
23 Granger advised officers – separate and apart from her defense of the civil
24 litigation – to conduct a criminal investigation and exerted influence over county
25 prosecutors' decision to conduct a criminal prosecution despite her clear conflict
26 and her office having nothing to do with that prosecution.

27 　　　The question in this case is not whether Scott James had been convicted of
28 MCDV; the question is whether Ms. Granger violated his right to petition the

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1  government for the redress of grievances.  If it was determined that he had been
2  convicted of a MCDV, the guns would have been turned over.  It was silly for Ms.
3  Granger to have believed differently; if he was going to hold onto the guns he
4  already bought, he would not have admitted to owning them in his petition and
5  discovery.  And, even assuming his possession of guns was prohibited, a plaintiff's
6  violation of the law does not give rise to a defendant's immunity for wrongdoing
7  against that defendant unless the violation resulted from a risk against which the
8  statute was intended to protect.  *Rest.2d Torts § 889*.  Ms. Granger has failed to
9  establish anything that would indicate a risk of domestic violence by Mr. James'
10 hand at the time of her conduct.

11 In short, the face of the complaint shows that this case is not about Ms.
12 Granger's defense of her client in the civil litigation, so she is not entitled to
13 absolute immunity.  And her invocation of qualified immunity based on the lack of
14 a constitutional violation is not a proper application of qualified immunity.  Ms.
15 Granger has failed to establish that a reasonable attorney, similarly situated,
16 would have believed that the United States Constitution allows for state actors to
17 retaliate against civil litigants for having filed a suit in mandamus.  She has failed
18 to establish either of these immunities, and the motion should be denied.

### III.

### REQUEST FOR LEAVE TO AMEND

21 Should the Court be inclined to grant the motion, and recognizing that this
22 motion relies on some facts not alleged in the second amended complaint, Plaintiff
23 requests leave to amend to add these and other facts to cure any defect the Court
24 might find.  While Ms. Granger cites to a good deal of law supporting immunities
25 for state attorneys, she fails to cite to law supporting immunities for the kind of
26 conduct she participated in.  Leave to amend is appropriate.

27 ///
28 ///

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## IV.

## CONCLUSION

The motion to dismiss demands that this Court ignore the facts alleged, recognize prosecutorial immunity where there was no prosecutorial conduct, and qualified immunity before the immunity is even properly considered.  In short, Ms. Granger is asking this Court to dismiss this action as an Oakie-Doke; as some kind of secret professional courtesy with a "wink-wink, say no more!"  But her conduct was clearly retaliatory, intentionally singling out Mr. James for different treatment for no rational reason except to abridge his right to seek redress in the courts.  The motion should be denied.

Dated:  April 7, 2014                    DOOLEY, HERR, PEDERSEN
                                         & BERGLUND BAILEY, LLP

                                         By: /s/ Leonard C. Herr
                                                 LEONARD C. HERR
                                                 Attorneys for Plaintiff
                                                 SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.11 James v. Granger\Motions\Third Motion to Dismiss\Opp to Mtn. to Dismiss SAC.doc

LAW OFFICES
DOOLEY, HERR,
PEDERSEN &
BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-9-

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**