KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-8216
  Fax: (916) 322-8288
  E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>KIMBERLY GRANGER,<br><br>    Defendant. | 1:13-CV-0983 AWI SKO<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: April 21, 2014<br>Time: 1:30 p.m.<br>Courtroom: 2 (8th Floor)<br>Judge: Anthony W. Ishii (AWI)<br>Trial Date: TBD<br>Action Filed: June 26, 2013 |

### I. INTRODUCTION

Plaintiff's opposition reads like the novel The Wonderful Wizard of Oz. The all-powerful Kimberly Granger, Deputy Attorney General, can manipulate Bureau of Firearms agents, judges, and the district attorney of Tulare County. But the truth is that Plaintiff is more like the Wizard because he is relying on smoke and mirrors rather than facts and law.

In order to oppose the motion to dismiss, Plaintiff is forced to ignore the facts pled in the Second Amended Complaint. According to the facts, Plaintiff's claim is based on Ms. Granger's actions as a Deputy Attorney General defending the State of California in the mandamus action.

Second Am. Compl. ¶¶ 11, 21, 25. The facts alleged establish that Ms. Granger is entitled to immunity.

Plaintiff acknowledges as much and seeks leave to amend. But Plaintiff has already had three attempts to plead a valid claim and he has failed each time. Amendment is futile because there are no facts Plaintiff can plead which would give rise to a class of one claim against Ms. Granger. Plaintiff's contention that he can allege facts to support such a claim will subject him to a Rule 11 motion for sanctions. There is no evidentiary basis for alleging that Ms. Granger knew that no other misdemeanor crime of domestic violence (MCDV) offenders were subject to criminal prosecution when they admit owning or possessing weapons. And any allegations that Ms. Granger was the person who orchestrated the criminal prosecution or that she had any ability to approve or drop the criminal action against Plaintiff are so patently false that neither counsel nor Plaintiff could reasonably believe there is evidentiary support.

## II. DISMISSAL WITHOUT LEAVE TO AMEND IS PROPER.

Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Plaintiff's entire opposition is based on conclusory allegations rather than the facts alleged in the Second Amended Complaint. Because the facts alleged do not support a class of one claim and instead establish an immunity defense, dismissal is proper.

### A. Plaintiff Cannot Establish a Class of One Claim Against Ms. Granger.

According to Plaintiff, his class of one claim is based on whether Ms. Granger violated his right to petition the government for redress of grievances. Second Am. Compl. ¶ 26; Opposition 7:27-8:1. But Plaintiff provides no factual allegations that Ms. Granger acted any differently in regards to Plaintiff than she did with any other person convicted of a MCDV who admits owning firearms. Plaintiff argues that he knows of no other person who has been subject to search and seizure and criminal prosecution following the filing of a mandamus petition. Second Am. Compl. ¶ 21. Even if this is accurate, it does not support a class of one claim against Ms. Granger because there are no allegations that Ms. Granger knew that no one else involved in a mandamus

action contesting MCDV status is subject to search and seizure when they admit owning or possessing guns. *Gerhart v. Lake County, Montanta*, 637 F.3d 1013, 1022 (9th Cir. 2011.)

### B. Ms. Granger is Immune from Liability.

Ms. Granger is immune from liability. In his effort to get around absolute and qualified immunity, Plaintiff ignores the allegations in his Second Amended Complaint. Unfortunately for Plaintiff, he pled facts which establish immunity.

According to the Second Amended Complaint, Plaintiff's claim is based on Deputy Attorney General Granger's alleged attempt to gain an advantage in the mandamus action. Second Am. Compl. ¶¶ 11, 21, 25. Absolute immunity protects government attorneys for allegedly improper conduct if the conduct was "intimately associated with the judicial phases" of the litigation. *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Here, Plaintiff admits Ms. Granger's conduct was solely to gain advantage in the litigation. As a result, she is entitled to absolute immunity.

Plaintiff fails to provide any legal authority to overcome absolute immunity. Absolute prosecutorial immunity applies to government defense attorneys in civil matters. *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991); *Flood v. Harrington*, 532 F.2d 1248. Absolute immunity applies whether the government attorney is representing the plaintiff or the defendant, or conducting a civil trial or an agency hearing. *Fry*, 939 F.2d at 837. Because Ms. Granger enjoys absolute immunity, dismissal without leave to amend is proper.

Likewise, Ms. Granger is entitled to qualified immunity. Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). If the Court determines Plaintiff identified a clearly established constitutional right, immunity still applies because Ms. Granger reasonably believed that her conduct did not violate a clearly established right.

At issue is whether Plaintiff's battery conviction is a MCDV. If the conviction is a MCDV then Plaintiff is not entitled to own or possess firearms (18 U.S.C. § 922(g)(9)) and Ms. Granger did not violate any clearly established constitutional right.

On March 26, 2014, the United States Supreme Court determined that a MCDV includes battery if physical force is an element of battery. *United States v. Castleman*, No. 12-1371, slip op. (United States Supreme Court March 26, 2014). California Penal Code § 242 defines battery as "any willful and unlawful use of force or violence upon the person of another." In light of the Supreme Court ruling, Ms. Granger's belief that Plaintiff's battery conviction is a MCDV is reasonable.

The essence of Plaintiffs argument is that a government attorney cannot report crimes which a party admits committing if there is a pending litigation. There is no law to support this position and common sense dictates the opposite result.

Based on the allegations in the Second Amended Complaint, dismissal is proper. Plaintiff failed to allege a class of one claim. In addition, the facts establish immunity for Ms. Granger.

### C. Amendment is Futile.

Amendment is futile. Should Plaintiff amend to allege that Ms. Granger knew that no other MCDV offender involved in a mandamus action is subject to search and seizure and criminal prosecution when he/she admits owning or possessing firearms, Plaintiff will be met with a Rule 11 motion for sanctions. There is no evidentiary support for such an allegation. Likewise, should Plaintiff amend to allege that Ms. Granger was the only person who could approve dismissing the criminal prosecution against Plaintiff, a Rule 11 motion will be filed. These allegations are so patently false that neither counsel nor Plaintiff could reasonably believe there is evidentiary support.

///
///
///
///
///
///
///
///

### III. CONCLUSION

This action should be dismissed with prejudice. The Second Amended Complaint fails to state a § 1983 claim against Ms. Granger and she is entitled to immunity. As a result, Defendant Deputy Attorney General Kimberly Granger respectfully requests that the Court dismiss this action with prejudice.

Dated: April 9, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General


*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant Kimberly Granger*

SA2013309877
31951314.doc