KAMALA D. HARRIS, SBN 146672
Attorney General of California
ALBERTO L. GONZALEZ, SBN 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, SBN 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>                                    Plaintiff,<br><br>            v.<br><br>KIMBERLY GRANGER,<br><br>                                    Defendant. | 1:13-CV-0983 AWI SKO<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

COMES NOW defendant Kimberly Granger and by way of Answer to Plaintiff's Second Amended Complaint responds as follows:

**I.   ADMISSIONS**

Defendant Granger admits that at all times pertinent to Plaintiff's action, Defendant Granger was employed by the State of California as a Deputy Attorney General. Defendant denies all other allegations.

///

///

///

1

## II. GENERAL DENIAL

Defendant Granger denies all other allegations contained in the Second Amended Complaint and specifically denies that at any time she violated Plaintiff's civil rights under the Equal Protection Clause.

## III. RELIEF SOUGHT

Defendant asserts that Plaintiff is not entitled to any relief whatsoever.

## FEDERAL AFFIRMATIVE DEFENSES

To the extent that Plaintiff has stated claims under federal law, separate from state law, Defendant alleges the following federal affirmative defenses as follows:

**AFFIRMATIVE DEFENSE NO. 1**:

Because the Second Amended Complaint is couched in conclusory terms, this answering defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, she reserves the right to assert additional, separate affirmative defenses as may become appropriate in the future due to the discovery of additional facts or information.

**AFFIRMATIVE DEFENSE NO. 2**:

The Second Amended Complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action against Defendant.

**AFFIRMATIVE DEFENSE NO. 3**:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendant would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

///

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendant would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendant would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendant would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

**AFFIRMATIVE DEFENSE NO. 4:**

Plaintiff failed to take reasonable actions to mitigate his damages, if any there were, and any recovery against Defendant must be reduced by the amounts of damage that could have been prevented through the exercise of reasonable diligence.

**AFFIRMATIVE DEFENSE NO. 5:**

The Second Amended Complaint fails to state a cause of action for violation of civil rights as any deprivation of civil rights alleged in the complaint was not without due process of law.

**AFFIRMATIVE DEFENSE NO. 6:**

To the extent Defendants is sued in her official capacity, this court lacks jurisdiction over her pursuant to the Eleventh Amendment.

**AFFIRMATIVE DEFENSE NO. 7:**

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of Plaintiff and others who are not parties herein, each and all of whom failed to exercise ordinary care at the times and places alleged in the Second Amended Complaint.

**AFFIRMATIVE DEFENSE NO. 8:**

Should the Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity, including the Plaintiff, caused or contributed to damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 9:**

Pursuant to California Code of Civil Procedure section 667.7 and California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 10:**

Should Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed damages, if any there were. The causes of action alleged are subject to the statutory limitation of California Civil Code section 1431, *et seq.*, relating to joint and several liability for economic and non-economic damages.

**AFFIRMATIVE DEFENSE NO. 11:**

Plaintiff's claims are barred by the doctrine of laches, estoppel and waiver, and by all applicable statute of limitations.

**AFFIRMATIVE DEFENSE NO. 12:**

The facts alleged in the Second Amended Complaint constitute an isolated act of alleged behavior which does not constitute an unconstitutional policy, pattern or practice, under the doctrine of the law as announced in *City of Oklahoma City v. Tuttle* 105 S.Ct. 2427 (1985) and applicable statutory and judicial authorities.

///

**AFFIRMATIVE DEFENSE NO. 13**:

Defendant is entitled to a qualified immunity defense of "good faith" as a matter of law under the *Test and Malley v. Briggs* 104 S.Ct. 1092 (1986) case and applicable judicial authorities, and Defendant was at all times referred to in the Second Amended Complaint, acting in good faith and reasonably within the meaning of all federal and state statutes, doctrines, and judicial authorities.

**AFFIRMATIVE DEFENSE NO. 14**:

Defendant is entitled to absolute immunity for any actions arising out of her capacity as a attorney for the State of California.

**AFFIRMATIVE DEFENSE NO. 15**:

The Eleventh Amendment of the United States Constitution bars suits against Defendant in the federal court in her official capacity because she is not a "person" subject to suit under 42 U.S.C. section 1983, et. seq.

**AFFIRMATIVE DEFENSE NO. 16**:

At all times mentioned herein, Defendant exercised discretion vested in Defendant by virtue of the execution of duties of public office and with a reasonable belief in the lawfulness of their conduct.

**AFFIRMATIVE DEFENSE NO. 17**:

Defendant cannot be liable on any cause of action herein alleged under 42 U.S.C. section 1983 on the theory of respondeat superior.

**AFFIRMATIVE DEFENSE NO. 18**:

There is no infringement by this Defendant upon any constitutionally guaranteed right which would raise any of the alleged conduct in the Second Amended Complaint to the level of a federal cause of action.

**AFFIRMATIVE DEFENSE NO. 19**:

Plaintiff himself did not exercise ordinary care, caution or prudence to avoid the incident described in said Second Amended Complaint, and the resultant injuries and damages, if any, sustained by Plaintiff; and that said incident and the resulting injuries and damages, if any

sustained by Plaintiff were proximately caused or contributed to the fault, carelessness, negligence or criminal conduct of Plaintiff.

**AFFIRMATIVE DEFENSE NO. 20**:

Plaintiff incurred whatever losses alleged, if any, due to his own unreasonable conduct which was wholly within his control.

**AFFIRMATIVE DEFENSE NO. 21**:

Insofar as Defendant has approved or reviewed determinations or actions of any subordinate, such was done in a quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States. Defendant is therefore not liable for any act or omission of any subordinate.

**AFFIRMATIVE DEFENSE NO. 22**:

Defendant asserts that at all times herein relevant, Plaintiff failed to mitigate the injury and damage.

**AFFIRMATIVE DEFENSE NO. 23**:

Because the Second Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, if any, and to the extent such affirmative defenses are applicable, is hereby reserved.

**AFFIRMATIVE DEFENSE NO. 24**:

Defendant asserts that she did not deprive Plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**AFFIRMATIVE DEFENSE NO. 25**:

Defendant asserts that she did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any other injury and therefore are not liable.

**AFFIRMATIVE DEFENSE NO. 26**:

Defendant is immune from liability pursuant to the Federal Civil Rights Act where they act in good faith and entertain an honest, reasonable belief that his actions were necessary.

**AFFIRMATIVE DEFENSE NO. 27**:

Defendant asserts that she is immune from damages in that he acted in good faith in accordance with established law, including, but not limited to, the policies of the California Department of Justice.

**AFFIRMATIVE DEFENSE NO. 28**:

Defendant asserts that the Second Amended Complaint is barred by the Eleventh Amendment to the United States Constitution and the failure to comply with the applicable claims statutes and to precede that action with a claim as required by the California Government Code.

**AFFIRMATIVE DEFENSE NO. 29**:

Defendant asserts that he is not liable to Plaintiff for any injury or damages, if there were any, caused by an exercise of discretion.

**AFFIRMATIVE DEFENSE NO. 30**:

Defendant asserts that to the extent that Plaintiff suffered any injury it was the result of his own negligent or deliberate actions.

**AFFIRMATIVE DEFENSE NO. 31**:

Defendant asserts that to the extent Plaintiff raises claims of violations of state law, he is beyond the jurisdiction of this Court.

**AFFIRMATIVE DEFENSE NO. 32**:

Defendant asserts that to the extent that Plaintiff recovers damages on any claim brought under state law, defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 33**:

Defendant asserts the Second Amended Complaint and each cause of action failed to allege facts sufficient to constitute a cause of action for punitive damages.

**AFFIRMATIVE DEFENSE NO. 34**:

Defendant asserts that Plaintiff has failed to join all necessary parties to this action.

///

///

**AFFIRMATIVE DEFENSE NO. 35:**

Answering defendant will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

**AFFIRMATIVE DEFENSE NO. 36:**

Plaintiff, having full and adequate information, willingly, knowingly and voluntarily consented to the treatment alleged in the Second Amended Complaint.

WHEREFORE, Defendant makes demand and pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That Defendant be awarded costs of suit and attorney's fees; and
3. That Defendant be awarded such other relief as this Court deems proper.

Dated: June 2, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: June 2, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant*

SA2013309877
31999327.doc.doc