1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  ALBERTO L. GONZALEZ, State Bar No. 117605
   Supervising Deputy Attorney General
3  CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
   Deputy Attorney General
4  1300 I Street, Suite 125
   P.O. Box 944255
5  Sacramento, CA 94244-2550
   Telephone: (916) 445-8216
6  Fax: (916) 322-8288
   E-mail: Catherine.Woodbridge@doj.ca.gov
7  *Attorneys for Defendant Kimberly Granger*

8  Leonard C. Herr, State Bar No. 081896
   Ron Statler, State Bar No. 234177
9  Caren L. Curtiss, Certified Law Student
   DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
10 Attorneys at Law, LLP
   100 Willow Plaza, Suite 300
11 Visalia, California 93291
   Telephone: (559) 636-0200
12 Fax: (559) 636-9759

13 Attorneys for Plaintiff SCOTT R. JAMES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SCOTT R. JAMES,**<br><br>Plaintiff,<br><br>v.<br><br>**KIMBERLY GRANGER,**<br><br>Defendant. | 1:13-CV-0983 AWI SKO<br><br>**JOINT SCHEDULING REPORT**<br><br>**(Catherine Woodbridge Guess will be appearing telephonically for Defendant)**<br><br>Date:            June 24, 2014<br>Time:            10:00 A.M.<br>Courtroom:    7<br>Judge:           Magistrate Judge Sheila K. Oberto<br>Trial Date:    None<br>Action Filed:  June 26, 2013 |

1

**1.     Summary of Factual and Legal Contentions:**

This lawsuit arises out of Mr. James' interactions with Deputy Attorney General Kimberly Granger in state court proceedings. Ms. Granger represented the State of California/Office of the Attorney General in a petition for writ of mandate filed by Mr. James in the Tulare County Superior Court, Case No. VCU241117. The petition was based on Mr. James' prohibition from purchasing or possessing firearms.

In 1996, Mr. James pled no contest to misdemeanor violation of California Penal Code § 242 (battery). Under California law, Mr. James is prohibited from owning or possessing a firearm for 10 years after the conviction. Cal. Pen. Code § 29850. Federal law, however, places a life-time ban on anyone convicted of misdemeanor crimes of domestic violence (MCDV). 18 U.S.C. § 992(g)(9).

The issue in the state court proceedings concerned a determination of the crime for which Mr. James was originally convicted. The court's records refer to his *nolo contendere* plea to a violation of Penal Code section 242, and Mr. James does not dispute that he pleaded to a violation of that statute; however, because the criminal complaint and all other relevant documents are missing from the court's records there was no way to determine whether he was convicted of a MCDV. The legal issue addressed was whether a Penal Code § 242 conviction that includes no finding of fact as to what constituted that violation can lead to a determination that he was convicted of a MCDV.

During the state court proceeding, Mr. James admitted during deposition that he possessed firearms. A search was conducted of Mr. James's residence. During the search, agents found several firearms and ammunition. Mr. James was arrested and charged with violation of California Penal Code § 12280(b) (unlawful possession of assault weapon).

Mr. James brings a single cause of action for violation 42 U.S.C. § 1983. Mr. James claims denial of equal protection premised on a class of one argument. Mr. James argues that he was singled out for different treatment from others who were similarly situated in retaliation for having brought a lawsuit for determination of his rights to own or possess a firearm and that, as a result of the singular treatment, was subject to a search and seizure of his firearms constituting a

1  violation of his equal protection rights.  Mr. James claims Ms. Granger was responsible for the
2  improper search and seizure and resulting criminal action.

3  It is the position of the State of California and Ms. Granger that Mr. James' battery
4  conviction, which was against his then-wife, is a MCDV which prohibits him from owning or
5  possessing firearms.  Ms. Granger notified her client, the Department of Firearms, about Mr.
6  James' admission that he owns firearms.  A search of Mr. James' home found one unregistered
7  assault weapon, fourteen rifles, eight shotguns, seven handguns, twenty-nine magazines for hand
8  guns and rifles and four thousand thirty-three rounds of various caliber ammunition.  Mr. James
9  was arrested and charged with violation of California Penal Code § 12280(b) (unlawful
10  possession of assault weapon).  Those charges were subsequently dismissed.

11  Ms. Granger contends there are no allegations to support a § 1983 claim against her and she
12  is entitled to immunity.  To the extent Mr. James alleges Ms. Granger was responsible or played
13  any part in obtaining a search warrant for his residence, she is entitled to absolute immunity based
14  on her prosecutorial status.  *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*,
15  509 U.S. 259, 272-73 (1993); *Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003);  *Demery v.*
16  *Kupperman*, 735 F.2d 1139, 1143 (9th Cir. 1984).  Additionally, Ms. Granger is entitled to
17  qualified immunity.  Mr. James has no right to own, purchase or possess firearms.  18 U.S.C. §
18  992(g)(9).  Ms. Granger reasonably believed that her conduct did not violate a clearly established
19  right.  *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Mr. James disputes Ms. Granger's contentions.

20  **2.    Proposed Amendments to Pleadings:**
21  No further amendments are anticipated.
22  **3.    Proposed Deadline for Amendments:**
23  N/A.
24  **4.    Summary of Contested Facts:**
25  Whether Ms. Granger was acting as a Deputy Attorney General during the search of Mr.
26  James' home by the Department of Firearms.
27  Whether Ms. Granger was acting in a prosecutorial capacity when the search warrant was
28  issued  for Mr. James' residence.

3

Whether Ms. Granger was involved in obtaining the search warrant for Mr. James' residence.

Whether Ms. Granger directed any actions to seize Mr. James' firearms.

Whether Ms. Granger directed the alleged denial of an attorney for Mr. James during the search and seizure.

Whether Ms. Granger caused Mr. James' alleged injuries and damages.

**5.  Summary of Legal Issues in Dispute:**

Whether the issue of Mr. James' ability to lawfully own and possess firearms is properly before this court for adjudication.

Whether Mr. James can be considered a class of one for due process purposes.

Whether Ms. Granger violated Mr. James' rights pursuant to §1983.

Whether Ms. Granger caused any alleged injuries or damages to Mr. James.

Defendant contends the following legal issues are also in dispute

Whether Mr. James' battery conviction falls under 18 U.S.C. § 992(g)(9).

Whether Mr. James is able to lawfully own and possess firearms.

**6.  Status of Matters Before the Court:**

Defendant's Motion to Dismiss Second Amended Complaint was denied on May 28, 2014.

**7.  Discovery Plan:**

(a)  Initial disclosures pursuant to Fed.R.Civ. P. 26(a)(1) due July 22, 2014.

(b)  Non-expert discovery cut-off March 9, 2015.

(c)  Disclosure of expert witnesses pursuant to Fed.R.Civ. P. 26(a)(2) by April 9, 2015.

(d)  Expert witness discovery cut-off June 9, 2015.

(e)  No proposed changes in the limits of discovery pursuant to Fed. R.Civ. P. 26(b); 30(a)(2)(A), (B) or (C); 30 (d); or 33(a) anticipated at this time.

(f)  Protective orders are not anticipated at this time.

(g)  Other discovery issues are not anticipated at this time.

(h)  The parties do not anticipate the need for discovery outside the U.S.

(i)  The parties anticipate videotaping depositions.

4

(j)   Mid-Discovery Status Report and Conference by June 10, 2015.

(k)   Hearing on dispositive motions by July 15, 2015.

(l)   Hearing on non-dispositive motions by April 30, 2015.

**8.   Electronic Discovery:**

The parties do not anticipate problems at this time.

**9.   Settlement Conference:**

The parties believe settlement discussions are premature at this time, but discovery may render a court ordered settlement conference appropriate.

**10.   Trial**

(a)   October 19, 2015 – 5 day jury trial.

(b)   Pretrial conference August 17, 2015.

**11.   Consent to a U.S. Magistrate Judge.**

The parties do not consent to a U.S. Magistrate Judge.

**12.   Related Litigation**

A Petition for Writ of Mandamus was filed by Mr. James against the State Of California, Office of the Attorney General of the State Of California, and Kamala Harris, in her official capacity as Attorney General of the State of California in the Tulare County Superior Court, Case No. VCU241117.  Thereafter, the State appealed to the Court of Appeal, Fifth Appellate District, Case No. F065003.  A Petition for Review presented to the California Supreme Court, filed as Case No. S214385, is currently pending.

The California Supreme Court deferred the petition pending the outcome of a United States Supreme Court decision in *United States v. Castleman*, No. 12-1371.

On March 24, 2014, the United States Supreme Court announced its decision in *United States v. Castleman*, No. 12-1371.

On May 14, 2014, the California Supreme court issued its order directing the Court of Appeal to vacate its decision and to reconsider the cause in light of *United States v. Castleman* (2014) 572 U.S. ___ [134 S.Ct. 1405].

///

Plaintiff disputes that the issues involved in *United States v. Castleman*, No. 12-1371 or the *mandamus* action have any bearing on this case.  Defendant believes they do.

Dated: June 17, 2014                                   Respectfully submitted,

                                                             KAMALA D. HARRIS
                                                             Attorney General of California
                                                             ALBERTO L. GONZALEZ
                                                             Supervising Deputy Attorney General


                                                             By:  /s/ Catherine Woodbridge Guess
                                                             CATHERINE WOODBRIDGE GUESS
                                                             Deputy Attorney General
                                                             *Attorneys for Defendant*


Dated: June 17, 2014                                   DOOLEY, HERR, PEDERSEN &
                                                             BERGLUND BAILEY, LLP


                                                            By:      /s/ Leonard C. Herr
                                                                  LEONARD C. HERR,
                                                                Attorney for Plaintiff
                                                                SCOTT R. JAMES

SA2013309877
32001702