1  Leonard C. Herr, #081896
   Ron Statler, #234277
2  HERR PEDERSEN & BERGLUND LLP
   Attorneys at Law
3  100 Willow Plaza, Suite 300
   Visalia, California  93291
4  Telephone:  (559) 636-0200
   Email:  lherr@dhlaw.net
5
   Attorneys for Plaintiff: SCOTT R. JAMES
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  SCOTT R. JAMES,                    CASE NO.: 1:13-cv-00983-AWI-SKO

12        Plaintiff,                   **DECLARATION OF RON STATLER,
                                       ESQ. IN SUPPORT OF MOTION FOR**
13     v.                             **LEAVE TO FILE THIRD AMENDED
                                       COMPLAINT**
    KIMBERLY GRANGER, an
14  individual; STEVE LINDLEY, an
    individual                         **Date:        June 1, 2015**
15                                     **Time:        1:30 p.m.**
          Defendants.                  **Courtroom:   2**
16

17

18

19        I, Ron Statler, declare:

20        I am not a party to this action.

21        I am an attorney in the law firm Herr Pedersen & Berglund LLP, attorneys

22  of record for Plaintiff Scott James in this matter.  The statements made in this

23  declaration are true of my own knowledge and, if called upon to do so, I could and

24  would competently testify to them.

25        The operative complaint in this action, the Second Amended Complaint,

26  was filed on March 13, 2014 and was answered the following June 2 after a

27  motion to dismiss was denied, but deposition testimony was delayed until the New

28  Year by agreement of the parties; this was to allow Ms. Granger time to pursue

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

**DECLARATION OF RON STATLER, ESQ. IN SUPPORT OF MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

1   recovery from health issues.  On January 27, 2015, a deposition of Ms. Granger

2   was held in Sacramento.  At that time, her deposition testimony revealed a new

3   fact to Mr. James: Ms. Granger testified that she reported Mr. James to a

4   Department of Justice agent about Mr. James at the direction of [proposed

5   defendant] Steve Lindley, then the acting chief of the Bureau of Firearms [now the

6   Chief].  This information had not been revealed before.

7          Thereafter, a stipulated modified scheduling order was sought and Ms.

8   Granger agreed.  The date for filing a motion for leave to amend was set for April

9   15, 2015, making this motion timely.  Most other dates, including discovery and

10  trial dates, were continued around 6 months.  These dates were agreed to at one

11  of two telephonic meet and confer conferences between me and Ms. Granger's

12  counsel Catherine Guess on March 3 or 12, 2015, including an agreement that

13  April 15 would be the date by which the parties could seek leave to amend the

14  pleadings.

15         Attached to this Declaration as Exhibit A is a copy of the Third Amended

16  Complaint, which would be filed as presented here.

17         Attached as Exhibit B is version of the Third Amended Complaint with

18  added language underlined and removed words stricken through.  While

19  paragraph numbering does change, these changes are not indicated.

20         I declare under penalty of perjury under the laws of the State of California

21  that the foregoing is true and correct.

22         Executed this 15th day of April, 2015 at Visalia, California.

23

24                          /s/ Ron Statler
                            RON STATLER
25

26

27

28  F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Motions\Mtn. to Amend\Ron Dec.doc

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**DECLARATION OF RON STATLER, ESQ. IN SUPPORT OF MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

# EXHIBIT "A"

Leonard C. Herr, #081896
Ron Statler, #234277
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California  93291
Telephone:  (559) 636-0200
Email:  lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>        Plaintiff,<br>    v.<br><br>KIMBERLY GRANGER, an individual; STEVE LINDLEY, an individual<br><br>        Defendants. | CASE NO.: 1:13-cv-00983<br><br>**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**<br><br>**DEMAND FOR JURY TRIAL** |

1.      Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the United States Constitution and the First, Third, Fourth, Fifth, and Sixth Amendments to it, were violated by Defendant Kimberly Granger when she directed agents and, by withholding information from those agents, caused them to deny him legal counsel during an in-custody interrogation.  She also caused these agents to withhold information from the Court in procuring a search warrant.  This was done at the Direction of Steve Lindley, a person with authority to make policy in the California Department of Justice, Bureau of Firearms.  When they agents arrived at Scott James' home, they threatened to destroy his real and personal property if he did not answer questions during an in-custody interrogation after having been denied the benefit of legal counsel.  They also

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

1   caused criminal charges to be filed when no reasonable state attorney would have

2   believed the charges to be sustainable, in retaliation for having brought suit in

3   mandamus against the Attorney General of the State of California to secure his

4   rights, and denied him his rights of equal protection before the law.

5       2.     While divided into sections and subsections, this Amended

6   Complaint is to be read as a whole.  Each part incorporates each other part unless

7   otherwise noted.

## I.

### THE PARTIES

10      3.     Plaintiff, Scott R. James, is and at all times relevant to this Amended

11  Complaint was a U.S. Citizen domiciled in County of Tulare, State of California.

12      4.     Defendant, Kimberly Granger, is and at all times relevant to this

13  Amended Complaint was an adult whose citizenship is unknown.

14      5.     Defendant Steve Lindley was at the times relevant to this Amended

15  Complaint the Acting Chief of the Bureau of Firearms, a bureau within the

16  Department of Justice of the State of California.  He is now the Chief.

17      6.     It is unknown at this time if others undertook actions under color of

18  state law to violate Mr. James' civil rights.  Should other defendants come to light,

19  Mr. James will seek leave of Court to add that person or those persons as

20  defendants.

## II.

### JURISDICTION AND VENUE

23      7.     The action arises under 42 U.S.C. section 1983. Venue is proper in

24  this District because a substantial part of the events or omissions giving rise to

25  the claim occurred in Tulare County, which is in the Fresno Division of this

26  District.

27  ///

28  ///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

### III.

### FACTS UPON WHICH CLAIMS ARE BASED

8.      In 1996, Mr. James pleaded no contest to a misdemeanor violation of California Penal Code section 242.   No copy of the complaint against him, his answer, or a record of factual findings made by the Court appear in the Court's records.   His conviction was expunged under California Penal Code § 1203.4 in 2008.

9.      After ten years passed from his conviction by plea of no contest, Mr. James sought to purchase a firearm.   He passed his background check and bought it.   He was eventually issued a concealed carry permit, again passing his background check.

10.      In 2008, he was denied the purchase of a firearm and was informed, for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence.   Mr. James could not understand why his status had changed.   Mr. James engaged in written informal appeals through counsel with the federal and state governments hoping to clear up the misunderstanding regarding his prior conviction and, at one point, believed the matter must have been cleared and tried to purchase a gun again but was again denied.   The governmental agencies would not budge, and Mr. James filed the mandamus action.

11.      In February 2011, Scott James brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms.

12.      Ms. Granger represented the State in that action.   This Amended Complaint is not based on any actions Ms. Granger undertook in her defense of the State in that action; rather it is based on actions she undertook outside of that defense to gain unlawful and unconstitutional advantage in the mandamus action, and for other unknown reasons of personal animus, by misuse of her

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   apparent state authority by causing another action to be brought against and

2   maintained against Mr. James.

3       13.   On July 25, 2011, as part of the mandamus action, Ms. Granger

4   took the sworn testimony of Mr. James in deposition. During questioning, Mr.

5   James was asked if he possessed any firearms at his home.  He responded yes.

6   The legality of his doing so was the very question to be answered by the action

7   brought in mandamus.

8       14.   Over the next couple of days, Ms. Granger, acting outside the scope

9   of her position as legal counsel in a civil case, contacted agents for the State

10  Bureau of Firearms and informed them that Mr. James was in possession of

11  firearms despite having been convicted of a misdemeanor crime of domestic

12  violence.  Ms. Granger did not inform the agents that he had brought a petition in

13  mandamus for a determination of whether his possession of those firearms was

14  lawful.  The agents, in turn, did not inform the Court of that fact.  The search

15  warrant was obtained under false pretenses.

16      15.   This was done as part of a policy developed by Steve Lindley, who

17  developed a policy of intimidation of those who challenge the State's determination

18  of whether that person has been convicted of MCDV, and subjecting them to

19  searches and seizures in retaliation for objecting to governmental action and

20  decisions.  Mr. James' activities in the mandamus action made clear he sought to

21  operate within the law; the Office of the Attorney General, through Chief Lindley

22  developed a policy by which persons who sought to challenge the state's

23  determination in the courts would be subject to intimidation through criminal

24  prosecution and searches, warrants for which were  gained by withholding

25  information from the agents responsible for procuring the warrants; specifically,

26  by withholding information that the person being searched was seeking a judicial

27  determination of their rights to own the very items they will be prosecuted for

28  having.

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

16.    At the time the warrant was sought, Mr. James had filed a motion for summary judgment in the mandamus action.  The search was done a week before the State's opposition to Mr. James' summary judgment was due to be filed in October 2011 – about two months had passed since the search warrant had been signed by the Court.  Ms. Granger was on scene to supervise the search and obtain statements and information from Mr. James to use in the civil case.

17.    State agents, acting at the direction and on the advice of Ms. Granger, searched Mr. James' home.  Ms. Granger was present for the entire search.  During this time, Ms. Granger directed agents where to search and when. In Ms. Granger's presence, agents arrested Mr. James and questioned him after having refused to allow Mr. James' lawyer to escort him inside the home so Mr. James could be represented by counsel during that questioning.  After denying Mr. James legal representation, agents, acting in concert with Ms. Granger, threatened to use explosives on a safe in the middle of his home if he did not answer questions.  Mr. James, frightened, tearful, and denied legal counsel, gave the agents, within Ms. Granger's earshot and at her direction, the combination to the safe.  Firearms were located in the safe and confiscated.  Mr. James was charged with violation of California Penal Code section 12280(b) in Tulare County Superior Court, Case no. VCF260879.  Ms. Granger was not the prosecutor of that action.  At no time did Ms. Granger play a legitimate role in any proceeding against Mr. James.

18.    On or about February 3, 2012, the Tulare County Superior Court issued an order in the mandamus case declaring that Ms. Granger's contention that Mr. James had been convicted of a misdemeanor crime of domestic violence was based on an argument of law so outside the realm of reasonableness and logic that, were the Court to agree, it would violate its oath of office.  This argument by Ms. Granger was offered as though it was the current state of the law rather than a novel interpretation of it.  The State of California appealed that decision and

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  prevailed at the intermediate appellate level. The California Supreme Court
2  granted review of the case. The opinion of the Court of Appeal is of no force.

3      19.    A hearing on a motion to suppress evidence in the criminal case was
4  held before the Hon. Joseph Kalashian on February 8, 2013, after which the
5  charges were dropped and the case dismissed. During questioning, it was
6  revealed that if the State of California comes to learn that a person not currently
7  under investigation for some other crime may not be permitted to own or possess
8  guns because federal law prohibits them based on a potential prior conviction of a
9  misdemeanor crime of domestic violence, the State notifies them by letter or
10 otherwise contacts them and asks to have the weapons stored by a licensed third
11 party or the police pending a determination of the person's status.

12     20.    No letter was delivered to Mr. James, and no oral request was made
13 to him or to his counsel, despite his cooperative admission of gun possession in a
14 lawsuit in which he sought to address the question of whether he was allowed to
15 own them.

16                              **IV.**

17                      **CAUSE OF ACTION**

18  **DEPRIVATION OF CIVIL RIGHTS AND CONSPIRACY – 42 U.S.C. § 1983**

19                    **[Against all Defendants]**

20     21.    Ms. Granger acted under color of state law by using her office to
21 advise state agents that Scott R. James had been convicted of a misdemeanor
22 crime of domestic violence. While the opinion was not still the subject of judicial
23 interpretation, she advised the officers to undertake a criminal investigation of Mr.
24 James. No reasonable officer of the Court could have believed such an exercise of
25 the legal advice would be consistent with a civil litigant's rights.

26     22.    Ms. Granger therefore withheld information she knew a reasonable
27 agent would include in a petition or otherwise consider important in his or her
28 own evaluation of whether to request a search warrant in order to ensure the

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-6-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    warrant would be requested and issued and Mr. James arrested.  Ms. Granger

2    knew Mr. James would be arrested because he had already testified that he had

3    guns – and had already purchased at least one gun with the State's full knowledge

4    – but withheld the information to which agents testified would be considerations

5    in their decision to seek or not seek a warrant.  Ms. Granger advised officers to

6    arrest and question him after having refused to allow Mr. James to be

7    accompanied by his attorney.

8          23.    On information and belief, Ms. Granger advised these officers for

9    personal gain to ensure victory in the summary judgment motion in Mr. James'

10    mandamus action.  On information and belief, no other person who has invited

11    review of their right to possess a firearm under the Gun Control Act has been

12    subject to a search of their home and subsequent criminal prosecution.  Indeed,

13    in cases involving peace officers who had spent years possessing firearms before

14    their status as potential MCDV convicts was determined have simply been

15    reassigned to non-firearm-carrying positions or dismissal.  Their challenges to the

16    state's determination did not prompt criminal investigations and threats of

17    imprisonment.  In doing the acts complained of, Ms. Granger used her position as

18    a non-prosecuting attorney in a prosecutorial office to advise criminal charges

19    against a civil litigant.

20          24.    Ms. Granger further acted under color of state law by advising agents

21    during the search of Mr. James' home.  During the search, her demeanor became

22    increasingly agitated as agents found nothing except the very firearms about

23    which Mr. James had filed a civil suit.

24          25.    Ms. Granger was able to undertake this misuse of power because she

25    was clothed with the authority of state law; so clothed by way of her employment

26    as an attorney with the state Attorney General's office.

27          26.    Ms. Granger undertook these actions under color of state law in

28    order to intimidate and publicly vilify Mr. James in retaliation for having done no

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   more than seek redress in the Courts for a declaration of his rights under the

2   Second Amendment to the United State Constitution and several statutes.  State

3   practice in such circumstances involved a letter asking for cooperative

4   relinquishment of firearms pending the determination.  Mr. James' willingness to

5   be cooperative was patent: he had brought suit in which his purchase of a firearm

6   was alleged in the petition; he had testified under oath he had guns.  Instead, Ms.

7   Granger withheld information from state agents and gave legal advice to them that

8   Mr. James had been convicted of a misdemeanor crime of domestic violence,

9   advice no reasonable attorney for the state Attorney General could believe was

10   true or, in the alternative, was deliberately indifferent to the constitutional

11   violation that occurred.

12         27.    Ms. Granger undertook these actions intentionally: she advised

13   officers to commence a criminal prosecution to gain advantage in a civil dispute in

14   which Mr. James admitted he owned guns and brought suit in an attempt to

15   confirm if that was or was not lawful; she attended the search of his home; she

16   advised officers on where to search.

17         28.    Mr. James is a member of a class of one [or a few], treated differently

18   than others without basis other than his exercise of constitutional right to

19   "petition the Government for a redress of grievances," guaranteed by the First

20   Amendment to the Constitution and made binding on the states by the Fourteenth

21   Amendment.  Mr. James sought redress in mandamus in a case about his right to

22   bear arms; Ms. Granger singled him out for criminal prosecution because of it.

23   This unequal treatment was intentional and executed by design through Ms.

24   Granger's advice and participation in treatment she knew to be unequal and

25   based on Mr. James' exercise of rights.

26         29.    Ms. Granger violated Mr. James rights to redress, counsel, and to be

27   free of unreasonable search and seizure and ex post facto laws guaranteed by the

28   United States Constitution.

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-8-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

30.   Chief Lindley directed Ms. Granger to engage in this conduct.  Chief Lindley was, at the time, the Acting Chief of the Bureau of Firearms.  Ms. Granger has testified under oath that Chief Lindley directed her to undertake these actions, and that she agreed to do so.

31.   This agreement to violate Ms. James' civil rights was made by and between Ms. Granger and Mr. Lindley, who was also acting under the color of law by using his office, as Ms. Granger did.  Acts taken in furtherance of this conspiracy include Ms. Granger withholding information from agents after causing the search warrant to be issued, information that, when it came to light in open court, led to the quashing of the search warrant and dismissal of all charges that arose from it.  These acts, particularly the withholding of information, was undertaken by the conspirators to further the goal of the conspiracy which was to intimidate a litigant and retaliate against that litigant for having exercised his first amendment rights to redress, and as alleged above.

32.   Mr. James has suffered general and special damages including but not limited to, costs and fees for defense of the criminal matter, lost wages/profits, constitutional deprivations, interference with business relations, sleepless nights, ignominy, and humiliation, loss of comfort and enjoyment of his home, all in an amount to be proven and found at trial.

## V.

## PRAYER

WHEREFORE, Scott James prays for judgment against the Defendants and an award:

1.   For general and special damages;

2.   For actual and consequential damages;

3.   For compensatory damages;

4.   For attorney fees [under the Civil Rights Act, 42 U.S.C. § 1988];

5.   For punitive damages;

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-9-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1      6.     For costs of suit;

2      7.     For whatever other relief the Court deems proper.

3  Dated:  April 15, 2015      HERR PEDERSEN & BERGLUND

4

5                  By: /s/ Leonard C. Herr
                        LEONARD C. HERR

6                        Attorneys for Plaintiff
                        SCOTT R. JAMES

7

8

9                      **JURY DEMAND**

10

11     Plaintiff, SCOTT R. JAMES, demands trial by jury.

12  Dated:  April 15, 2015      HERR PEDERSEN & BERGLUND

13                 By: /s/ Leonard C. Herr
                      LEONARD C. HERR

14                      Attorneys for Plaintiff
                      SCOTT R. JAMES

15

16

17

18

19

20

21

22

23

24

25  F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Pleadings\Third Amended Complaint.doc

26

27

28

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-10-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

# EXHIBIT "B"

1  Leonard C. Herr, #081896
   Ron Statler, #234277
2  HERR PEDERSEN & BERGLUND LLP
   Attorneys at Law
3  100 Willow Plaza, Suite 300
   Visalia, California  93291
4  Telephone:  (559) 636-0200
   Email:  lherr@dhlaw.net
5
   Attorneys for Plaintiff: SCOTT R. JAMES
6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  SCOTT R. JAMES,                    CASE NO.: 1:13-cv-00983

12       Plaintiff,                    **THIRD AMENDED COMPLAINT FOR**
                                       **VIOLATION OF CIVIL RIGHTS [42**
13       v.                            **U.S.C. §1983]**

14  KIMBERLY GRANGER, an
    individual; STEVE LINDLEY, an      **DEMAND FOR JURY TRIAL**
15  individual

16       Defendants.

17

18       1.      Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of

19  the United States Constitution and the First, Third, Fourth, Fifth, and Sixth

20  Amendments to it, were violated by Defendant Kimberly Granger when she

21  directed agents and, by withholding information from those agents, caused them

22  to deny him legal counsel during an in-custody interrogation.  She also caused

23  these agents to withhold information from the Court in procuring a search

24  warrant.  <u>This was done at the Direction of Steve Lindley, a person with authority</u>

25  <u>to make policy in the California Department of Justice, Bureau of Firearms.</u>  When

26  they agents arrived at Scott James' home, they threatened to destroy his real and

27  personal property if he did not answer questions during an in-custody

28  interrogation after having been denied the benefit of legal counsel.  They also

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-1-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   caused criminal charges to be filed when no reasonable state attorney would have

2   believed the charges to be sustainable, in retaliation for having brought suit in

3   mandamus against the Attorney General of the State of California to secure his

4   rights, and denied him his rights of equal protection before the law.

5       2.    While divided into sections and subsections, this Amended

6   Complaint is to be read as a whole.  Each part incorporates each other part unless

7   otherwise noted.

8   ## I.

9   ## THE PARTIES

10       3.    Plaintiff, Scott R. James, is and at all times relevant to this Amended

11   Complaint was a U.S. Citizen domiciled in County of Tulare, State of California.

12       4.    Defendant, Kimberly Granger, is and at all times relevant to this

13   Amended Complaint was an adult whose citizenship is unknown.

14       5.    Defendant Steve Lindley was at the times relevant to this Amended

15   Complaint the Acting Chief of the Bureau of Firearms, a bureau within the

16   Department of Justice of the State of California.  He is now the Chief.

17       6.    It is unknown at this time if others undertook actions under color of

18   state law to violate Mr. James' civil rights.  Should other defendants come to light,

19   Mr. James will seek leave of Court to add that person or those persons as

20   defendants.

21   ## II.

22   ## JURISDICTION AND VENUE

23       7.    The action arises under 42 U.S.C. section 1983. Venue is proper in

24   this District because a substantial part of the events or omissions giving rise to

25   the claim occurred in Tulare County, which is in the Fresno Division of this

26   District.

27   ///

28   ///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

**III.**

**FACTS UPON WHICH CLAIMS ARE BASED**

8.     In 1996, Mr. James pleaded no contest to a misdemeanor violation of California Penal Code section 242.  No copy of the complaint against him, his answer, or a record of factual findings made by the Court appear in the Court's records.  His conviction was expunged under California Penal Code § 1203.4 in 2008.

9.     After ten years passed from his conviction by plea of no contest, Mr. James sought to purchase a firearm.  He passed his background check and bought it.  He was eventually issued a concealed carry permit, again passing his background check.

10.     In 2008, he was denied the purchase of a firearm and was informed, for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence.  Mr. James could not understand why his status had changed.  Mr. James engaged in written informal appeals through counsel with the federal and state governments hoping to clear up the misunderstanding regarding his prior conviction and, at one point, believed the matter must have been cleared and tried to purchase a gun again but was again denied.  The governmental agencies would not budge, and Mr. James filed the mandamus action.

11.     In February 2011, Scott James brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms.

12.     Ms. Granger represented the State in that action.  This Amended Complaint is not based on any actions Ms. Granger undertook in her defense of the State in that action; rather it is based on actions she undertook outside of that defense to gain unlawful and unconstitutional advantage in the mandamus action, and for other unknown reasons of personal animus, by misuse of her apparent state authority by causing another action to be brought against and

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    maintained against Mr. James.

2        13.   On July 25, 2011, as part of the mandamus action, Ms. Granger

3    took the sworn testimony of Mr. James in deposition. During questioning, Mr.

4    James was asked if he possessed any firearms at his home.  He responded yes.

5    The legality of his doing so was the very question to be answered by the action

6    brought in mandamus.

7        14.   Over the next couple of days, Ms. Granger, acting outside the scope

8    of her position as legal counsel in a civil case, contacted agents for the State

9    Bureau of Firearms and informed them that Mr. James was in possession of

10   firearms despite having been convicted of a misdemeanor crime of domestic

11   violence.  Ms. Granger did not inform the agents that he had brought a petition in

12   mandamus for a determination of whether his possession of those firearms was

13   lawful.  The agents, in turn, did not inform the Court of that fact.  The search

14   warrant was obtained under false pretenses.

15       15.   This was done as part of a policy developed by Steve Lindley, who

16   developed a policy of intimidation of those who challenge the State's determination

17   of whether that person has been convicted of MCDV, and subjecting them to

18   searches and seizures in retaliation for objecting to governmental action and

19   decisions.  Mr. James' activities in the mandamus action made clear he sought to

20   operate within the law; the Office of the Attorney General, through Chief Lindley

21   developed a policy by which persons who sought to challenge the state's

22   determination in the courts would be subject to intimidation through criminal

23   prosecution and searches, warrants for which were  gained by withholding

24   information from the agents responsible for procuring the warrants; specifically,

25   by withholding information that the person being searched was seeking a judicial

26   determination of their rights to own the very items they will be prosecuted for

27   having.

28       16.   At the time the warrant was sought, Mr. James had filed a motion for

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1     summary judgment in the mandamus action.  The search was done a week before

2     the State's opposition to Mr. James' summary judgment was due to be filed in

3     October 2011 – about two months had passed since the search warrant had been

4     signed by the Court.  Ms. Granger was on scene to supervise the search and

5     obtain statements and information from Mr. James to use in the civil case.

6         17.    State agents, acting at the direction and on the advice of Ms.

7     Granger, searched Mr. James' home.  Ms. Granger was present for the entire

8     search.  During this time, Ms. Granger directed agents where to search and when.

9     In Ms. Granger's presence, agents arrested Mr. James and questioned him after

10    having refused to allow Mr. James' lawyer to escort him inside the home so Mr.

11    James could be represented by counsel during that questioning.  After denying

12    Mr. James legal representation, agents, acting in concert with Ms. Granger,

13    threatened to use explosives on a safe in the middle of his home if he did not

14    answer questions.  Mr. James, frightened, tearful, and denied legal counsel, gave

15    the agents, within Ms. Granger's earshot and at her direction, the combination to

16    the safe.  Firearms were located in the safe and confiscated.  Mr. James was

17    charged with violation of California Penal Code section 12280(b) in Tulare County

18    Superior Court, Case no. VCF260879.  Ms. Granger was not the prosecutor of that

19    action.  At no time did Ms. Granger play a legitimate role in any proceeding

20    against Mr. James.

21         18.    On or about February 3, 2012, the Tulare County Superior Court

22    issued an order in the mandamus case declaring that Ms. Granger's contention

23    that Mr. James had been convicted of a misdemeanor crime of domestic violence

24    was based on an argument of law so outside the realm of reasonableness and logic

25    that, were the Court to agree, it would violate its oath of office.  This argument by

26    Ms. Granger was offered as though it was the current state of the law rather than

27    a novel interpretation of it.  The State of California appealed that decision and

28    prevailed at the intermediate appellate level. The California Supreme Court

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-5-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    granted review of the case.  The opinion of the Court of Appeal is of no force.

2        19.    A hearing on a motion to suppress evidence in the criminal case was

3    held before the Hon. Joseph Kalashian on February 8, 2013, after which the

4    charges were dropped and the case dismissed.   During questioning, it was

5    revealed that if the State of California comes to learn that a person not currently

6    under investigation for some other crime may not be permitted to own or possess

7    guns because federal law prohibits them based on a potential prior conviction of a

8    misdemeanor crime of domestic violence, the State notifies them by letter or

9    otherwise contacts them and asks to have the weapons stored by a licensed third

10   party or the police pending a determination of the person's status.

11       20.    No letter was delivered to Mr. James, and no oral request was made

12   to him or to his counsel, despite his cooperative admission of gun possession in a

13   lawsuit in which he sought to address the question of whether he was allowed to

14   own them.

15                                   **IV.**

16                            **CAUSE OF ACTION**

17   **DEPRIVATION OF CIVIL RIGHTS <u>AND CONSPIRACY</u> – 42 U.S.C. § 1983**

18                         **<u>[Against all Defendants]</u>**

19       21.    Ms. Granger acted under color of state law by using her office to

20   advise state agents that Scott R. James had been convicted of a misdemeanor

21   crime of domestic violence.  While the opinion was not still the subject of judicial

22   interpretation, she advised the officers to undertake a criminal investigation of Mr.

23   James.  No reasonable officer of the Court could have believed such an exercise of

24   the legal advice would be consistent with a civil litigant's rights.

25       22.    Ms. Granger therefore withheld information she knew a reasonable

26   agent would include in a petition or otherwise consider important in his or her

27   own evaluation of whether to request a search warrant in order to ensure the

28   warrant would be requested and issued and Mr. James arrested.  Ms. Granger

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-6-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    knew Mr. James would be arrested because he had already testified that he had

2    guns – and had already purchased at least one gun with the State's full knowledge

3    – but withheld the information to which agents testified would be considerations

4    in their decision to seek or not seek a warrant.  Ms. Granger advised officers to

5    arrest and question him after having refused to allow Mr. James to be

6    accompanied by his attorney.

7        23.    On information and belief, Ms. Granger advised these officers for

8    personal gain to ensure victory in the summary judgment motion in Mr. James'

9    mandamus action.  On information and belief, no other person who has invited

10   review of their right to possess a firearm under the Gun Control Act has been

11   subject to a search of their home and subsequent criminal prosecution.  Indeed,

12   in cases involving peace officers who had spent years possessing firearms before

13   their status as potential MCDV convicts was determined have simply been

14   reassigned to non-firearm-carrying positions or dismissal.  Their challenges to the

15   state's determination did not prompt criminal investigations and threats of

16   imprisonment.  In doing the acts complained of, Ms. Granger used her position as

17   a non-prosecuting attorney in a prosecutorial office to advise criminal charges

18   against a civil litigant.

19       24.    Ms. Granger further acted under color of state law by advising agents

20   during the search of Mr. James' home.  During the search, her demeanor became

21   increasingly agitated as agents found nothing except the very firearms about

22   which Mr. James had filed a civil suit.

23       25.    Ms. Granger was able to undertake this misuse of power because she

24   was clothed with the authority of state law; so clothed by way of her employment

25   as an attorney with the state Attorney General's office.

26       26.    Ms. Granger undertook these actions under color of state law in

27   order to intimidate and publicly vilify Mr. James in retaliation for having done no

28   more than seek redress in the Courts for a declaration of his rights under the

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-7-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   Second Amendment to the United State Constitution and several statutes.  State

2   practice in such circumstances involved a letter asking for cooperative

3   relinquishment of firearms pending the determination.  Mr. James' willingness to

4   be cooperative was patent: he had brought suit in which his purchase of a firearm

5   was alleged in the petition; he had testified under oath he had guns.  Instead, Ms.

6   Granger withheld information from state agents and gave legal advice to them that

7   Mr. James had been convicted of a misdemeanor crime of domestic violence,

8   advice no reasonable attorney for the state Attorney General could believe was

9   true or, in the alternative, was deliberately indifferent to the constitutional

10  violation that occurred.

11       27.    Ms. Granger undertook these actions intentionally: she advised

12  officers to commence a criminal prosecution to gain advantage in a civil dispute in

13  which Mr. James admitted he owned guns and brought suit in an attempt to

14  confirm if that was or was not lawful; she attended the search of his home; she

15  advised officers on where to search.

16       28.    Mr. James is a member of a class of one [or a few], treated differently

17  than others without basis other than his exercise of constitutional right to

18  "petition the Government for a redress of grievances," guaranteed by the First

19  Amendment to the Constitution and made binding on the states by the Fourteenth

20  Amendment.  Mr. James sought redress in mandamus in a case about his right to

21  bear arms; Ms. Granger singled him out for criminal prosecution because of it.

22  This unequal treatment was intentional and executed by design through Ms.

23  Granger's advice and participation in treatment she knew to be unequal and

24  based on Mr. James' exercise of rights.

25       29.    Ms. Granger violated Mr. James rights to redress, counsel, and to be

26  free of unreasonable search and seizure and ex post facto laws guaranteed by the

27  United States Constitution.

28       30.    Chief Lindley directed Ms. Granger to engage in this conduct.  Chief

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-8-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  Lindley was, at the time, the Acting Chief of the Bureau of Firearms. Ms. Granger

2  has testified under oath that Chief Lindley directed her to undertake these

3  actions, and that she agreed to do so.

4      31.   This agreement to violate Ms. James' civil rights was made by and

5  between Ms. Granger and Mr. Lindley, who was also acting under the color of law

6  by using his office, as Ms. Granger did. Acts taken in furtherance of this

7  conspiracy include Ms. Granger withholding information from agents after causing

8  the search warrant to be issued, information that, when it came to light in open

9  court, led to the quashing of the search warrant and dismissal of all charges that

10 arose from it. These acts, particularly the withholding of information, was

11 undertaken by the conspirators to further the goal of the conspiracy which was to

12 intimidate a litigant and retaliate against that litigant for having exercised his first

13 amendment rights to redress, and as alleged above.

14     32.   Mr. James has suffered general and special damages including but

15 not limited to, costs and fees for defense of the criminal matter, lost wages/profits,

16 constitutional deprivations, interference with business relations, sleepless nights,

17 ignominy, and humiliation, loss of comfort and enjoyment of his home, all in an

18 amount to be proven and found at trial.

19                               **V.**

20                     **PRAYER**

21     WHEREFORE, Scott James prays for judgment against the Defendants and

22 an award:

23     1.    For general and special damages;

24     2.    For actual and consequential damages;

25     3.    For compensatory damages;

26     4.    For attorney fees [under the Civil Rights Act, 42 U.S.C. § 1988];

27     5.    For punitive damages;

28     6.    For costs of suit;

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-9-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1    7.    For whatever other relief the Court deems proper.

2    Dated:  April 15, 2015          HERR PEDERSEN & BERGLUND

3

4                        By: /s/ Leonard C. Herr
                             LEONARD C. HERR
                             Attorneys for Plaintiff
5                            SCOTT R. JAMES

6

7

8                        **JURY DEMAND**

9

10   Plaintiff, SCOTT R. JAMES, demands trial by jury.

11   Dated:  April 15, 2015          HERR PEDERSEN & BERGLUND

12                       By: /s/ Leonard C. Herr
                             LEONARD C. HERR
13                           Attorneys for Plaintiff
                             SCOTT R. JAMES
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Pleadings\Third Amended Complaint.doc

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-10-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**