# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JAMES, | Case No. 1:13-cv-00983-AWI-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT** |
| | (Doc. 43) |
| KIMBERLY GRANGER, | |
| Defendant. | |

## I. INTRODUCTION

On April 15, 2015, Plaintiff Scott James ("Plaintiff") filed a motion to amend, seeking leave to file a Third Amended Complaint ("TAC"). Defendant Kimberly Granger ("Granger" or "Defendant") filed an opposition brief on May 11, 2015, and Plaintiff filed a reply brief on May 20, 2015. The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument pursuant to U.S. District Court for the Eastern District of California's Local Rule 230(g). The hearing set for May 27, 2015, is VACATED. For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

## II. BACKGROUND

**A.   Factual Background**[1]

Plaintiff alleges that in 1996 he pleaded no contest to a misdemeanor violation of the California Penal Code section 242. His conviction was expunged in 2008 pursuant to California Penal Code section 1203.4. (Doc. 22, ¶ 7.) Ten years after this conviction, Plaintiff passed a background check and purchased a firearm. He was eventually issued a concealed carry permit after passing another background check. In 2008, Plaintiff was denied the purchase of another firearm on the ground that the State of California believed he had been convicted of a misdemeanor crime of domestic violence. In February 2011, Plaintiff brought suit against the State of California in a mandamus action regarding his right to own, purchase, and possess firearms. Defendant Granger, an attorney, represented the State of California in that mandamus action.

In July 2011, Granger took Plaintiff's deposition and asked whether Plaintiff possessed any firearms at his home, and Plaintiff indicated he did. Plaintiff alleges that Granger, acting outside the scope of her position as legal counsel in the mandamus action, contacted agents for the California Bureau of Firearms and informed them that Plaintiff was in possession of firearms despite having been convicted of a misdemeanor crime of domestic violence. Granger allegedly failed to inform the agents that Plaintiff had filed a mandamus petition for a determination whether his possession of those firearms was lawful.

A search warrant was issued the same week as Plaintiff filed a motion for summary judgment in the mandamus action. The search warrant was executed a week before the State of California's opposition to the motion for summary judgment was due. Plaintiff alleges Granger was at his home to supervise the search and obtain statements and information from Plaintiff to use in the mandamus action. Plaintiff alleges that state agents, acting at the direction and advice of Granger, searched Plaintiff's home. In Granger's presence, agents arrested Plaintiff and questioned him after having refused to allow Plaintiff's lawyer to escort him inside the home so he

---

[1] The factual background summarizes Plaintiff's allegations as set forth in the Second Amended Complaint. (Doc. 22.)

2

could be represented by counsel during the questioning. Agents also threatened to use explosives on a safe in the middle of his home if Plaintiff did not answer questions. Within Granger's earshot, Plaintiff gave the combination to his safe. Firearms were located in the safe, and they were confiscated. Plaintiff was charged with violation of California Penal Code section 12280(b) in Tulare County Superior Court, case no. VCF260879. In February 2012, the Tulare Superior Court issued an order in the mandamus case in Plaintiff's favor, the State of California appealed the decision, and it prevailed at the intermediate appellate level. The California Supreme Court granted review of the case.

Meanwhile, the criminal charges against Plaintiff were dropped, and the criminal case was dismissed. During questioning at a motion to suppress hearing, it was revealed that if the State of California comes to learn that a person not currently under investigation for some other crime may not be permitted to own or possess guns because federal law prohibits them, the State notifies that person by letter and asks to have the weapons stored by a licensed third party or the police pending a determination of the person's status. Plaintiff alleges no letter was delivered to him, and no oral request was made to him or his counsel to have another party store his firearms.

**B.     Procedural Background**

Plaintiff filed his original complaint on June 26, 2013, and the parties stipulated to dismissal and amendment. Plaintiff filed a First Amended Complaint ("FAC"), which the court dismissed with leave to amend. In dismissing the FAC, the court noted the FAC failed to allege facts sufficient to show that Defendant acted intentionally and that others were treated differently. Plaintiff filed a Second Amended Complaint ("SAC") on March 13, 2014, Defendant filed a motion to dismiss.

Plaintiff's SAC, which is currently the operative pleading, sets forth a claim under 42 U.S.C. § 1983. The SAC alleges Granger acted under color of law by advising state agents that Plaintiff had been convicted of a misdemeanor crime of domestic violence and advised them to undertake a criminal investigation of Plaintiff for wrongful possession of a firearm. Granger withheld information she knew a reasonable agent would consider important to determine whether to request a search warrant – i.e., that Plaintiff's rightful possession of a firearm was under

3

determination in the mandamus action. Plaintiff alleges that Granger advised these officers for personal gain to ensure victory in the summary judgment motion in Plaintiff's mandamus action. According to Plaintiff, no other person who has sought review of his or her right to possess a firearm under the Gun Control Act[2] has been subjected to a search of his/her home and subsequent criminal prosecution.

In denying Defendant's motion to dismiss the SAC, the court construed Plaintiff's Section 1983 claim as one for violation of the Equal Protection Clause as a "class of one." Following the district court's denial of Defendant's motion to dismiss the SAC, the parties submitted a scheduling report, and a scheduling order setting case deadlines was issued. (Docs. 31, 33.) On February 18, 2015, the parties filed a stipulation requesting a continuance of the trial and all related dates, which the district court granted. (Docs. 33, 36.) The parties were ordered to submit a scheduling report proposing new case deadlines. (Docs. 40, 41.) A Second Amended Scheduling Order was issued setting new case deadlines, including a deadline of April 15, 2015, to file any motions or stipulations to amend the pleadings. (Doc. 42.) Among other deadlines, the non-expert discovery deadline was continued to September 9, 2015, and the trial was continued to May 17, 2016.

On April 15, 2015, Plaintiff filed a motion to amend the pleadings to file a TAC seeking to add Steve Lindley ("Lindley") as a defendant and a new claim against Lindley and Granger for conspiracy, which is currently pending before the Court.

### III.  DISCUSSION

**A.  The Motion to Amend the Complaint is Timely and Does Not Require Modification of the Scheduling Order Pursuant to Federal Rule of Civil Procedure 16**

**1.  Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the

---

[2] 18 U.S.C. § 921, *et seq.*

amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

**2.     Analysis**

Plaintiff's motion to amend the pleadings was filed prior to the deadline set forth in the Second Amended Scheduling Order. As non-expert discovery does not close until September 9, 2015, amendment in the manner proposed by Plaintiff will not require any modification to the Second Amended Scheduling Order. Plaintiff contends the basis for amendment was discovered during Defendant's deposition, which has been delayed due to Defendant's health issues. Even if Plaintiff's proposed amended complaint required a modification to the scheduling order, Plaintiff has established good cause to support such a modification as the delay in Defendant's deposition, which provided the facts underlying Plaintiff's request to amend, was outside the control of Plaintiff and his counsel. *Johnson*, 975 F.3d at 609. Whether amendment should be permitted

under Federal Rule of Civil Procedure 15(a) is therefore the relevant inquiry. *Jackson*, 186 F.R.D. at 607.

### B.     Plaintiff May Amend the Complaint Under Federal Rule of Civil Procedure 15(a)

#### 1.     Legal Standard

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(1)-(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The factors commonly considered to determine the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

#### 2.     The Proposed Amendment is Not Prejudicial to Defendant

As noted above, Plaintiff timely filed his motion to amend the complaint to add Lindley and to state a new claim for conspiracy against Lindley and Granger. In February 2015, the parties stipulated to the amendment deadline of April 15, 2015, and this date was adopted by the Court in the Second Amended Scheduling Order. (Doc. 42.) Plaintiff contends the facts supporting the addition of Lindley and the claim against him for conspiracy arose during the course of Granger's deposition on January 27, 2015, which had been delayed due to Granger's

health issues.  Plaintiff asserts this is when he learned that Lindley had directed Granger to undertake the actions for which Granger is being sued in this action.  Granger makes no argument that the Proposed TAC is prejudicial, and there is no basis in the record to conclude that the addition of one new party and one new claim will create prejudice as non-expert discovery does not close until September 9, 2015.  This factor weighs in favor of amendment.

### 3. The Proposed Claim Against Lindley is Not Futile

Defendant argues that the cause of action proposed against Lindley is futile because it is barred as matter of law.  (Doc. 45, 2:11-20.)  Defendant contends the proposed TAC sues Lindley in his official capacity as Chief of the Bureau of Firearms, Office of the Attorney General, and it is well-established that a Section 1983 claim cannot be brought against a state official in his official capacity.  Plaintiff argues that Lindley is identified as the Chief of the California Bureau of Firearms only to articulate his position and role as a party acting under the color of law.  Lindley was identified as an "individual" in the caption of the complaint and the allegations against him relate to his personal conduct in the alleged constitutional violations.

In *Kentucky v. Graham*, the Supreme Court contrasted claims brought against defendants in their personal-capacity with official-capacity suits:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he undertakes under color of law . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent . . . As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . It is not a suit against the official personally, for the real party in interest is the entity.  Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government itself.
>
> On the Merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right . . . More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation . . . ; thus, in an official-capacity suit the entity's policy or  custom must have played a party in the violation of federal law.

473 U.S. 159, 165 (1985) (internal quotation marks and citations omitted).

As Eleventh Amendment immunity extends to suits against the State of California, Plaintiff cannot proceed against Lindley in his official capacity as Chief of the Bureau of Firearms, Office of the Attorney General, but can proceed against Lindley in his individual capacity. *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992) ("[T]he eleventh amendment will bar Pena from bringing his claims in federal court against the state officials in their official capacities").  To determine whether a defendant is sued in his individual or official capacity, "the Court must look not only at the caption of the complaint, but must examine the specifics of the conduct alleged." *Lincoln v. Tuso*, No. C 9601297 FMS, 1997 WL 227879, *2 (N.D. Cal. Apr. 29, 1997).  Allegations that the state official was performing his governmental duties when he committed the alleged misconduct are not dispositive. *See Price v. Hawaii*, 939 F.2d 702, 706 (9th Cir. 1991). "[T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Where an official exceeds the scope of his authority while acting under color of state law, or personally deprives the plaintiff of a federal right, the official can be sued in his individual capacity. *See Pena*, 976 F.2d at 474.

Here, Lindley is named in his individual capacity, not in his official capacity as Chief of the Bureau of Firearms.  He is identified as an individual in the caption of the complaint.  More importantly, the complaint alleges his personal conduct in developing the policy Plaintiff asserts violates his rights and subjected Plaintiff to intimidation.  (Doc. 43-2, Proposed TAC, ¶ 15.) Plaintiff also alleges that Lindley personally directed Granger to engage in the conduct based on Granger's deposition testimony that Lindley directed her to undertake obtaining a warrant and searching Plaintiff's home.  (Doc. 43-2, Proposed TAC, ¶ 30-31.)  Plaintiff alleges that Granger and Lindley acted under color of state law and conspired to withhold information from the agents causing the search warrant to be issued, which violated Plaintiff's rights under the First Amendment.  Plaintiff has sufficiently alleged that Lindley's conduct deprived Plaintiff of his rights by developing a policy and by personally directing Granger to obtain a warrant and execute a search of Plaintiff's home.  The allegations of the complaint establish that Lindley is sued in his individual capacity and not his official capacity.  Therefore, the suit against him is not barred as a

8

matter of law. *Pena*, 976 F.2d at 473 (damages suits against state officials in their individual capacity are not barred by the Eleventh Amendment).[3]

### 4. There is No Evidence Plaintiff Seeks to Amend the Complaint in Bad Faith or Unduly Delayed in Seeking Amendment

Defendant argues that because Plaintiff is attempting to allege a claim against Lindley that is clearly barred as an official capacity suit under 42 U.S.C. § 1983, the amendment is sought in bad faith and for purposes of harassment. This assertion is not persuasive.

Lindley is sued in his individual capacity; thus the claim against him is not barred as a matter of law. The information underlying the conspiracy claim against Lindley was obtained during the deposition of Granger in February 2015, and Plaintiff sought to amend the complaint within the amendment deadline to which the parties stipulated and proposed in March 2015. The record does not establish any bad-faith motive by Plaintiff in seeking to amend the complaint to add Lindley and a conspiracy claim against Lindley and Granger. *See Cavanaugh v. Providence Health Plan*, 699 F. Supp. 2d 1209, 1231-32 (D.Or. 2010) (no bad faith shown where plaintiff offered a credible explanation for seeking to amend the complaint after parties filed cross-motions for summary judgment).

### 5. Conclusion

Rule 15(a) mandates that leave to amend should be freely given when justice so requires, and the Ninth Circuit has instructed the rule is to be interpreted with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). There is no evidence Granger will be

---

[3] Defendant also argues that the allegations of the complaint are directly contradicted by Plaintiff's deposition testimony. For example, Plaintiff alleged that other similarly situated individuals are provided a letter asking that a person ostensibly prohibited from possessing a firearm voluntarily relinquish his weapon. Plaintiff testified at his deposition, however, that he has no proof that the State of California has a practice of sending people a letter to relinquish their weapon. As to Plaintiff's allegations that Granger supervised the search of his home, Plaintiff admitted at his deposition that on the day of the search he could not hear anything Ganger said nor did he communicate with Granger. (Doc. 45, 2:21-3:15.)

Defendant's argument in this regard challenges the merits of Plaintiff's claim, which is not the relevant inquiry in determining whether to permit amendment of the complaint. The allegations to which Defendant refers were contained in the SAC, and they were considered by the district court in denying Defendant's motion to dismiss the SAC. Defendant's challenge to the sufficiency of evidence supporting Plaintiff's allegations is properly the subject of a dispositive motion, and it is not an adequate basis to oppose amendment of the complaint.

9

prejudiced by the proposed amendment, the motion to amend the complaint was timely filed, there is no evidence of bad-faith on the part of Plaintiff, and the suit against proposed defendant Lindley is not futile as barred by law. For these reasons, Plaintiff's motion to amend is GRANTED.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;
2. Plaintiff shall file a Third Amended Complaint as proposed and attached to his motion to amend (Doc. 43-2) within 2 days from the date of this order;
3. Defendants shall file a response to the complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **May 26, 2015**                           **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE