Leonard C. Herr, #081896
Ron Statler, #234277
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>　　　Plaintiff,<br>　v.<br><br>KIMBERLY GRANGER, an individual; STEVE LINDLEY, an individual<br><br>　　　Defendants. | CASE NO.: 1:13-cv-00983<br><br>**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]**<br><br>**DEMAND FOR JURY TRIAL** |

1.　　Plaintiff Scott R. James' civil rights under Article I, sections 9 & 10 of the United States Constitution and the First, Third, Fourth, Fifth, and Sixth Amendments to it, were violated by Defendant Kimberly Granger when she directed agents and, by withholding information from those agents, caused them to deny him legal counsel during an in-custody interrogation. She also caused these agents to withhold information from the Court in procuring a search warrant. This was done at the Direction of Steve Lindley, a person with authority to make policy in the California Department of Justice, Bureau of Firearms. When they agents arrived at Scott James' home, they threatened to destroy his real and personal property if he did not answer questions during an in-custody interrogation after having been denied the benefit of legal counsel. They also

-1-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

1 caused criminal charges to be filed when no reasonable state attorney would have
2 believed the charges to be sustainable, in retaliation for having brought suit in
3 mandamus against the Attorney General of the State of California to secure his
4 rights, and denied him his rights of equal protection before the law.

5     2. While divided into sections and subsections, this Amended
6 Complaint is to be read as a whole. Each part incorporates each other part unless
7 otherwise noted.

## I.

## THE PARTIES

    3. Plaintiff, Scott R. James, is and at all times relevant to this Amended Complaint was a U.S. Citizen domiciled in County of Tulare, State of California.

    4. Defendant, Kimberly Granger, is and at all times relevant to this Amended Complaint was an adult whose citizenship is unknown.

    5. Defendant Steve Lindley was at the times relevant to this Amended Complaint the Acting Chief of the Bureau of Firearms, a bureau within the Department of Justice of the State of California. He is now the Chief.

    6. It is unknown at this time if others undertook actions under color of state law to violate Mr. James' civil rights. Should other defendants come to light, Mr. James will seek leave of Court to add that person or those persons as defendants.

## II.

## JURISDICTION AND VENUE

    7. The action arises under 42 U.S.C. section 1983. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in Tulare County, which is in the Fresno Division of this District.

///
///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

## III.

## FACTS UPON WHICH CLAIMS ARE BASED

8. In 1996, Mr. James pleaded no contest to a misdemeanor violation of California Penal Code section 242. No copy of the complaint against him, his answer, or a record of factual findings made by the Court appear in the Court's records. His conviction was expunged under California Penal Code § 1203.4 in 2008.

9. After ten years passed from his conviction by plea of no contest, Mr. James sought to purchase a firearm. He passed his background check and bought it. He was eventually issued a concealed carry permit, again passing his background check.

10. In 2008, he was denied the purchase of a firearm and was informed, for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence. Mr. James could not understand why his status had changed. Mr. James engaged in written informal appeals through counsel with the federal and state governments hoping to clear up the misunderstanding regarding his prior conviction and, at one point, believed the matter must have been cleared and tried to purchase a gun again but was again denied. The governmental agencies would not budge, and Mr. James filed the mandamus action.

11. In February 2011, Scott James brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms.

12. Ms. Granger represented the State in that action. This Amended Complaint is not based on any actions Ms. Granger undertook in her defense of the State in that action; rather it is based on actions she undertook outside of that defense to gain unlawful and unconstitutional advantage in the mandamus action, and for other unknown reasons of personal animus, by misuse of her apparent state authority by causing another action to be brought against and

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

maintained against Mr. James.

13. On July 25, 2011, as part of the mandamus action, Ms. Granger took the sworn testimony of Mr. James in deposition. During questioning, Mr. James was asked if he possessed any firearms at his home. He responded yes. The legality of his doing so was the very question to be answered by the action brought in mandamus.

14. Over the next couple of days, Ms. Granger, acting outside the scope of her position as legal counsel in a civil case, contacted agents for the State Bureau of Firearms and informed them that Mr. James was in possession of firearms despite having been convicted of a misdemeanor crime of domestic violence. Ms. Granger did not inform the agents that he had brought a petition in mandamus for a determination of whether his possession of those firearms was lawful. The agents, in turn, did not inform the Court of that fact. The search warrant was obtained under false pretenses.

15. This was done as part of a policy developed by Steve Lindley, who developed a policy of intimidation of those who challenge the State's determination of whether that person has been convicted of MCDV, and subjecting them to searches and seizures in retaliation for objecting to governmental action and decisions. Mr. James' activities in the mandamus action made clear he sought to operate within the law; the Office of the Attorney General, through Chief Lindley developed a policy by which persons who sought to challenge the state's determination in the courts would be subject to intimidation through criminal prosecution and searches, warrants for which were gained by withholding information from the agents responsible for procuring the warrants; specifically, by withholding information that the person being searched was seeking a judicial determination of their rights to own the very items they will be prosecuted for having.

16. At the time the warrant was sought, Mr. James had filed a motion for

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1   summary judgment in the mandamus action.  The search was done a week before
2   the State's opposition to Mr. James' summary judgment was due to be filed in
3   October 2011 – about two months had passed since the search warrant had been
4   signed by the Court.  Ms. Granger was on scene to supervise the search and
5   obtain statements and information from Mr. James to use in the civil case.

6       17.   State agents, acting at the direction and on the advice of Ms.
7   Granger, searched Mr. James' home.  Ms. Granger was present for the entire
8   search.  During this time, Ms. Granger directed agents where to search and when.
9   In Ms. Granger's presence, agents arrested Mr. James and questioned him after
10  having refused to allow Mr. James' lawyer to escort him inside the home so Mr.
11  James could be represented by counsel during that questioning.  After denying
12  Mr. James legal representation, agents, acting in concert with Ms. Granger,
13  threatened to use explosives on a safe in the middle of his home if he did not
14  answer questions.  Mr. James, frightened, tearful, and denied legal counsel, gave
15  the agents, within Ms. Granger's earshot and at her direction, the combination to
16  the safe.  Firearms were located in the safe and confiscated.  Mr. James was
17  charged with violation of California Penal Code section 12280(b) in Tulare County
18  Superior Court, Case no. VCF260879.  Ms. Granger was not the prosecutor of that
19  action.  At no time did Ms. Granger play a legitimate role in any proceeding
20  against Mr. James.

21      18.   On or about February 3, 2012, the Tulare County Superior Court
22  issued an order in the mandamus case declaring that Ms. Granger's contention
23  that Mr. James had been convicted of a misdemeanor crime of domestic violence
24  was based on an argument of law so outside the realm of reasonableness and logic
25  that, were the Court to agree, it would violate its oath of office.  This argument by
26  Ms. Granger was offered as though it was the current state of the law rather than
27  a novel interpretation of it.  The State of California appealed that decision and
28  prevailed at the intermediate appellate level.  The California Supreme Court

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1. granted review of the case. The opinion of the Court of Appeal is of no force.

2. 19. A hearing on a motion to suppress evidence in the criminal case was held before the Hon. Joseph Kalashian on February 8, 2013, after which the charges were dropped and the case dismissed. During questioning, it was revealed that if the State of California comes to learn that a person not currently under investigation for some other crime may not be permitted to own or possess guns because federal law prohibits them based on a potential prior conviction of a misdemeanor crime of domestic violence, the State notifies them by letter or otherwise contacts them and asks to have the weapons stored by a licensed third party or the police pending a determination of the person's status.

20. No letter was delivered to Mr. James, and no oral request was made to him or to his counsel, despite his cooperative admission of gun possession in a lawsuit in which he sought to address the question of whether he was allowed to own them.

**IV.**

**CAUSE OF ACTION**

**DEPRIVATION OF CIVIL RIGHTS AND CONSPIRACY – 42 U.S.C. § 1983**

**[Against all Defendants]**

21. Ms. Granger acted under color of state law by using her office to advise state agents that Scott R. James had been convicted of a misdemeanor crime of domestic violence. While the opinion was not still the subject of judicial interpretation, she advised the officers to undertake a criminal investigation of Mr. James. No reasonable officer of the Court could have believed such an exercise of the legal advice would be consistent with a civil litigant's rights.

22. Ms. Granger therefore withheld information she knew a reasonable agent would include in a petition or otherwise consider important in his or her own evaluation of whether to request a search warrant in order to ensure the warrant would be requested and issued and Mr. James arrested. Ms. Granger

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

1  knew Mr. James would be arrested because he had already testified that he had
2  guns – and had already purchased at least one gun with the State's full knowledge
3  – but withheld the information to which agents testified would be considerations
4  in their decision to seek or not seek a warrant.  Ms. Granger advised officers to
5  arrest and question him after having refused to allow Mr. James to be
6  accompanied by his attorney.

7        23.    On information and belief, Ms. Granger advised these officers for
8  personal gain to ensure victory in the summary judgment motion in Mr. James'
9  mandamus action.  On information and belief, no other person who has invited
10 review of their right to possess a firearm under the Gun Control Act has been
11 subject to a search of their home and subsequent criminal prosecution.  Indeed,
12 in cases involving peace officers who had spent years possessing firearms before
13 their status as potential MCDV convicts was determined have simply been
14 reassigned to non-firearm-carrying positions or dismissal.  Their challenges to the
15 state's determination did not prompt criminal investigations and threats of
16 imprisonment.  In doing the acts complained of, Ms. Granger used her position as
17 a non-prosecuting attorney in a prosecutorial office to advise criminal charges
18 against a civil litigant.

19       24.    Ms. Granger further acted under color of state law by advising agents
20 during the search of Mr. James' home.  During the search, her demeanor became
21 increasingly agitated as agents found nothing except the very firearms about
22 which Mr. James had filed a civil suit.

23       25.    Ms. Granger was able to undertake this misuse of power because she
24 was clothed with the authority of state law; so clothed by way of her employment
25 as an attorney with the state Attorney General's office.

26       26.    Ms. Granger undertook these actions under color of state law in
27 order to intimidate and publicly vilify Mr. James in retaliation for having done no
28 more than seek redress in the Courts for a declaration of his rights under the

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-7-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

Second Amendment to the United State Constitution and several statutes. State practice in such circumstances involved a letter asking for cooperative relinquishment of firearms pending the determination. Mr. James' willingness to be cooperative was patent: he had brought suit in which his purchase of a firearm was alleged in the petition; he had testified under oath he had guns. Instead, Ms. Granger withheld information from state agents and gave legal advice to them that Mr. James had been convicted of a misdemeanor crime of domestic violence, advice no reasonable attorney for the state Attorney General could believe was true or, in the alternative, was deliberately indifferent to the constitutional violation that occurred.

27. Ms. Granger undertook these actions intentionally: she advised officers to commence a criminal prosecution to gain advantage in a civil dispute in which Mr. James admitted he owned guns and brought suit in an attempt to confirm if that was or was not lawful; she attended the search of his home; she advised officers on where to search.

28. Mr. James is a member of a class of one [or a few], treated differently than others without basis other than his exercise of constitutional right to "petition the Government for a redress of grievances," guaranteed by the First Amendment to the Constitution and made binding on the states by the Fourteenth Amendment. Mr. James sought redress in mandamus in a case about his right to bear arms; Ms. Granger singled him out for criminal prosecution because of it. This unequal treatment was intentional and executed by design through Ms. Granger's advice and participation in treatment she knew to be unequal and based on Mr. James' exercise of rights.

29. Ms. Granger violated Mr. James rights to redress, counsel, and to be free of unreasonable search and seizure and ex post facto laws guaranteed by the United States Constitution.

30. Chief Lindley directed Ms. Granger to engage in this conduct. Chief

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

Lindley was, at the time, the Acting Chief of the Bureau of Firearms.  Ms. Granger has testified under oath that Chief Lindley directed her to undertake these actions, and that she agreed to do so.

31. This agreement to violate Ms. James' civil rights was made by and between Ms. Granger and Mr. Lindley, who was also acting under the color of law by using his office, as Ms. Granger did.  Acts taken in furtherance of this conspiracy include Ms. Granger withholding information from agents after causing the search warrant to be issued, information that, when it came to light in open court, led to the quashing of the search warrant and dismissal of all charges that arose from it.  These acts, particularly the withholding of information, was undertaken by the conspirators to further the goal of the conspiracy which was to intimidate a litigant and retaliate against that litigant for having exercised his first amendment rights to redress, and as alleged above.

32. Mr. James has suffered general and special damages including but not limited to, costs and fees for defense of the criminal matter, lost wages/profits, constitutional deprivations, interference with business relations, sleepless nights, ignominy, and humiliation, loss of comfort and enjoyment of his home, all in an amount to be proven and found at trial.

## V.

## PRAYER

WHEREFORE, Scott James prays for judgment against the Defendants and an award:

1. For general and special damages;
2. For actual and consequential damages;
3. For compensatory damages;
4. For attorney fees [under the Civil Rights Act, 42 U.S.C. § 1988];
5. For punitive damages;
6. For costs of suit;

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-9-

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**

7. For whatever other relief the Court deems proper.

Dated:  May 28, 2015                HERR PEDERSEN & BERGLUND

                                    By: /s/ Leonard C. Herr
                                        LEONARD C. HERR
                                        Attorneys for Plaintiff
                                        SCOTT R. JAMES

### JURY DEMAND

Plaintiff, SCOTT R. JAMES, demands trial by jury.

Dated:  May 28, 2015                HERR PEDERSEN & BERGLUND

                                    By: /s/ Leonard C. Herr
                                        LEONARD C. HERR
                                        Attorneys for Plaintiff
                                        SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Pleadings\Third Amended Complaint.doc

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
[42 U.S.C. §1983]; DEMAND FOR JURY TRIAL**