1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  ALBERTO L. GONZALEZ , State Bar No. 117605
   Supervising Deputy Attorney General
3  CATHERINE WOODBRIDGE GUESS, State Bar No.
   186186
4  Deputy Attorney General
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone:  (916) 445-8216
    Fax:  (916) 322-8288
7   E-mail:  Catherine.Woodbridge@doj.ca.gov
   *Attorneys for Defendants Stephen Lindley and*
8  *Kimberly Granger*

9                  IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          FRESNO DIVISION

12

13

14 | **SCOTT R. JAMES,** | 1:13-CV-0983 AWI SKO |

15 |                                              Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED** |

16 | **v.** | **COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN** |

17 | **KIMBERLY GRANGER,** | **SUPPORT THEREOF** |

18 |                                           Defendant. | Date:          July 13, 2015 |

19 | | Time:          1:30 p.m.
Courtroom:    2 |

20 | | Judge:         The Honorable Anthony W.
               Ishii |

21 | | Trial Date:    May 17, 2016
Action Filed:  June 26, 2013 |

22          **TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

23          **PLEASE TAKE NOTICE** that on July 13, 2015 at 1:30 p.m., or as soon thereafter as the

24  matter may be heard in Courtroom 2 the above-entitled court, located at 2500 Tulare Street,

25  Fresno, California, Defendants Bureau of Firearms Chief Stephen Lindley and Kimberly Granger

26  will move the Court for an order dismissing the action with prejudice.  Defendants bring this

27  motion because they are immune from liability.  Fed. R. Civ. P. 12(b)(6).

28  **/ / /**

                                        1

1        This motion is based on this notice of motion, the attached memorandum of points and

2   authorities, all matters of which this Court must or may take judicial notice, and all pleadings and

3   records on file in this action and on such further authority, evidence, or argument as may be

4   presented at or before the hearing on this motion.

5   Dated:  June 11, 2015                                          Respectfully submitted,

6                                                                           KAMALA D. HARRIS
                                                                            Attorney General of California
7                                                                           ALBERTO L. GONZALEZ
                                                                            Supervising Deputy Attorney General
8

9                                                                           s/ *Catherine Woodbridge Guess*

10

11                                                                          CATHERINE WOODBRIDGE GUESS
                                                                            Deputy Attorney General
12                                                                          *Attorneys for Defendants Stephen Lindley*
                                                                            *and Kimberly Granger*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN**

**SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**

## I.   INTRODUCTION

This lawsuit arises out of Plaintiff's personal vendetta against Deputy Attorney General Kimberly Granger who defended the State of California/Bureau of Firearms in a mandamus action initiated by Plaintiff in the Superior Court of California, Tulare County.  Plaintiff was prohibited from owing or purchasing firearms after his conviction for battery on his wife.  18 U.S.C. § 992(g)(9).  Plaintiff challenged the State's determination of his misdemeanor crime of domestic violence (MCDV) status.  Plaintiff did not prevail in the writ of mandamus matter and thus seeks to harass Deputy Attorney General Granger and Bureau of Firearms Chief Lindley with a meritless lawsuit.

Plaintiff alleges that Deputy Attorney General Granger unlawfully exceeded the scope of her position as the attorney assigned to Plaintiff's civil matter by ordering and directing a search of Plaintiff's home and seizure of his firearms following Plaintiff's admission that he possessed firearms, a violation of 18 U.S.C. § 992(g)(9).  Plaintiff further alleges the Bureau of Firearms Chief Lindley established a policy of initiating searches and seizures for people who challenge the State of California's determination of MCDV status.  Dismissal is proper because Defendants are immune from liability.

In addition, Plaintiff's allegations are unsupported by the evidence in this case and contradict Plaintiff's testimony in this lawsuit.  *See* Request for Judicial Notice.  Because of the blatant factual disparities between the Third Amended Complaint and Plaintiff's own testimony, Defendants also move for sanctions pursuant to Federal Rules of Civil Procedure, Rule 11[1].

## II.   BACKGROUND

### A.   State Court Civil Writ of Mandamus.

In February 2011, Plaintiff filed a writ of mandamus in the Superior Court of California, Tulare County to determine whether he was prohibited from owning or possessing firearms.

---

[1] Defendants served Plaintiff with a Rule 11 motions for sanctions on June 11, 2015.  The hearing date for the motion is scheduled August 3, 2015.

3

1   Plaintiff's writ of mandamus was initially granted by the Tulare County Superior Court.  The

2   State of California appealed the trial court's order, and on September 24, 2013, California's Fifth

3   District Court of Appeal reversed the trial court's decision.  Plaintiff then filed a petition for

4   review with the California Supreme Court.

5        The California Supreme Court  granted review but stayed the petition pending the outcome

6   of a United States Supreme Court case addressing the definition of MCDV.  In *United States v.*

7   *Castleman*, 134 S. Ct. 1405, 88 L. Ed. 2d 426 (2014), the Supreme Court held that a MCDV

8   includes battery if physical force is an element of battery.  California Penal Code  § 242 defines

9   battery as "any willful and unlawful use of force or violence upon the person of another."  Thus a

10  person convicted of battery in California meets the criteria for a lifetime ban on ownership of

11  firearms under the MDCV prohibition. Following the decision in *Castleman*, the California

12  Supreme Court remanded the matter to the Fifth District Court of Appeal.  On August 26, 2014,

13  the Fifth District Court of Appeal affirmed its 2013 order reversing the Tulare County Superior

14  Court and denying Plaintiff's request for relief.  Plaintiff filed another petition for review with the

15  California Supreme Court, but on November 19, 2014, the Court denied Plaintiff's request for

16  review.

17       **B.    State Court Criminal Case.**

18       As part of the civil mandamus action, Deputy Attorney General Granger asked Plaintiff at

19  deposition whether he possessed any firearms.  Although prohibited by federal law from owning

20  or possessing firearms, Plaintiff admitted that he owns firearms.  As a result of his admission, the

21  Bureau of Firearms obtained a search warrant for Plaintiff's home.  Deputy Attorney General

22  Granger did not prepare or obtain the search warrant.  *See* Request for Judicial Notice, Deposition

23  of James at 81:17-20.

24       In October 2011, the search of Plaintiff's home uncovered one unregistered assault weapon,

25  fourteen rifles, eight shotguns, seven handguns, twenty-nine handgun and rifle magazines and

26  four thousand thirty-three rounds of various caliber ammunition.  Plaintiff was arrested and

27  charged with violation of California Penal Code § 12280(b) (unlawful possession of assault

28

4

1  weapon).  Plaintiff was prosecuted by the Tulare County District Attorney.  Ultimately, the

2  charge was dismissed.

3      **C.    Federal Case.**

4      Plaintiff filed this matter June 26, 2013, alleging a single cause of action against Deputy

5  Attorney General Kimberly Granger for violation of 42 U.S.C. § 1983.  Because the Complaint

6  failed to state sufficient facts to support his claim, Defendant moved to dismiss the Complaint.

7  Docket No. 7.  Prior to hearing on the motion, Plaintiff amended his Complaint to allege a § 1983

8  claim against Deputy Attorney General Granger based on a class of one argument.  Docket No.

9  10.  Again, Deputy Attorney General Granger was forced to file a motion to dismiss the First

10  Amended Complaint.  Her motion to dismiss was based on qualified immunity.  Docket No. 12.

11  On February 14, 2014, the Court granted the motion with leave to amend.  Docket No. 20.

12      On March 28, 2014, Plaintiff filed a Second Amended Complaint again asserting a § 1983

13  claim based on class of one.  Docket No. 22.  Although Deputy Attorney General Granger filed a

14  motion to dismiss based on qualified immunity, the Court denied Ms. Granger's motion finding

15  that the facts alleged in the Second Amended Complaint, if true, stated a § 1983 claim.  Docket

16  No. 29.

17      On April 15, 2015, Plaintiff moved to amend his complaint a third time.  Docket No. 43.

18  Plaintiff sought to add Bureau of Firearms Chief Stephen Lindley and allege different facts

19  regarding the basis for his § 1983 claim. Deputy Attorney General Granger opposed the motion.

20  Docket No. 45.  On May 26, 2015, the Court granted Plaintiff's motion to amend.  Docket No. 50.

21  The Third Amended Complaint alleges a single cause of action for violation of 42 U.S.C. § 1983

22  based on a class of one argument against Deputy Attorney General Granger and Chief Lindley.

23  Docket No. 51.

24      In addition to this motion to dismiss, Defendants seek sanctions against Plaintiff and his

25  attorney for violation of Federal Rules of Civil Procedure, Rule 11.  The Third Amended

26  Complaint alleges numerous facts that are contradicted by Plaintiff's deposition testimony in this

27  matter.

28  / / /

5

1

### III.   ALLEGATIONS

2    In 1996, Plaintiff pled no contest to misdemeanor violation of California Penal Code § 242.

3   Third Am. Compl. ¶ 8.  In 2008, Plaintiff was denied the purchase of a firearm based on his

4   conviction.  Third Am. Compl. ¶ 10.  As a result, Plaintiff filed a mandamus action against the

5   State of California.  Third Am. Compl. ¶ 11.  Ms. Granger represented the State of California in

6   the mandamus action. Third Am. Compl. ¶ 12.

7    As part of the mandamus action, Ms. Granger took the deposition of Plaintiff.  Third Am.

8   Compl. ¶ 13.  Plaintiff admitted he possessed firearms at his home.  Third Am. Compl. ¶ 13.

9   Deputy Attorney General Granger notified her client, Bureau of Firearms, about Plaintiff's

10  admission.  Third Amended Complaint ¶ 14.

11   State agents with the Bureau of Firearms conducted a search of Plaintiff's home and

12  discovered weapons.  Third Am. Compl. ¶ 17.  The search was done as part of a policy developed

13  by Bureau of Firearms Chief Lindley.  Third Am. Compl. ¶ 15.  Under the policy, persons who

14  sought to challenge the state's MCDV determination in the courts would be subject to searches

15  and seizures.  Third Am. Compl. ¶ 15.

16   Plaintiff alleges that Ms. Granger "directed agents where to search and when." Third Am.

17  Compl. ¶¶ 17, 24.  Plaintiff alleges that Ms. Granger "advised officers to undertake a criminal

18  investigation of Mr. James."  Third Am. Compl. ¶¶ 21, 23. Additionally, Plaintiff contends that

19  "Ms. Granger advised officers to arrest and question him after having refused to allow Mr. James

20  to be accompanied by his attorney."  Third Am. Compl. ¶ 22. Plaintiff alleges that Chief Lindley

21  directed Ms. Granger to take these actions.  Third Am. Compl. ¶ 30.

22   Plaintiff was charged with violation of Penal Code § 12280(b) – possession of an assault

23  weapon.   Third Am. Compl. ¶ 17.  The criminal action against Plaintiff was eventually

24  dismissed.  Third Am. Compl. ¶ 19.  During the hearing on motion to suppress, it was revealed

25  that if the State of California learns that a MCDV person not currently under investigation for a

26  crime is in possession of a weapon, the state issues a letter requesting voluntarily relinquishment

27  of the weapon.  Third Am. Compl. ¶ 19.  Plaintiff was not issued a letter.  Third Am. Compl. ¶20.

28

1   Plaintiff claims Ms. Granger withheld information a reasonable agent would include in a petition

2   for search warrant.  Third Am. Compl. ¶ 22.

3   **IV.   LEGAL STANDARD**

4        To survive a motion to dismiss, the complaint must set forth factual allegations sufficient

5   "to raise a right to relief above a speculative level."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555

6   (2007).  In order to meet pleading requirements of the Federal Rules of Civil Procedure, "labels

7   and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."

8   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, a complaint must contain sufficient factual

9   matter to "state a claim to relief that is plausible on its face."  *Id*.  A claim has facial plausibility

10  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

11  that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard requires more

12  than a sheer possibility that a defendant has acted unlawfully.  *Id.*  When the pleaded facts do not

13  permit the court to infer more than the mere possibility of misconduct, the complaint has not

14  shown that the "pleader is entitled to relief." *Id.*

15       Mere conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

16  motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  Moreover, legal

17  conclusions are not entitled to the assumption of truth.  *Moss v. U.S. Secret Service*, 572 F.3d 962,

18  970 (9th Cir. 2009.)

19       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it

20  appears to a certainty that plaintiff would be entitled to no relief under any state of facts which

21  could be proven. *Alonzo v. AFC Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981).

22  When it is clear that the deficiencies in a complaint cannot be cured, then the court need not

23  provide an opportunity to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Cook*

24  *Perkiss & Liehe, Inc. v. N. Cal. Collection Servs., Inc*., 911 F.2d 242, 247 (9th Cir. 1990).

25  **V.   DISMISSAL IS PROPER**

26       **A.   Plaintiff Fails To Plead An Equal Protection Claim.**

27       The Equal Protection Clause ensures that "all persons similarly situated should be treated

28  alike." *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439, 87 L. Ed. 2d 313, 105 S.

7

1   Ct. 3249 (1985).  Where state action does not implicate a fundamental right or a suspect

2   classification, the plaintiff can establish a "class of one" equal protection claim by demonstrating

3   that he "has been intentionally treated differently from others similarly situated and that there is

4   no rational basis for the difference in treatment."  *Willowbrook v. Olech*, 528 U.S. 562, 564, 120

5   S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

6       Plaintiff's Equal Protection claim is premised on a class of one.  Third Am. Compl. ¶ 28.

7   However, Plaintiff alleges that his criminal prosecution was done pursuant to policy developed by

8   Chief Lindley against anyone "who challenge[d] the State's determination of whether that person

9   has been convicted of MCDV, and subjecting them to searches and seizures…" Third Am.

10  Compl. ¶ 15.  Thus, the Third Amended Complaint does not allege a class of one claim.  Rather,

11  Plaintiff contends that he is among a group of people subject to searches because they challenge

12  their MCDV status.  Allegations of a pattern and practice lacking any factual support are not

13  sufficient to state an Equal Protection claim. *Garber v. Mohammadi*, 2013 U.S. Dist. LEXIS

14  110725, *35-36 (C.D. Cal. Aug. 6, 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.

15  Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007).

16      If Plaintiff's class of one claim is based on the allegation that the State of California sends a

17  letter to MCDV persons asking for voluntary relinquishment of weapons (Third Am. Compl. ¶

18  19), this allegation is refuted by Plaintiff's testimony in this case.  At deposition, Plaintiff testified

19  that he has "no proof" that the State of California has a practice of sending people a letter to

20  relinquish their weapons.  *See* Request for Judicial Notice, Deposition of Scott James at 91:5-9.

21  In fact, Plaintiff admits he is not aware of anyone similarly situated who was subject to the

22  alleged disparate treatment.  *See* Request for Judicial Notice, Deposition of James at 85:9-13.

23  Thus, Plaintiff admits he has no class of one basis for his lawsuit.

24      Plaintiff's allegations that Deputy Attorney General Granger was responsible for obtaining

25  the search warrant of his home, directed agents where and when to search, denied legal

26  representation to Plaintiff, arrested Plaintiff, and confiscated his weapons (Third Am. Compl. ¶¶

27  17, 23) are also contradicted by his deposition testimony.  Plaintiff admits he has no facts that Ms.

28  Granger was supervising the search of his home.  *See* Request for Judicial Notice, Deposition of

8

1    James at 88:6-8.  In fact, Plaintiff admits that on the day of the search, he could not hear anything

2    Ms. Granger said nor did he communicate with her.  *See* Request for Judicial Notice, Deposition

3    of James at 53:11-16; 56:2-7; 77:16-25; 88:23-89:20.  Plaintiff also admits that Ms. Granger did

4    not prepare the search warrant.  *See* Request for Judicial Notice, Deposition of James at 81:17-20.

5    Therefore, Plaintiff has no factual basis for his claim and dismissal of this action is proper.

6           **B.    Qualified Immunity Bars Plaintiff's Claim.**

7           Qualified immunity protects government officials from liability for civil damages insofar as

8    their conduct does not violate clearly established statutory or constitutional rights that a

9    reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  A two-step

10   process exists for determining whether qualified immunity exists: 1) whether the facts that a

11   plaintiff has alleged make out a violation of a constitutional right that a reasonable person would

12   have known, and 2) whether the right at issue was "clearly established" at the time of defendant's

13   alleged misconduct.  *Pearson v. Callahan*, 555 U.S. 223 (2009).

14          If the court concludes a right is not clearly established, the official is entitled to qualified

15   immunity. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  If a right is clearly established, an official

16   is not entitled to qualified immunity unless a reasonable official would not have known that his

17   conduct violated the clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

18   But if the state actor could have reasonably, albeit mistakenly, believed that his conduct did not

19   violate a clearly established constitutional right, then the action will receive qualified immunity.

20   *Saucier,* at 205-06*, Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).

21          To determine whether qualified immunity applies, the court must consider the application

22   of the right in the specific context in question. *Brewster v. Bd. of Educ. Of Lynwood Unified Sch.*

23   *Dist*., 149 F.3d 971, 977 (9th Cir. 1998).  In so doing, the court considers the "information

24   possessed" by the state actor at the time of his or her conduct. *Hunter v. Bryant*, 502 U.S. 224,

25   227 (1991). Qualified immunity analysis is deferential to the government official: "[a court] must

26   look at the situation as a reasonable officer in [the defendant's] position could have perceived it."

27   *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003).

28   **/ / /**

1    Unlike the Second Amended Complaint, the Third Amended Complaint alleges that Ms.

2    Granger's alleged disparate treatment was failing to advise agents with the Bureau of Firearms

3    that Plaintiff was contesting his MCDV status.  Third. Am. Compl. ¶¶ 21, 28, 31.  18 U.S.C. §

4    992(g)(9) prohibits Plaintiff from owning, purchasing or possessing firearms.  Therefore, at issue

5    is whether Deputy Attorney General Granger was reasonable in her belief that Plaintiff's battery

6    conviction is a MCDV precluding Plaintiff from owing, possessing or purchasing firearms.

7    Similarly, at issue is whether is was appropriate for an attorney representing the Bureau of

8    Firearms to notify the Bureau of Firearms of the testimony by Plaintiff in an action against the

9    Bureau.

10    The Gun Control Act of 1968 was enacted to "keep firearms out of the hands of those not

11    legally entitled to possess them because of age, criminal background or incompetency." *Barrett v.*

12    *United States,* 423 U.S. 212, 220 (1976).  The Lautenberg Amendment to the Gun Control Act of

13    1968 extends the prohibition to include any person "who has been convicted in any court of a

14    misdemeanor crime of domestic violence."  18 U.S.C. § 992(g)(9).  The United States Supreme

15    Court opined that a MCDV includes battery if physical force is an element of battery.  *United*

16    *States v. Castleman*, 134 S. Ct. 1405.  California Penal Code  § 242 defines battery as "any willful

17    and unlawful use of force or violence upon the person of another."   Thus, Ms. Granger's belief

18    that Plaintiff's battery conviction is a MCDV is reasonable.

19    Deputy Attorney General Granger reasonably believed that her conduct did not violate a

20    clearly established right.  Plaintiff admits he was convicted of battery.  The battery was against

21    his wife.  Given the Fifth District Court of Appeal's decision and the United States Supreme

22    Court's decision, it cannot be found that a reasonable official would have known that Deputy

23    Attorney General Granger's conduct violated a clearly established right.  *Anderson v. Creighton*,

24    483 U.S. 635, 640 (1987).  Likewise, notifying the Bureau of Firearms that Plaintiff possessed

25    firearms in violation of federal law is also reasonable.  The Bureau of Firearms was the client for

26    whom Deputy Attorney General Granger was working when she took Plaintiff's deposition.

27    Because her conduct was reasonable, Deputy Attorney General Granger is entitled to qualified

28    immunity and this case should be dismissed.

10

As to Chief Lindley, dismissal is also proper.  Plaintiff alleges that Chief Lindley is sued in his official capacity.  Third Am. Complaint ¶ 5.  It is well established that a § 1983 claim cannot be brought against a state official in his official capacity.  State officials acting in their official capacities are not "persons" within the meaning of the 1983. *Hafer v. Melo* 502 U.S. 21, 25 (1991).  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  As such, it is no different from a suit against the State itself. See, *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Will v. Michigan Dep't of State Police, supra*, 491 U.S. 58, 71 (1986).

Dismissal as to Chief Lindley is also proper because there are no allegations that Chief Lindley treated Plaintiff differently from those similarly situated.  Third Am. Compl. ¶ 15.  Plaintiff admits that Chief Lindley had a policy on how to treat anyone who contested MCDV status.  Third Am. Compl. ¶ 15.  Plaintiff was not singled out.  Like Deputy Attorney General Granger, Chief Lindley is also entitled to qualified immunity.  Plaintiff is prohibited from owning or possessing a firearm.  18 U.S.C. § 992(g)(9).  When Chief Lindley was advised that Plaintiff was in violation of the law, a search warrant was obtained.  The search uncovered a cache of weapons, including an assault rifle.  It cannot be found that Chief Lindley knew he was violating a clearly established right when Plaintiff is a MCDV prohibited from owning or possessing firearms. *Anderson*, 483 U.S. at 640.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11

1     **VI.     CONCLUSION**

2           This action should be dismissed with prejudice. The Third Amended Complaint fails to

3 state a § 1983 claim against Defendants because they are entitled to immunity. As a result,

4 Defendant Deputy Attorney General Kimberly Granger and Chief Lindley respectfully request

5 that the Court dismiss this action with prejudice.

6

7 Dated: June 11, 2015                      Respectfully submitted,

8                                   KAMALA D. HARRIS
Attorney General of California

9                                   ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

10

11                                   *s/ Catherine Woodbridge Guess*

12

13                                   CATHERINE WOODBRIDGE GUESS
Deputy Attorney General

14                                   *Attorneys for Defendants Stephen Lindley
and Kimberly Granger*

15

16 SA2013309877
32098068.doc

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Kimberly Granger v. Scott R. James**                No.    **1:13-CV-0983 AWI SKO**

I hereby certify that on <u>June 11, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 11, 2015</u>, at Sacramento, California.

|   |   |
|---|---|
| S. Straw | s/ *S. Straw* |
| Declarant | Signature |

SA2013309877
32105594.doc