KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Stephen Lindley and Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KIMBERLY GRANGER,<br><br>　　　　　　　Defendant. | 1:13-CV-0983 AWI SKO<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Date:　　　　July 13, 2015<br>Time:　　　　1:30 p.m.<br>Courtroom:　2<br>Judge:　　　　The Honorable Anthony W. Ishii<br>Trial Date:　May 17, 2016<br>Action Filed:　June 26, 2013 |

Defendant Officer Osborn hereby requests the Court take judicial notice pursuant to Fed. R. Evid. 201 of the following:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1. Deposition transcript of Plaintiff Scott James taken January 26, 2015, in the matter known as *James v. Granger*, United States District Court, Eastern District, Case No. 1:13-CV-0983 AWI SKO. Relevant portions of the deposition are attached as Exhibit 1.

Dated: June 11, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

s/ *Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants Stephen Lindley and Kimberly Granger*

SA2013309877
32104541.doc

**James, Scott R. v. Kimberly Granger**

**USDC – EASTERN DISTRICT COURT**

**CASE NO. 1:13-CV-0983 AWI SKO**

# EXHIBIT 1

In the Matter Of:

JAMES vs. GRANGER

1:13-CV-0983 AWI SKO

---

# SCOTT RAY JAMES

*January 26, 2015*

---



ESQUIRE   800.211.DEPO (3376)
EsquireSolutions.com

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 5 of 13

SCOTT RAY JAMES                                    January 26, 2015
JAMES vs. GRANGER                                                53

1  door and --
2      Q    Luke Powell?
3      A    Luke Powell -- and sat me on the couch, and
4  Ms. Granger was right there.
5      Q    Did you have any conversation with Ms. Granger
6  at that time?
7      A    When I saw her, I just took my head and said, I
8  can't believe it came to this.
9      Q    And did she respond?
10     A    She just had a smile on her face.
11     Q    Did you have any conversation with her at any
12 time that day?
13     A    No.
14     Q    Did you hear her have a conversation with
15 anyone else that day?
16     A    I heard her talking, but I couldn't hear what
17 she was saying.
18     Q    Did you observe her while she was inside your
19 house?
20     A    I couldn't really see what was going on because
21 they had me in the living room, and I just knew there
22 was at least eight different faces coming and going and
23 searching the house or doing everything, doing what they
24 were doing.
25     Q    Well, you indicated that once you got inside



Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 6 of 13

SCOTT RAY JAMES                                                January 26, 2015
JAMES vs. GRANGER                                                          56

1   A   No.

2   Q   And you couldn't hear her speak to anyone else
3   at your house?

4   A   They were loud. There was a lot going on and
5   people walking around back and forth. So I couldn't
6   really hear nothing. And my dogs were going berzerk in
7   the backyard.

8   Q   What -- were you asked to do anything while the
9   agents were searching your house?

10  A   To stay there, sit there, and then at one point
11  they took me in a guest bedroom and tried to question
12  me.

13  Q   Who tried to question you?

14  A   Agent Powell. And then there was another
15  agent, but I don't know what his name was.

16  Q   Was Ms. Granger present?

17  A   Not that I can recall.

18  Q   Anything else that occurred?

19  A   They tried to video -- or audiotape it, and I
20  just politely said, sorry, I can't give any statement.

21  Q   Okay. And anything else that occurred while
22  you were at the house and the agents were there
23  searching?

24  A   They asked if I could open up the safe.

25  Q   Who asked you?

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 7 of 13

SCOTT RAY JAMES                                              January 26, 2015
JAMES vs. GRANGER                                                          77

1    A    My belief --
2         MR. STATLER: Objection. Because I think we're
3    getting into confusing combinations of legal conclusions
4    and factual bases for the litigation.
5         MS. GUESS: All right.
6    Q    Let me back up and finish out another line of
7    questioning. Let's go back to the search itself.
8         Were you arrested following the search?
9    A    Yes.
10   Q    By whom?
11   A    Agent Luke Powell.
12   Q    Was Ms. Granger present when you were arrested?
13   A    I always had the handcuffs on, so I don't know
14   if they made that decision when I was actually arrested,
15   but when I walked outside, I don't recall seeing her.
16   Q    Okay. So the answer is no, she wasn't present
17   when you were put under arrest?
18   A    I don't know, because I wasn't really looking
19   around who was really around. I kind of -- I was really
20   embarrassed because a lot of my neighbors were outside,
21   and I just -- just didn't pay attention. I kind of --
22   Q    Did you see Ms. Granger?
23   A    I didn't see her.
24   Q    Did she tell you you were under arrest?
25   A    No.

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 8 of 13

SCOTT RAY JAMES                                        January 26, 2015
JAMES vs. GRANGER                                                    81

your criminal appearances?

A   Not that I can recall.

Q   Did you ever --

A   She was under subpoena.

Q   Did you ever hear her testify in your criminal matter?

A   No.

Q   Do you have any information that she applied for the search warrant of your home that occurred back in October of 2011?

A   All of the information on the search warrant, it's all black and white. All it states basically is that Agent Luke Powell got the information the following day or two days later after my deposition in July from Ms. Granger. He had testified that he had gotten parts of the transcript like two days after my deposition.

Q   Is it your understanding that Ms. Granger prepared the search warrant?

A   Prepared it for a magistrate, no. That was all done by Luke Powell.

Q   Have you seen a copy of your transcript from July of 2011?

A   Yes.

Q   And during that deposition in July of 2011, did you admit that you were in possession of firearms?

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 9 of 13

| SCOTT RAY JAMES | January 26, 2015 |
| --- | --- |
| JAMES vs. GRANGER | 85 |

1  A   I believe just the one time.  There might have
2  been a hearing prior to that that didn't go through.  I
3  think it was just the one time, and that would have been
4  on that February 3rd day.
5  Q   When you had your deposition taken in the writ
6  matter, who did you think that Ms. Granger was
7  representing?
8  A   The Department of Justice, Attorney General.
9  Q   Are you aware of any other people that have
10 filed a writ on the same issue that you filed your writ
11 on?
12 A   I don't know.  I'm not sure about that.  Not
13 really, no.
14 Q   Are you aware of any other people where
15 Ms. Granger has acted as the attorney for the Department
16 of Justice on a writ matter, any writ matter?
17 A   Yes.
18 Q   Who?
19 A   Calguns.  And I think --
20 Q   Is that a person or a business?
21 A   That's the association, Calguns.  And then also
22 I think there's another one with the NRA, National Rifle
23 Association.
24 Q   And it's your understanding Ms. Granger acted
25 as the attorney for the Department of Justice?



Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 10 of 13

SCOTT RAY JAMES
JAMES vs. GRANGER
January 26, 2015
88

1  Q   McCartney, who lived at 2505 South Johnson
2  Street, Visalia?
3  A   Yes.
4  Q   He told you he heard Ms. Granger speaking?
5  A   Yes.
6  Q   Okay. My question is, what facts do you have
7  that she was supervising the search?
8  A   I don't really have any.
9  Q   And what facts do you have that Ms. Granger was
10 at your home to obtain statements to use in the civil
11 case?
12 A   Other than the correlation between her and
13 Agent Powell communicating to obtain the search warrant
14 and for them both to be at the summary judgment hearing
15 in November, the day he filed the return of the search
16 warrant.
17 Q   Did you ever hear Ms. Granger directing the
18 agents how or where to search your home?
19 A   I heard some talk about what to look for, what
20 they're looking for, but again, it was loud. I had my
21 dogs going berzerk, and then my back was to a lot of
22 them.
23 Q   My question is, did you hear Ms. Granger
24 directing Agent Powell where to search your home?
25 A   At one time I saw -- no, but then at one time I

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 11 of 13

SCOTT RAY JAMES                                          January 26, 2015
JAMES vs. GRANGER                                                      91

1   a lot of these articles, on the news and videos that are
2   out there that talk about how people are not able to
3   have these -- any type of weapons, that they would send
4   agents out there and ask for them to turn them over.
5        Q    Okay.  So what I'm asking is, what information
6   do you possess that the State of California has this
7   practice of sending people a letter to relinquish their
8   weapons?
9        A    I don't have any proof.  I just know, just by
10  talking to Calguns or NRA, there's lots of different
11  people that they have said that they've received letters
12  like that or have received the, you know,
13  knock-knock-give-us-your-guns-type scenario.
14  BY MS. GUESS:
15       Q    So you didn't hear anyone testify during your
16  criminal case that it's the State of California's
17  practice to have people relinquish their guns in
18  response to a letter?
19       A    I don't know that 100 percent because I believe
20  Agent Powell did talk about that in his testimony or
21  talked about -- because we questioned, do you always get
22  a search warrant, and I think the question was brought
23  up that, no, we don't.  A lot of times we do door knocks
24  or we go out or we'll call people or we'll send a
25  letter.

Case 1:13-cv-00983-AWI-SKO   Document 54   Filed 06/11/15   Page 12 of 13

SCOTT RAY JAMES  January 26, 2015
JAMES vs. GRANGER  121

REPORTER'S CERTIFICATION

I, Coleen Dalton, Certified Shorthand Reporter, in and for the State of California, do hereby certify:

That the foregoing witness was by me duly sworn; that the deposition was then taken before me at the time and place herein set forth; that the testimony and proceedings were reported stenographically by me and later transcribed into typewriting under my direction; that the foregoing is a true record of the testimony and proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name: February 2, 2015.

*Coleen Dalton*

Coleen Dalton, CSR No. 5755

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Kimberly Granger v. Scott R. James** | No. | **1:13-CV-0983 AWI SKO** |

I hereby certify that on <u>June 11, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## REQUEST FOR JUDICIAL NOTICE

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 11, 2015</u>, at Sacramento, California.

| | |
|---|---|
| S. Straw | s/ *S. Straw* |
| Declarant | Signature |

SA2013309877
32105574.doc