1  Leonard C. Herr, #081896
   Ron Statler, #234277
2  HERR PEDERSEN & BERGLUND LLP
   Attorneys at Law
3  100 Willow Plaza, Suite 300
   Visalia, California 93291
4  Telephone: (559) 636-0200
   Email: lherr@dhlaw.net
5
   Attorneys for Plaintiff: SCOTT R. JAMES
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SCOTT R. JAMES, | CASE NO.: 1:13-cv-00983-AWI-SKO |
| 12       Plaintiff, | **OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| 13       v. | |
| 14  KIMBERLY GRANGER, an individual; STEVE LINDLEY, an individual | Date:       July 13, 2015<br>Time:       1:30 p.m.<br>Courtroom:   2 |
| 15       Defendants. | |
| 16 | |
| 17 | Action Filed: June 26, 2013<br>Trial Date:   May 17, 2016 |
| 18 | |

19     The Defendants' motion to dismiss fails to appreciate: a complaint is not a

20  trial, and Plaintiff Scott James is suing for retaliation as well as under the equal

21  protection clause. The motion should be denied.

22                                **I.**

23            **MR. JAMES HAS STATED A CLAIM FOR RETALIATION**

24      A prima facie claim of retaliation for exercising a constitutional right require

25  the plaintiff to prove that (1) he or she was engaged in constitutionally protected

26  activity, (2) the defendants' retaliatory action caused the plaintiff to suffer an

27  injury that would likely deter a person of ordinary firmness from engaging in that

28  protected activity, and (3) the retaliatory action was motivated, at least in part, by

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  the plaintiff's protected activity.  *Mendocino Environmental Center v. Mendocino
2  County* (9th Cir.1999) 192 F.3d 1283, 1300–1301.[1]  Retaliation has always been a
3  claim set forth in this action, and Mr. James has stated facts placing the
4  Defendant on notice of the claim, as is required by FRCP Rule 8.

5  In support of the first of these elements, Mr. James alleges he was engaged
6  in the constitutionally protected activity of seeking redress of grievances against
7  the government in the Superior Court of California.  In support of the second, he
8  alleges that a search warrant was executed on his home just one week before the
9  state's opposition to a motion for summary judgment, which necessarily means a
10 week before Mr. James was to begin preparing his reply to that opposition, all
11 while he was cuffed and denied the presence of counsel while questioned, which
12 would tax the resolve of an ordinary person.  In support of the third [retaliatory
13 motivation in whole or in part], Mr. James alleges that, despite months having
14 passed since the warrant went unexecuted, Ms. Granger showed up with armed
15 agents just before she was to file an opposition to the dispositive motion to
16 hammer the point home: don't mess with the State of California.  All this was done
17 based on a search warrant that Mr. Lindley instructed Ms. Granger to get, a
18 warrant that was based on information Ms. Granger withheld from the agent who
19 filed it; specifically, she did not tell the agent about the *mandamus* action, all to
20 ensure that Mr. James would be subject to retaliation that bore the full weight of
21 the State's authority.[2]

---

[1] Other Circuits are in accord: *Espinal v. Goord*, 558 F.3d 119, 128-129 (2d Cir.2009); *Lauren W. ex rel Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir.2007); *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 686 (4th Cir.2000); *Keenan v Tejeda*, 290 F3d 252, 258 (5th Cir.2002); *Bloch v. Ribar*, 156 F3d 673, 678 (6th Cir.1998); *Bridges v. Gilbert*, 557 F.3d 541, 546, 552 (7th Cir.2009); *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir.2001); *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir.2001); *Bennett v. Hendrix*, 423, F.3d 1247, 1251 (11th Cir.2005).  This is also the case in California state courts; the language is drawn from *Tichinin v City of Morgan Hill,* 177 Cal.App.4th 1049, 1062-63 (2009).

[2] Mr. James has also framed this issue as retaliation for personal gain – a claim that remains and is related to this one.  The facts alleged in support of this claim against Ms. Granger are not new, only those facts that bring Mr. Lindley into the claim are new.

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  The prima facie case has been made.  The motion to dismiss should be
2  denied.

## II.

## EQUAL PROTECTION

The complaint alleges that Ms. Granger was an attorney for the state in a civil action [or, more correctly, an action in *mandamus*] brought by Mr. James. That case was brought by Mr. James to determine whether or not his 1996 nolo contendere plea to charges of misdemeanor battery constituted a MCDV.  The petition admitted Mr. James was a gun owner, having purchased a firearm – with the state's blessing – since the state law-based bar on ownership had lapsed.  Mr. James filed a summary judgment motion.  One week before the state's opposition to that motion was due, a search warrant was served on his home.  Ms. Granger was there, but Ms. Granger had no link to the criminal prosecution of Mr. James.

It was later discovered, through testimony in a criminal prosecution that ensued, that Ms. Granger never disclosed to the agents who conducted the search the fact that Mr. James had brought a civil action to determine whether or not he was allowed to own guns.  In every, or nearly every, other case in which a gun owner has initiated civil courts or administrative processes to challenge a finding of MCDV, the state has used non-criminal prosecution [generally through a letter] to have the gun owners' weapons set aside with law enforcement or a licensed firearm dealer until the owners' right has been determined.  Ms. Granger singled out Mr. James for criminal prosecution by another agency because, under the case law of the Ninth Circuit at the time, she was going to lose.

It is true that Ms. Granger has produced testimony that such letters are not sent. The testimony is from her.

Mr. James now sues Ms. Granger.  Mr. James brings an equal protection action under a class of one [or a few] theory.  He was singled out for different treatment than others.  To adequately state a claim under a "class of one" theory

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  of violation of equal protection, a plaintiff must allege facts to show: (1) that the
2  defendant acted intentionally, (2) that the defendant treated the plaintiff differently
3  than others similarly situated, and (3) that there was no rational basis for the
4  differential treatment.  *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1022
5  (9th Cir. 2011).  The rationality is measured against the reason the treatment was
6  different in the plaintiff's case, not on the rationality of the treatment itself.  *Id.* at
7  1023.  Mr. James alleged that he was the only or one of a few who were singled
8  out for the different treatment, and the rationality for the different treatment was
9  Plaintiff's temerity in challenging the state's determination that his old conviction
10 was for a MCDV.  The message was clear: roll over or hang.  The showing has been
11 made; defendants should be hailed to answer.

12 Other facts not alleged, but that can be added on amendment [among
13 others] should amendment be deemed necessary, are that Mr. James is informed
14 and believes that Ms. Granger, despite having no role in the prosecution of the
15 criminal case and having participated in the investigation by being at the search,
16 was actually exerting substantial influence over the case; indeed, she had the final
17 say over the criminal case.  While the Tulare County District Attorney was the
18 prosecuting agency, persons looking into the case on Mr. James' behalf were told
19 that the only person who could approve dropping the case was "the civil attorney"
20 – Ms. Granger.  How could she have anything to do with the criminal prosecution?
21 Her office was not the prosecuting authority, and she was conducting a civil
22 defense!  Her conflict was patent; her exercise of control in light of that conflict
23 makes clear this was an intentional singling out of a civil litigant for having
24 brought suit.

25 Further allegations give rise to the inference that the criminal action was
26 orchestrated by Ms. Granger but not prosecuted by her; Ms. Granger enjoyed the
27 authority of the civil court to request provisional remedies like injunctive relief.
28 That is what civil attorneys do.  If he refused, criminal investigations may have

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

been appropriate. But Mr. James' desire to follow the law was patent: he filed a suit to determine if his conduct was lawful! Ms. Granger, anxious to exact revenge, would not allow him the dignity of proving it.

Ms. Granger's singling out of Mr. James, clearly done intentionally and without reason save retaliation, warrants relief; Ms. Granger should be called to answer. She did so at the direction of and in concert with Mr. Lindley. He should also be called to answer. Should this Court find that the complaint is still deficient, Mr. James requests leave to file an amendment with the facts identified herein[3] and others.

### III.

### THE IMMUNITY CLAIMS

Qualified immunity is a defense that must be pleaded and established by the defendant asserting it. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 1924 (1980). Ms. Granger has failed to do so in her bid to establish qualified immunity.

The defendants' characterization of qualified immunity reflects a remarkable misunderstanding of both this complaint and the doctrine. First, they argue that Ms. Granger's belief that Mr. James had been convicted of a MCDV gives rise to the doctrine, but that is what the *mandamus* action was about; if this case were about the *mandamus* action, she would not need qualified immunity – she would have absolute immunity [which she failed to establish, *ante*]. This case is not about her defending the state or Mr. Lindley assisting that defense; it is about using their office to retaliate against Mr. James for having sued the state. Second, they argue for qualified immunity because Mr. James failed to establish a constitutional violation; but if there is no constitutional violation, she would not need qualified immunity because there would be no liability. It is Ms. Granger's

---

[3] Mr. James recognizes that the time to amend under the scheduling order has passed, but these same amendments were offered in response to the motion to dismiss the Second Amended Complaint. They were not added then because that motion was denied and Plaintiff answered.

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1   burden to establish that she is entitled to qualified immunity.  Her arguments for
2   it are predicated on errant interpretations of the factual allegations in the
3   complaint and errant interpretations of the doctrine itself.  She has failed to meet
4   her burden in this motion.
5       Ms. Granger tries to frame this lawsuit as being about MCDV.  This case is
6   not about MCDV; that is what the *mandamus* suit was about.  Mr. James had
7   purchased guns – the state had let him do it.  But then, the state claimed he could
8   not buy guns, which was why Mr. James brought a *mandamus* action for a
9   determination of his rights.  He freely admitted he owned guns in his petition, and
10  did so again at his deposition.  He did these things because he was confused: why
11  did the state let him buy guns for two years, only to say he no longer could
12  because of something that happened in the last decade of the last century (the
13  90s)?  While the state clearly believed he could not, he believed he could; that was
14  the whole point of the lawsuit.  Indeed, that is the whole point of *mandamus*!
15  Persons who want a determination of their rights are should be encouraged to
16  have those rights hashed out by the courts, not criminally prosecuted for it.  Ms.
17  Granger did the latter.
18      Mr. James already alleged in the petition that he had purchased guns.  But
19  instead of meeting and conferring through counsel about having them maintained
20  by law enforcement or a licensed firearms dealer pending resolution of the case, or
21  filing for injunctive relief, or having the state send a letter as is the case in every,
22  or nearly every, other case of a civil dispute about whether MCDV applies, Ms.
23  Granger advised officers – separate and apart from her defense of the civil
24  litigation – to conduct a criminal investigation and exerted influence over county
25  prosecutors' decision to conduct a criminal prosecution despite her clear conflict
26  and her office having nothing to do with that prosecution.
27      Also, the defendants predicate their claim of qualified immunity on the
28  suggestion that Mr. James has never before alleged that Ms. Granger's disparate

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1  treatment was failing to advise agents with the Bureau of Firearms that Plaintiff
2  was contesting his MCDV status.  But he did: "Ms. Granger knew Mr. James
3  would be arrested because he had already testified that he had guns – and had
4  already purchased at least one gun with the State's full knowledge – but withheld
5  the information to which agents testified would be considerations in their decision
6  to seek or not seek a warrant."  Second Amended Complaint, Court Docket # 22,
7  p. 6:7-11, and also at 7:18-21.

8  The question in this case is not whether Scott James had been convicted of
9  MCDV; the question is whether the Defendants violated his right to petition the
10 government for the redress of grievances.  If it was determined that he had been
11 convicted of a MCDV, the guns would have been turned over.  It was silly for Ms.
12 Granger to have believed differently; if he was going to hold onto the guns he
13 already bought, he would not have admitted to owning them in his petition and
14 discovery.  And even assuming his possession of guns was prohibited, a plaintiff's
15 violation of the law does not give rise to a defendant's immunity for wrongdoing
16 against that defendant unless the violation resulted from a risk against which the
17 statute was intended to protect.  Rest.2d Torts § 889.  Ms. Granger has failed to
18 establish anything that would indicate a risk of domestic violence by Mr. James'
19 hand at the time of her conduct.

20 In short, the face of the complaint shows that this case is not about Ms.
21 Granger's defense of her client in the civil litigation, so she is not entitled to
22 absolute immunity.  And her invocation of qualified immunity based on the lack of
23 a constitutional violation is not a proper application of qualified immunity.  Ms.
24 Granger has failed to establish that a reasonable attorney, similarly situated,
25 would have believed that the United States Constitution allows for state actors to
26 retaliate against civil litigants for having filed a suit in *mandamus*.  She has failed
27 to establish either of these immunities, and the motion should be denied.
28 ///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-7-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**

## IV.

### MR. LINDLEY'S INSISTENCE THAT THE COMPLAINT IS BROUGHT AGAINST HIM IN HIS OFFICIAL CAPACITY WAS ALREADY ADDRESSED BY THIS COURT

Defendants complain that Mr. Lindley was sued in his official capacity. In this Court's order on Mr. James' motion for leave to amend, the Court found that Mr. Lindley was not sued in his official capacity, but as an individual. Quoting the entire section seems unnecessary; Mr. James quotes the upshot of the Court's finding decision here: "Here, Lindley is named in his individual capacity, not in his official capacity as Chief of the Bureau of Firearms. … The allegations of the complaint establish that Lindley is sued in his individual capacity and not his official capacity." (Doc. 50, p. 8:16-9:2.) In short, this issue was already addressed. Chief Lindley was sued in his personal capacity. The motion should be denied.

## V.

### REQUEST FOR LEAVE TO AMEND

Should the Court be inclined to grant the motion, and recognizing that this motion relies on some facts not alleged in the second amended complaint, Plaintiff requests leave to amend to add these and other facts to cure any defect the Court might find. While Ms. Granger cites to a good deal of law supporting immunities for state attorneys, she fails to cite to law supporting immunities for the kind of conduct she participated in. Leave to amend is appropriate.

## VI.

### CONCLUSION

The motion to dismiss demands that this Court ignore the facts alleged, recognize prosecutorial immunity where there was no prosecutorial conduct, and qualified immunity before the immunity is even properly considered. Defendants' conduct was clearly retaliatory, intentionally singling out Mr. James for different

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

treatment for no rational reason except to abridge his right to seek redress in the courts.  The motion should be denied.

Dated:  June 29, 2015		HERR PEDERSEN & BERGLUND LLP

		By: /s/ Leonard C. Herr
			LEONARD C. HERR
			Attorneys for Plaintiff
			SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Motions\Motion to Dismiss TAC\PsAs in Opposition to Mtn. to Dismis TAC.doc

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-9-

**OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**