KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 445-8216
  Fax:  (916) 322-8288
  E-mail:  Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Stephen Lindley and Kimberly Granger*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SCOTT R. JAMES,**<br><br>Plaintiff,<br><br>v.<br><br>**KIMBERLY GRANGER,**<br><br>Defendant. | 1:13-CV-0983 AWI SKO<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date:         July 13, 2015<br>Time:        1:30 p.m.<br>Courtroom:  2<br>Judge:       The Honorable Anthony W. Ishii<br>Trial Date:  May 17, 2016<br>Action Filed: June 26, 2013 |

I.   **INTRODUCTION**

Plaintiff's opposition ignores the evidence in this case and attempts to reconstruct the allegations in the Third Amended Complaint.  Although Plaintiff claims he is bringing a retaliation claim based on the First Amendment, there are no factual allegations to support such a claim.  Moreover, the facts that Plaintiff argues in his opposition are contradicted by his deposition testimony.  Plaintiff also ignores that the allegations in the Third Amended Complaint regarding his equal protection claim and instead attempts to create new details that have no basis in law or fact.

Dismissal is proper because the Third Amended Complaint fails to state a viable claim against Defendants. First, the allegations of an equal protection or retaliation claim are made in violation of Federal Rules of Civil Procedure, Rule 11. Plaintiff knowingly alleges facts that are unsupported by evidence and contradict his deposition testimony. He has no reasonable basis for making such claims. In addition, Defendants are immune from liability.

## II.  DISMISSAL IS PROPER

A court may properly dismiss an action under Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "insufficient facts under a cognizable claim." *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984); *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). A court may also judicially notice facts outside the pleadings on a motion to dismiss. *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Defendants ask the Court to take judicial notice of Scott James' testimony that contradicts the allegations in his Third Amended Complaint. It should also be noted that because of the blatant factual disparities between the Third Amended Complaint and Plaintiff's own testimony, Defendants will move for sanctions pursuant to Federal Rules of Civil Procedure, Rule 11[1].

### A.   Retaliation Claim Fails.

If Plaintiff is alleging a retaliation claim, there are no factual allegations in the Third Amended Complaint to support this claim. Therefore, the Third Amended Complaint is subject to dismissal under Federal Rules of Civil Procedure, Rule 8. A complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)). Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *Twombly,* 550 U.S. at 556, n. 3.

---

[1] The hearing date for the motion is scheduled August 3, 2015.

According to the Opposition, not the Third Amended Complaint, Ms. Granger retaliated against Plaintiff (for filing a writ of mandamus action) by advising officers to conduct a criminal investigation.  This allegation is made in violation of Federal Rules of Civil Procedure, Rule 11.  Plaintiff has no evidence to support such a claim. In fact, he admits that Ms. Granger did not obtain the search warrant and he has no information that she directed the search of his home.  Request for Judicial Notice, Deposition of James at 53:11-16; 56:2-7; 77:16-25; 81:17-20; 88:6-8, 23-89:20.  Dismissal is proper not only because there are no facts alleged in the Third Amended Complaint supporting a retaliation claim but also because this claim is contradicted by facts that are subject to judicial notice.

If the retaliation claim is premised on Ms. Granger's actions in the action for mandamus relief, then she is entitled to absolute immunity.  It is undisputed that Ms. Granger was the Deputy Attorney General representing the State of California/Bureau of Firearms. Any actions involving the defense of the State of California/Bureau of Firearms are clearly covered by absolute immunity.  *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991); *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

**B.     Equal Protection Claim Fails.**

Contrary to Plaintiff's arguments in the opposition, the Third Amended Complaint alleges an equal protection claim based on the allegation that the State of California has a practice of sending a letter to anyone convicted of misdemeanor crime of domestic violence (MCDV) asking for voluntary relinquishment of weapons.  Third Am. Compl. ¶ 19.  Plaintiff claims he did not receive a letter and was instead criminally prosecuted.  These allegations are contradicted by Plaintiff's own testimony.  Plaintiff admits he is not aware of anyone similarly situated who was subject to the alleged disparate treatment.  Request for Judicial Notice, Deposition of James at 85:9-13.  Likewise, Plaintiff admits that has no support for this allegation.  Request for Judicial Notice, Deposition of Scott James at 91:5-9.  In sum, Plaintiff admits he has no class of one basis for his lawsuit.  As a result, dismissal is proper.

Plaintiff also alleges that his criminal prosecution was done pursuant to policy developed by Chief Lindley against anyone "who challenge[d] the State's determination of whether that

3

person has been convicted of MCDV, and subjecting them to searches and seizures…" Third Am. Compl. ¶ 15.  But the Third Amended Complaint, and the opposition, are devoid of any facts supporting this alleged practice.  Allegations of a pattern and practice lacking any factual support are not sufficient to state an Equal Protection claim. *Garber v. Mohammadi*, 2013 U.S. Dist. LEXIS 110725, *35-36 (C.D. Cal. Aug. 6, 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (2007).  Even if there were facts to support this alleged practice, the facts admit that Plaintiff was subjected to the same treatment as everyone else in his similar situation.

To the extent that the equal protection claim is based on filing a writ of mandamus action that allegedly resulted in his criminal prosecution for weapons possession, Plaintiff admits that Ms. Granger did not prepare the search warrant.  Request for Judicial Notice, Deposition of James at 81:17-20.  Plaintiff also admits that he has no facts that Ms. Granger was supervising the search of his home.  Request for Judicial Notice, Deposition of James at 53:11-16; 56:2-7; 77:16-25; 88:6-8, 23-89:20.  Therefore, Plaintiff has no factual basis for his claim and dismissal of this action is proper.

**C.    Defendants Are Immune.**

Ignoring the allegations in the Third Amended Complaint as well as the evidence presented in discovery, Plaintiff argues against qualified immunity for Defendants.  According to the opposition, at issue is "whether the Defendants violated his right to petition the government for the redress of grievances." Opposition at 7:9-10.  For purposes of a motion to dismiss, mere conclusory allegations of law and unwarranted inferences are not sufficient to defeat the motion. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  And, legal conclusions are not entitled to the assumption of truth.  *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009.)

Qualified immunity protects Defendants because their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  The Third Amended Complaint alleges that Ms. Granger's alleged disparate treatment was failing to advise agents with the Bureau of Firearms that Plaintiff was contesting his MCDV status.  Third. Am. Compl. ¶¶ 21, 28, 31.  This allegation is

unsupported by facts or the law.  18 U.S.C. § 992(g)(9) prohibits Plaintiff from owning, purchasing or possessing firearms.  Ms. Granger had no involvement in obtaining the search warrant.  Request for Judicial Notice, Deposition of James at 81:17-20. To the extent that Plaintiff argues Ms. Granger was required to advise agents searching Plaintiff's home or obtaining the warrant that he was contesting his MCDV status, there is no legal authority provided to support this position.  When Chief Lindley was advised that Plaintiff was in violation of the law, a search warrant was obtained.  The search uncovered a cache of weapons, including an assault rifle.  It cannot be found that Chief Lindley knew he was violating a clearly established right when Plaintiff is a MCDV prohibited from owning or possessing firearms.  As a matter of law, Defendants did not violate Plaintiff's constitutional rights and the facts that are subject to judicial notice contradict the allegations in the Third Amended Complaint.  Consequently, dismissal is proper.

## III.   CONCLUSION

This action should be dismissed with prejudice.  The Third Amended Complaint fails to state a § 1983 claim against Defendants because they are entitled to immunity.

Dated:  July 1, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants Stephen Lindley and Kimberly Granger*

SA2013309877
32127570.doc