Leonard C. Herr, #081896
Ron Statler, #234177
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT R. JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY GRANGER, an individual; STEVE LINDLEY, an individual,<br><br>    Defendants. | CASE NO.: 1:13-cv-00983-AWI-SKO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**<br><br>Date:          August 3, 2015<br>Time:         1:30 p.m.<br>Courtroom:  2<br><br>Trial Date:    May 17, 2016<br>Action Filed:  June 26, 2013 |

Defendants' Rule 11 motion is based, in part, on qualified immunity: and qualified immunity presupposes a constitutional violation. Defendants suggest that state actors who violate constitutional rights in new and unanticipated ways get sanctions from the people who tell them to cut it out. The other bases for Rule 11 sanctions are no better-reasoned. Defendants' motion for sanctions should be denied.

///

///

///

-1-

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

## I.

## THE ABSENCE OF TESTIMONY FROM MR. LINDLEY IS DUE TO DEFENDANTS' PURPORTED LACK OF AVAILABILITY

Plaintiff asked for a deposition of Mr. Lindley. Plaintiff was told that Mr. Lindley was not available part of the month, and his attorney was not available the rest of the month. The motion was filed in early July, and this opposition was due July 20. Mr. Lindley has been a party for a short time. This opposition is made without the benefit of Mr. Lindley's testimony or other discovery responses from him.

## II.

## PLAINTIFF'S BASES FOR THIS LITIGATION SHOW GOOD FAITH EFFORTS TO VINDICATE HIS RIGHTS THROUGH LITIGATION

Plaintiff alleges that he was subjected to retaliation by Kimberley Granger and Steve Lindley for having sued the state. Ms. Granger was the attorney representing the state; Mr. Lindley directed her to undertake the retaliatory move. The retaliatory move was to advise state agents to seek a search warrant. While a search warrant itself is lawful, otherwise lawful actions can be the basis for a civil rights claim when taken in retaliation for the exercise of constitutional rights. That is the basis of this lawsuit.

Scott James Pleaded *nolo contendere* to a misdemeanor charge of PC 242 in 1996. The person he was accused of battering was his wife [they divorced several years later]. In 2006, the state ban on firearms ownership expired, and Mr. James purchased weapons. Indeed, the County approved, and Mr. James was issued, a permit to carry a concealed weapon. After the purchase of several weapons, all approved by the State, Mr. James was told that he had been convicted of a MCDV, and was therefore banned from firearms ownership for life.

Mr. James initiated a suit in *mandamus* against the state. He believed at the time that his conviction fell within the Ninth Circuit Court of Appeals' decision

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]

1   in *US v. Belless*, and that under that case, his conviction was not for a MCDV.
2   *United States v. Belles*, 228 F.2d 1063 (9th Cir. 2003).  The outcome of that case is
3   not relevant here, but is described here by footnote.[1]  While the outcome of that
4   case is not relevant, the case is relevant in other ways: Mr. James had purchased
5   a number of firearms between the time the state ban was lifted and the time he
6   brought a lawsuit, during which not much happened, save a denial letter being
7   sent, but he was subjected to a search warrant that led to criminal charges once
8   he filed a lawsuit.

9   While Mr. James was waiting for an opposition from the State to his motion
10  for judgment in the *mandamus* action, Defendant Kimberley Granger showed up
11  with a bunch of armed state agents a week before that opposition was due.  It
12  later turned out that she had consulted with a state agent named Luke Powell and
13  withheld information from him about the *mandamus* action in order to secure the
14  search warrant.  Mr. James was charged in criminal court based on evidence
15  found during that search.  The charges were dropped after the evidence from the
16  search was suppressed.  At the suppression hearing, after Agent Powell was asked
17  if information about the *mandamus* action would have been important to him, the
18  presiding judge's questions about the search warrant and the lack of information
19  supporting it appeared to be asked with increasing disbelief.  As Judge Kalashian
20  asked, noting that Mr. James had purchased or tried to purchase several firearms
21  without action by the state, and "[n]othing happens to him. He files a lawsuit

---

[1] The trial court found for Mr. James, but the Fifth District Court of Appeal reversed. The California State Supreme Court granted Mr. James' petition for review, but that review was stayed pending the United States Supreme Court's decision in *U.S. v. Castleman*. [*U.S. v. Castleman*, ___ U.S. ___, 134 S.Ct. 1405 (March 26, 2014)] ] When *Castleman* was published, review was vacated, and the Fifth District Court of Appeal found, again, against Mr. James.  The 1996 conviction has since been vacated; Mr. James can once again own firearms.  Please see the Declaration of Leonard C. Herr (hereafter "Herr Decl.") in support of Plaintiff's opposition to Defendants' motion for sanctions, Exhibits "A," and "B."

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

1  against the Department of Justice, bam, all of a sudden the world falls down on
2  this guy. What's that all about?"[2]

3  What's that all about, indeed? That is the crux of this lawsuit.

4  Now, relying on Mr. James' lack of knowledge about inner workings of the
5  State Department of Justice, Defendants expect this Court to sanction him and
6  his attorney for attempting to vindicate his rights. Plaintiff alleges that he was not
7  treated equally and that he was the subject of retaliation. The facts known to all
8  parties show that Ms. Granger and Mr. Lindley are properly hailed to answer for
9  their actions. The motion should be denied.

## III.

### THE STATE APPEARS TO BELIEVE THAT THIS IS A RELITIGATION OF THE *MANDAMUS* SUIT; IT ISN'T

13  This litigation seeks to vindicate Scott James' right to bring suit in the
14  Courts for the redress of grievances. When Mr. James first filed a lawsuit for a
15  determination of whether he could own firearms, there was, indeed, a question as
16  to whether or not he could. It turned out the State was right, and, once
17  *Castleman* was decided, Mr. James' *mandamus* case was lost. But there is no
18  reason for Mr. James to relitigate the case. His 1996 conviction was vacated, and
19  the State of California recognizes that he can now own firearms. There is no
20  reason to relitigate the *mandamus* case; Mr. James is in the same position he
21  would have been had he prevailed.

22  This case is not about those issues. This case is about what happened to
23  him after he sued the state. As Judge Kalashian said: when he sued the state,
24  the world fell down on him. State agents were contacted by Kimberley Granger
25  and given partial information about the status of Mr. James' civil case. Herr Decl,

---

[2] Please see excerpts from the certified reporter's transcript of the hearing on motion to suppress in Mr. James' criminal case, pp. 110-111, attached to Herr Decl., Exh. "C."

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-4-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

1  Exh. C, pp. 7:1-7:17, 7:21-8:22. The Agent who submitted an affidavit for a
2  search warrant testified under oath that he was not informed of the fact that Mr.
3  James was asking for a court determination of his right to own the firearms that
4  the Agent was expecting to find at that house. Herr Decl., Exh. C, p. 14:4-14:26.
5  The material omissions of fact from the search warrant affidavit led to the evidence
6  from the search being suppressed. Herr Decl., Exh. C, p. 124-125. The Court
7  was shocked by the fact that the Agent who sought the warrant only had five
8  pages of an entire deposition, and that a search warrant was sought without the
9  affiant [or the issuing court] having the benefit of the rest of the testimony, and
10 that neither the affiant or the issuing court knew that the deposition testimony in
11 which Scott James admitted to possessing guns was given in the case that Mr.
12 James brought for a determination of whether or not he could own them. Herr
13 Decl., Exh. C, pp. 112–114. The Defendants ensured that Scott James was
14 subject to retaliatory search of his home – the warrant was secured by withholding
15 information.

16 Defendants' motion focuses on the argument that it was reasonable for
17 them to believe that Scott James could not own firearms. That is not what this
18 case is about: this case is about whether or not it was reasonable for them to
19 believe they could use their authority to discourage his *mandamus* suit.

20 **IV.**

21 **DEFENDANTS' DEMAND FOR SANCTIONS BASED ON
   QUALIFIED IMMUNITY WOULD PUNISH PLAINTIFFS SEEKING
22 REDRESS FOR ACTUAL CONSTITUTIONAL VIOLATIONS**

23 Defendants demand Rule 11 sanctions based on what they believe to be
24 clear qualified immunity. Rule 11 should not be used in this way. As Defendants
25 recognize in their pleading, the first question that must be asked in determining
26 whether qualified immunity applies is whether or not the conduct in question
27 violates the United States Constitution. *Pearson v. Callahan*, 555 U.S. 223, 232
28 (2009). That initial question must be a yes if a state actor is to enjoy qualified

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]

1  immunity. Assuming Defendants are correct, and they are entitled to qualified
2  immunity, Rule 11 sanctions seem a particularly harsh remedy. The doctrine
3  does not apply unless Defendants violated Mr. James' rights. The application of
4  sanctions based on qualified immunity would mean Plaintiffs whose rights have
5  been violated would be punished for suing over the violations. This would also
6  prevent new methods of violating the constitution, or new applications of
7  Constitutional rights, from ever becoming "clearly-established" by case law. If
8  Defendants are entitled to qualified immunity, the proper vehicle for the challenge
9  is a motion for summary judgment. While the Court in *Bethesda Lutheran Homes*
10 *and Services, Inc. v. Born* did mention qualified immunity in its granting of a Rule
11 11 motion, the Court granted the motion based on a frivolous appeal of a case that
12 was dismissed as: obviously barred by *res judicata*, judicial estoppel, Eleventh
13 Amendment immunity [all bars to suit that remain in place], and that it was a
14 second suit based on the suggestion that the first suit was wrong. 238 F.3d 853,
15 856-858 (2001). Qualified immunity was not the basis for granting relief; it was
16 merely mentioned as one solid ground for granting a motion to dismiss among
17 many others at the District Court level when the Court awarded sanctions for a
18 frivolous appeal.

19 If this case was about Mr. James' right to own firearms, qualified immunity
20 would be a better question to ask. But this case has nothing to do with the issue
21 of Mr. James' MCDV and his right to own firearms. At the time of suit, Mr. James
22 had purchased several firearms, with the State's approval and knowledge. Once
23 he sued the State asking if he could possess guns, the lawyer defending the State
24 gave incomplete information to agents who used the incomplete information to get
25 a search warrant resulting in criminal charges based on guns in his possession.
26 The question here is not whether it was reasonable for Ms. Granger and Mr.
27 Lindley to doubt Mr. James' right to own a gun; the question is whether it was
28 reasonable for them to believe they could use the power of the State to discourage

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-6-

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]

a litigant from pursuing a civil case, particularly when the State has, in the past, sent letters to persons asking them to turn in firearms, or State Agents used a so-called "knock-and-talk," in which Agents go ask persons to turn their weapons in. Ms. Granger testified to such methods, and also testified that the decision to contact the agents was made by Steve Lindley, who was also the person who had decided a knock-and-talk was inappropriate for cases like this. It is silly to suggest that executing a search warrant on a person's home and being cuffed and arrested are not intimidating experiences. An ordinary person in Ms. Granger's and Mr. Lindley's position would have known that the experience would discourage an ordinary person from litigation. [I.e., if I sue the state, I might get arrested or, at least, my home will be searched.] Qualified immunity does not attach. Even assuming the seizure of the firearms was appropriate, it could have been done under ordinary discovery methods with an appropriate meet and confer, with an injunction, or with a knock-and-talk. Instead the search warrant was based on a good deal of information that was withheld by Ms. Granger; that is evidence of a concerted effort to use the criminal system as an intimidating factor in the civil matter. That had the desired, intimidating effect of an arrest and search – add to it charges brought by the County, and Ms. Granger and Mr. Lindley scored a hat-trick.

The Defendants are asking this Court to create a frightening application for Rule 11: discourage persons whose rights have been violated from suing the persons who violated their rights. It is a curious coincidence: Defendants are being sued for retaliating against Mr. James for seeking redress of grievances; they now ask this Court to punish Mr. James for seeking redress of grievances. If Defendants seek qualified immunity, they should file a motion for summary judgment, but in any case, Rule 11 should not become a vehicle by which State actors discourage lawsuits involving actual constitutional violations.

///

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

## V.

## THE ALLEGATIONS ARE MADE IN GOOD FAITH

Defendants seem quite bothered by the fact that Mr. James does not have evidence about how the State Department of Justice conducts business; but, after a meet and confer effort in which Defendants' counsel said Mr. Lindley could not be deposed in July, deposition of Mr. Lindley is not set until September 2. [Herr Decl., Exh. D.] As for the propriety of Mr. James' equal protection claim, Mr. James is in possession of a letter from the Department of Justice showing on its face that the Department of Justice has, indeed, sent letters to persons asking them to turn in their weapons. That was alleged in the Complaint, and, while Mr. James did not have the evidence at his deposition, it is offered here. It is information both Ms. Granger and Mr. Lindley would know. This is a factual basis for the allegation. Mr. James believes that he, as a litigant, was singled out for different treatment.

Mr. James also alleges that their conduct was retaliatory and designed to discourage him from pursuing his rights in Court. Those are inferences to be drawn by a fact-finder, and are not unreasonable for a litigant or attorney to make here. A retaliation claim is made where: (1) the plaintiff was engaged in constitutionally protected activity; (2) the Defendants' retaliatory action caused the plaintiff to suffer an injury that would likely deter a person of ordinary firmness from engaging in that protected activity; and (3) the retaliatory action was motivated, at least in part, by the plaintiff's protected activity. *Mendocino Environmental Center v. Mendocino County* (9th Cir.1999) 192 F.3d 1283, 1300–1301. Here, Mr. James bought guns. After a while, the state said he couldn't. Nothing else happened until he sued the State. The suit is a constitutionally protected activity. The State's lawyer [Ms. Granger] was directed by the chief of a State Bureau [Mr. Lindley] to get a search warrant based on the very subject of the lawsuit. A search warrant was gained on incomplete information because the

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

1   lawyer withheld the information from the warrant's affiant.  The lawyer shows up
2   at the litigant's house with armed agents to search the home while other people
3   get knock-and-talks, or even letters.  Mr. James is then led inside, cuffed, held,
4   and spoken to by agents after his attorney is told he cannot enter the home.
5   Criminal charges are filed.  Perhaps no one gets letters: Ms. Granger admits some
6   people get knock-and-talks.  Indeed, she provided the term at her deposition.
7   Only the sensible analysis of the matter by the trial judge in the criminal court
8   saved Mr. James from further expense and embarrassment of continued charges.
9   Might these circumstances discourage a reasonable litigant?  You betcha.  It is
10  silly to suggest otherwise.

11  This may be an out-of-the-ordinary case.  (One would hope the
12  government's agents don't regularly engage in this conduct.)  Indeed, that is
13  indicated by the fact that the Ms. Granger, and now Mr. Lindley, fail to grasp its
14  true purpose or basis.  Rule 11 is not designed to chill creative advocacy.
15  *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).  This is a good faith effort to
16  vindicate Mr. James' right to seek redress in the Courts.  Defendants' only
17  showing that the allegations are frivolous is Ms. Granger's own testimony, which
18  is obviously self-interested.  The state offers no evidence that Mr. James cannot
19  prove the fact beyond an isolated statement made by him at deposition.  That
20  deposition testimony hardly qualifies as a judicial admission amounting to a
21  "formal concession[] in the pleadings in the case or stipulations by a party or
22  counsel that have the effect of withdrawing a fact from issue and dispensing
23  wholly with the need for proof of the fact."  *Hoodho v. Holder* (2d Cir. 2009) 558
24  F.3d 184, 191, citing to 2 McCormick on Evidence, § 254 (6th Ed. 2009).  It reads
25  far more like that section of Mr. McCormick's treatise, favorably cited in
26  *Fleischmann Distilling Corp. v. Maier Brewing Co.*: "by no means is every sort of
27  testimony of a party to be treated as a conclusive or judicial admission." (9th Cir.
28  1963) 314 F.2d 149, 158.  Again, Mr. Lindley's deposition has not occurred.  This

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-9-

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

case may be out-of-the-ordinary; it is not unreasonable.

## VI.

## CONCLUSION

Ms. Granger and Mr. Lindley are either not understanding or are mis-stating the purpose of this lawsuit. To be clear: Mr. James is not re-litigating the *mandamus* action; there is no need. Mr. James is seeking to vindicate his right to seek redress in the Courts. Mr. Lindley and Ms. Granger sought to discourage him from doing so by using their authority as Department of Justice employees to get a search of Mr. James' home and his arrest [and, as a bonus, criminal charges] despite his demonstrated willingness to work within the authority of the Court. The motion should be denied.

Dated: July 20, 2015          HERR PEDERSEN & BERGLUND LLP

By: /s/ Leonard C. Herr
    LEONARD C. HERR
    Attorneys for Plaintiff
    SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Motions\Rule 11 Motion filed 7-3-15\opposition to Rule 11 motion.doc

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SANCTIONS [FRCP, RULE 11]**