Leonard C. Herr, #081896
Ron Statler, #234177
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>          Plaintiff,<br><br>v.<br><br>KIMBERLY GRANGER, an individual; STEVE LINDLEY, an individual,<br><br>          Defendants. | CASE NO.: 1:13-cv-00983<br><br>**DECLARATION OF LEONARD C. HERR IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**<br><br>**Date:          August 3, 2015**<br>**Time:          1:30 p.m.**<br>**Courtroom:  2**<br><br>**Trial Date:    May 17, 2016**<br>**Action Filed: June 26, 2013** |

I, Leonard C. Herr, declare:

1.     I am not a party to this action.

2.     I am attorney of record for Plaintiff Scott James in this matter. The statements made in this declaration are true of my own knowledge and, if called upon to do so, I could and would so testify.

3.     Attached to this declaration as Exhibit A is a true and correct copy of the minute order and order vacating Scott James' 1996 conviction.

4.     Attached to this declaration as Exhibit B is a true and correct copy of the certificate of eligibility from the State of California stating that Mr. James is

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

DECLARATION OF LEONARD C. HERR IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]

1    eligible to own firearms, and a confirmation notice of it signed by Stacy Heinsen.

2         5.    Attached to this declaration as Exhibit C is a true and correct copy of

3    relevant excerpts from the hearing on the motion to suppress in *People v. James*,

4    case # 260879, as reported by Lesia Mervin on February 8, 2013 [the cover page

5    says 2012 – page 1 gives the correct date].

6         6.    Attached to this declaration as Exhibit D is a true and correct

7    printout of an email received by attorney Ron Statler in my office from counsel for

8    Defendants, Catherine W. Guess, stating that July was not available for

9    deposition of Mr. Lindley.

10         7.    Attached to this declaration as Exhibit E is a true and correct copy of

11    the search warrant sought by Special Agent Luke Powell, that was the subject of

12    discussion at the February 8, 2013 hearing in Exhibit C.

13         I declare under penalty of perjury under the laws of the State of California

14    that the foregoing is true and correct.

15         Executed this 20th day of July, 2015 at Visalia, California.

16

17                        /s/ Leonard C. Herr
                          LEONARD C. HERR

18

19

20

21

22

23

24

25

26

27    F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Motions\Rule 11 Motion filed 7-3-15\LCH Decl. in Supp. to Pl. Opp. to Rule 11 mtn..doc

28

LAW OFFICES
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-2-

**DECLARATION OF LEONARD C. HERR IN SUPPORT OF PLAINTIFF'S**
**OPPOSITION TO MOTION FOR SANCTIONS [FRCP, RULE 11]**

# EXHIBIT "A"

1   Greg Hagopian BAR NO. 245158
    115 South Church Street
2   Visalia, CA 93291
    (559) 972-5078
3

4

5              THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
6                  COUNTY OF TULARE - VISALIA DIVISION

7
    THE PEOPLE OF THE STATE OF          )   Case No. VCM031983-96
8   CALIFORNIA,                         )
                  Plaintiff and Respondent )
9         vs.                           )   ORDER TO VACATE PER WRIT OF
                                        )   ERROR CORAM NOBIS
10  SCOTT RAY JAMES                     )
                  Defendant and Appellant )
11                                      )
                                        )
12                                      )
                                        )
13  ─────────────────────────────────  )

14         GOOD CAUSE APPEARING THEREFOR:

15         IT IS HEREBY ORDERED that the Defendant Scott Ray James' motion to

16  vacate the judgment in the above entitled action is GRANTED.

17

18

19

20

21

22                                  WALTER L. GORELICK

23  DATED:      March 13, 2015       ─────────────────────────────
24                                   HONORABLE WALTER GORELICK
                                     JUDGE OF THE SUPERIOR COURT
25

26

27

28

                                1

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

MAR 13 2015

LABAYNE CLEEK, CLERK
BY:

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF TULARE**

| | |
|---|---|
| People<br>　　Plaintiff: <br>Counsel/DA: Robert Dempsie<br><br>vs.<br><br>James, Scott Ray<br>　　Defendant<br><br>Counsel/PD: Greg Hagopian<br><br>DOB:　　12-31-70 | Jud. Officer:　Walter L. Gorelick<br>Clerk:　　Corina Serna<br>Bailiff:<br>CSR:<br>ER Number　8:44<br>Interpreter:<br>Language: |
| Minutes:　Motion Hearing<br>　　　　　Other<br><br>Date:　　March 13, 2015 | Case No.　VCM031983-96<br>Department 14 |

Charges:

- ☑ Defendant present ☐ in custody ☐ without attorney ☑ with attorney ☐ by attorney
- ☐ Court makes interpreter findings on the record pursuant to GC 68561(g)/GC 68561(f)
  - ☐ Defendant failed to appear ☐ Bail forfeited ☐ OR revoked ☐ Probation revoked.
  - ☐ Bench Warrant to issue with bail set at $_____ ☐ Not to be released pursuant to 853.6PC.
- Matter came on regularly for Motion to: vacate writ of error coram nobis
- ☑ People submit ☑ Defense submit
- ☐ People argue motion ☐ Defense argues motion　*Counsel to submit*
- ☑ Court ☑ grants ☐ Denies motion　　　　*Order for Signature*
- ☐ Court orders:
- ☐ Arraignment, advisement of Constitutional Rights and reading of Complaint waived.
- ☑ Defendant arraigned, informed of charges, advised of and understands all legal rights.
- ☐ Public Defender appointed ☐ re-appointed. ☐ Contact Public Defender ☐ today ☐ upon release 636-4500
- ☐ Court finds defendant has the ability to pay the Public Defender Registration Fee in the amount of $_____
- ☐ Fee to be paid forthwith.　☐ Fee to be paid by _____
- ☐ Court finds defendant does not have the ability to pay the Public Defender Registration Fee.
- ☐ Public Defender declares a conflict. ☐ Public Defender relieved as counsel.
- ☐ Conflict Counsel appointed. ☐ Defendant to obtain own counsel. _____ substituted in as attorney of
  - record.　☐ Defendant waives right to counsel　*Counsel can appear, 977 at*
- ☐ Defendant waives time ☐ 10 Day Rule ☐ 60 Day Rule ☐ No time waiver　*next hearing*
- ☐ Entered a general/limited time waiver pursuant to Penal Code Section 1382　*Continued to trial date.*
- ☐ "Pro-Per" explanation of rights under Penal Code Section 1382 and effect of consent thereto given by judge.
- ☐ Defendant pleads NOT GUILTY ☐ prior convictions/special allegations denied.
- ☑ Defendant is Ordered to return to Court at the next Court hearing date.
- MATTER SET/CONTINUED ___/___/___ at ___ ☐ am ☐ pm Dept. ☒ for _____
- MATTER SET/CONTINUED ___/___/___ at ___ ☐ am ☐ pm Dept. ☒ for _____
- ☐ Continued ☐ by Court ☐ by Counsel for People ☐ by Counsel for Defendant ☐ Stipulated by both parties
- Time Estimate for Jury Trial ___ Hours/ ___ Days
- ☐ Porterville　　☐ Pre-Trial Facility　　☐ Visalia
- ☑ On motion DA ☐ case ☑ count ___1___ dismissed/amended to *infraction*
- ☑ Defendant requests to ☐ plead ☐ GUILTY ☐ NOLO CONTENDERE ☑ withdraw previous plea of NOT
  - GUILTY and enter a plea of ☐ GUILTY ☑ NOLO CONTENDERE. ☐ Prior convictions admitted.
  - ☑ *PC415 19.8*
- ☐ Written waiver filed ☐ Oral waiver taken – see attached. ☐ Admonished pursuant to VC23593(a)

DIST:　☐ DA　☐ PD　☐ DEF　☐ JAIL　☐ ATTY　☐ PROB　☐ CITY ATTY　☐ DOC
　　　　☐ Court Collections

☑ Defendant waives time for sentence   ☑ No legal cause.   ☐ See sentence sheet
☑ No Probation Ordered ☐ Probation Denied.
☐ Referred to Probation for Report and Recommendation for _____
    ☐ Contact Probation to set up interview on _____ / _____ / _____ .
    ☐ Recovery Court Referral Form given to defendant.
☐ Defendant ☐ admits ☐ denies _____ . ☐ Probation ☐ reinstated ☐ terminated ☐ revoked ☐ extended
    _____ ☐ under original terms and conditions.   ☐ Court finds compelling reasons not to impose probation
revocation restitution due to _____

_____

_____

☑ Defendant to pay a fine of $ 440+35= 75   as follows:
    ☐ forthwith; ☑ on or before 3 / 13 / 15 . ☐ $ _____ commencing _____ / _____ / _____
    ☐ Referred to Collections Department for payments. "Pursuant to PC 1205(d), the defendant shall pay to the
    clerk of the court or the collecting agency a fee for the processing of accounts."
☐ Defendant to serve _____ days in jail, with credit for _____ days served.
☐ PC4019 (1/2) time credits to be imposed.   ☐ PC4019 (1/3) time credits to be imposed.
☐ Sentence to be served ☐ consecutively ☐ concurrently with _____
☐ Stay of execution granted until _____ / _____ / _____ at _____ ☐ am ☐ pm to be served at
    ☐ BWDF ☐ DRC ☐ PTF
☐ Serve _____ weekends beginning _____ 7:00 a.m. to 5:00 p.m. commencing _____ / _____ / _____ to be
    served at the ☐ BWDF ☐ DRC ☐ PTF ☐
☐ Take ID & Paperwork. Be on time. ☐ Contact SWAP immediately to enroll 735-1931.
☐ REMANDED Forthwith. Bail $ _____ .   ☐ REMANDED, Serving Time.   ☐ Remain at liberty on bail.
☑ Released ☑ Discharged as to this case. ☐ Released on OR ☐ Remain on O.R. ☐ Remain on Prob
☐ CONDITIONS OF O.R. RELEASE. ☐ Defendant not to use or possess drugs.
    ☐ Defendant to submit to search of ☐ person ☐ residence ☐ automobile.
    ☐ Defendant to submit to ☐ narcotic/chemical testing upon request of any peace officer.
    ☐ To attend       NA/AA Meetings. ☐ Defendant to have no contact with victim in this case.
    ☐ Defendant to report to Tulare County Adult Probation Dept at ☐ 100 East Center, Visalia CA
    ☐ Room 204 2nd Floor County Court House 221 S Mooney Blvd, Visalia CA

**RELEASE ON OWN RECOGNIZANCE**

DEFENDANT, BEING RELEASED ON HIS OWN RECOGNIZANCE, PROMISES THAT (1) He/she will appear at all times and places, as ordered by the court or magistrate and as ordered by any court in which, or any magistrate before whom, the charge is subsequently pending; (2) he/she will obey all reasonable conditions imposed by the court or magistrate; and (3) He/she will not depart this state without leave of the court. Defendant agrees to waive extradition if the defendant fails to appear as required and is apprehended outside of the State of California. Any court or magistrate of competent jurisdiction may revoke the order of release and either return him/her to custody, or require that he/she give bail or other assurance of his/her appearance as provided in the Penal Code. If he/she willfully fails to appear at a scheduled court appearance, he/she may be charged with the additional charge of Failure to Appear (Penal Code section 1320). If released on own recognizance on a misdemeanor charge, failure to appear may result in a separate misdemeanor charge which may result in an additional penalty of six months in jail and/or a thousand dollar ($1,000.00) fine. If released on own recognizance on a felony charge, failure to appear may result in an additional penalty of imprisonment in a state prison, or in the county jail for not more than one year, and/or a five thousand dollar ($5,000.00) fine, or both that fine and imprisonment.

Defendant, by placing his/her signature below, acknowledges that he/she has read and understands the above promises and agreements he/she is making, and has been informed of the consequences and penalties applicable to violation of the conditions of release.

Executed on _____ by _____

              _____
                             Defendant

              _____
                             Address

The document to which this certificate is affixed is a full true and correct copy of the original on file and of record in my office.
Attest: 3/13/15
LaRayne Cleak, Clerk of the Superior Court of the State of California in and for the County of Tulare.
By _____ Deputy

EXHIBIT "B"

*KAMALA D. HARRIS*
**Attorney General**


*State of California*
**DEPARTMENT OF JUSTICE**



Bureau of Firearms
P.O. Box 160367
Sacramento, CA 95816-0367
Telephone: (916) 227-2153
Fax: (916) 227-1021

May 17, 2015

SCOTT R JAMES
2402 W MAIN STREET
VISALIA, CA 93291

Re:      Certificate of Eligibility Confirmation Notice
         Certificate of Eligibility Number 22594

Dear Scott R James:

      The California Department of Justice has processed your Certificate of Eligibility application, and your new certificate is enclosed. Please note the expiration date on your certificate.

      California Penal Code Section 26700, 26705, 27200 and 29050 require that all firearms dealers, firearms manufacturers, certain manufacturer employees, and gun show producers possess a valid Certificate of Eligibility.

      If you have any questions, please contact the Bureau of Firearms at (916) 227-2153.

Sincerely,

STACY HEINSEN, Manager
Bureau of Firearms

For KAMALA D. HARRIS
Attorney General

Enclosure

BOF/COE-0001

**State of California**
**Department of Justice**

# CERTIFICATE OF ELIGIBILITY

**Number: 22594**

Issued to:

**SCOTT R JAMES**

This is to certify that the Department of Justice, Bureau of Firearms has completed a firearms eligibility check on the above named individual. As of the date of issue, there is nothing that would prohibit the individual from acquiring or possessing a firearm.

Date of Issue: **May 17, 2015**     Expiration Date: **May 16, 2016**

Signature of Issuing Officer: _____

# EXHIBIT "C"

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TULARE

DEPARTMENT 5                    HON. JOSEPH A. KALASHIAN, JUDGE

THE PEOPLE OF THE STATE
OF CALIFORNIA,               )
                             )
            Plaintiff,       )
                             )
        vs.                  )       NO. VCF 260879
                             )       1538.5 Motion
SCOTT RAY JAMES,             )
                             )
            Defendant.       )

Visalia, California                        February 8, 2012

REPORTER'S TRANSCRIPT

(Pages 1 through 127)

APPEARANCES:

 For the Plaintiff:     TIM WARD
                        DISTRICT ATTORNEY
                        BY: AFREEN KAELBLE, DEPUTY
                        County Civic Center, Rm 224
                        Visalia, CA  93291

 For the Defendant:     RICHARD RUMERY
                        Attorney at Law
                        1320 W. Center
                        Visalia, CA  93291

LESIA J. MERVIN, CSR #4753, RMR, CRR
Tulare County Superior Court

February 8, 2013

(Open Court)

THE COURT:  Scott James.

MS. KAELBLE:  Afreen Kaelble for the People.

MR. RUMERY:  Richard Rumery on behalf of Scott James, who is present in court out of custody.

THE COURT:  This is the defendant's 1538.5 motion.

MS. KAELBLE:  Your Honor, we were in court on this motion last week and you asked that we have the officer here.  He is here.  He is available to testify.  However, this case is very similar to the other 1538 motion that was on earlier this morning where the motion regarding the search warrant had already been heard in front of the judge who issued the search warrant and the preliminary hearing had been held.

Now under 1538.5(i) they're bringing a second 1538.5 motion.  Earlier it did not seem we needed to do an evidentiary hearing.  It should have been done based on the information presented to Judge Hillman previously.  That is outlined in my motion that was filed with the Court on Pages 3 through 5.  I just wanted to bring that to the Court's attention again before we continue with any testimony or anything like that.

THE COURT:  Mr. Rumery?

1  minimum these three that were registered in his name
2  plus during the deposition he explained that he owned
3  between -- or possessed between five and ten long guns
4  as well that don't have to be registered.

5        So we know that he has these firearms in
6  his possession.  And instead of doing something to make
7  sure that they're elsewhere, he's in violation of the
8  law, because under the Brady Act, as the officer
9  explained, clearly from the training, clearly from the
10  document that we entered into evidence as People's 1,
11  it's clear that their definition, if there's a
12  misdemeanor involving domestic violence, if there's a
13  violence, even if it's a 242, if it started out at
14  domestic violence, it will restrict you from having a
15  gun.

16        THE COURT:  But not under the state law.
17        MS. KAELBLE:  Not under the state law.
18        THE COURT:  Why do we have a state law?  Just
19  to confuse citizens so they get trapped with the
20  federal law when the Feds decide they want to?  I mean,
21  isn't it against the law to attempt to and fill out an
22  application for a weapon and it turns out you can't --
23  you gave false information in the application, why all
24  the times that this guy is trying to get a weapon,
25  apparently he wasn't supposed to, so he's committing a
26  violation of federal law seven, eight, nine, ten times,

1   eleven times?  Nothing happens to him.  He files a

2   lawsuit against the Department of Justice, bam, all of

3   a sudden the world falls down on this guy.  What's that

4   all about?

5          MS. KAELBLE:  Obviously, I don't work for

6   that agency.  I don't know how those things get

7   investigated.  I don't know how the forms get forwarded

8   typically from a dealer, once there's a denial, to an

9   investigator.  I don't know how that works.  I really

10  can't speak.  All I can say is in this particular case

11  it was brought to law enforcement's attention and as a

12  result they did an investigation and they determined

13  that there was probable cause to believe he was in

14  possession of weapons.

15         THE COURT:  While his lawsuit to try to

16  clarify the situation is ongoing.

17         MS. KAELBLE:  That is true, your Honor;

18  however, it's still a violation of the law.

19         THE COURT:  What about all these other

20  violations of the law for years that were going on

21  every time he attempted to get a gun and he wasn't

22  supposed to?

23         MS. KAELBLE:  Your Honor, like I said, I

24  don't know what was going on with that.  I can't speak

25  to what was happening in 2007 with regards to those

26  attempts to purchase firearms.

1    THE COURT:   Why did he only get five pages of
2  this deposition?  Why didn't he get the whole
3  deposition so he could find out what's going on here
4  before you author a search warrant?  This guy's
5  attempting to clarify a situation.  I mean, it clearly,
6  when you read it, this guy is stockpiling stuff and he
7  shouldn't be and he's trying to get other weapons and
8  he shouldn't be.  He's in clear violation of the law.
9        MR. RUMERY:   Meanwhile, between 2008 and or
10 he's got a concealed weapons permit.
11        THE COURT:   Then he's got a concealed weapon
12 permit that nobody even checks to see if he's got it.
13 What's going on?
14        MS. KAELBLE:   Your Honor, all -- we're only
15 here on the issue of whether or not there was probable
16 cause for the search warrant.
17        THE COURT:   No.  Whether it was done in good
18 faith.
19        MR. RUMERY:   Right.
20        THE COURT:   And whether there were material
21 admissions in the search warrant.
22        MS. KAELBLE:   Your Honor, from the
23 information presented by the investigator who did
24 the -- wrote the search warrant, he was not aware of
25 all this other information.  I don't think it's
26 reasonable to say that he should have known that all

1  these other things were happening.  This situation --

2          THE COURT:  That's like to the author of the

3  search warrant, just tell me enough.  I don't want to

4  hear all the other stuff.  I don't want to know

5  anything about why we have a lawsuit.  I don't know

6  what else was said in the deposition.  Just tell me

7  that he's got certain weapons.  Give me five pages and

8  tell me he's got certain weapons, that's all I want to

9  know, because that's all I want the magistrate to know.

10 I don't want to look to see if he had a weapons permit

11 issued by the county lawfully in 2008.  I don't want to

12 know that.  I don't want the magistrate to know that.

13          MS. KAELBLE:  I'm not sure if there was

14 anything in the deposition relating to the -- the

15 defendant testified that he provided some information

16 to the Attorney General's Office about the concealed

17 weapons permit.  But I don't know -- I honestly don't

18 know whether that information was really there, whether

19 that information was ever conveyed.

20          According to this officer it was never

21 provided to him.  I don't know if that's something that

22 you would reasonably -- that person would reasonably

23 think I need to ask about whether there's a concealed

24 weapons permit when you're getting these letters from

25 DOJ saying you're being denied, you can't have a

26 firearm.  I don't know if the next step would be let me

1   check with the county to see if there's a concealed to
2   carry permit.
3              THE COURT:  And I understand that.  Going
4   back to the search warrant under investigation, the
5   second paragraph.  It starts, "On Monday, July 25th,
6   Scott James appeared in Superior Court, State of
7   California, County of Tulare, for a civil deposition.
8   During his sworn testimony he admitted to ownership and
9   possession of firearms and falsification of failure to
10  divulge information."
11             It sounds like this guy's spilling his
12  guts out, like he's under some kind of examination, and
13  he admits it.  That's the whole reason for his lawsuit.
14  I mean, it sounds like for the first time, almost, this
15  guy admitting to all this.  It's just -- it's time
16  after time we're dealing with the federal law that he's
17  permanently banned for life.  And there's one little
18  sentence that talks about the state law where that's no
19  longer in effect by the time of the authoring of this
20  search warrant.
21             MS. KAELBLE:  Your Honor, with regards to the
22  comment about the state law, it would appear to me the
23  reason he doesn't need to include information about the
24  state law is the state law is not providing him
25  probable cause for the search.  The whole reason --
26             THE COURT:  Bingo.  Yeah.  Exactly.

LESIA J. MERVIN, CSR #4753, RMR, CRR
Tulare County Superior Court

1  cite some **cases** which indicate that even information
2  that's 11 months old, depending on the nature of the
3  property, if it's the type of property that's likely to
4  still be in place, then it's not going to be considered
5  stale.

6              In this particular **case** we're talking
7  about weapons.  The defendant had already had the
8  weapons for four years.  It's not like it's something
9  that somebody obtains and gets rid of quickly.  So
10 based on that, there's a good likelihood that the
11 evidence would still be in its place and it would not
12 be stale.

13             THE COURT:  Okay.  I don't think the
14 staleness is an issue.  I do think there are material
15 omissions in the affidavit.  Those omissions include
16 that the defendant in February of the year of this
17 search warrant had on his own initiated a lawsuit
18 against the department to clarify whether or not he
19 could possess these weapons and to clarify whether or
20 not he comes under 18 USC 922 (g)(9), a person who has
21 been convicted of a misdemeanor crime of domestic
22 violence.

23             And under People's Exhibit 1, on the
24 second page of that exhibit, "It's anticipated that
25 this issue will be subject to litigation," end of
26 quote, meaning whether or not it includes all

1   misdemeanors, including simple assault or simple
2   battery.
3              The search warrant is replete with
4   allegations that defendant is in violation of federal
5   law 18 USC 922(g)(9).  I don't want to belabor the
6   point.  The search warrant affidavit speaks for itself.
7   There's no mention of the fact that in 2007 or 2008 the
8   County of Tulare issued this man a valid concealed
9   weapons permit.  Certainly that would play into whether
10  or not there was a need for this lawsuit filed by
11  Mr. James to clarify his possession of these weapons.
12  He's never, at least from the record, tried to hide the
13  fact that he's possessed these weapons.
14              Then we have the clear conflict with the
15  federal Brady Act law and California law.  This
16  affidavit does not really speak to that conflict.
17  There's one sentence indication that I think it's the
18  ten-year period is lapsed under California law.  Never
19  mentioned again, but the violations of federal law are
20  spread out throughout this affidavit.
21              I just think there's too many material
22  omissions and lack of clarification as to actually what
23  is going on at the time this search warrant was
24  authored, so I'm granting the 1538.5 motion.
25              MR. RUMERY:  Thank you.
26              THE DEFENDANT:  Thank you, your Honor.

LESIA J. MERVIN, CSR #4753, RMR, CRR
Tulare County Superior Court

1  STATE OF CALIFORNIA )

2                      )  ss.

3  COUNTY OF TULARE     )

4

5              I, LESIA J. MERVIN, an Official Certified

6  Shorthand Reporter of the Superior Court of the State of

7  California, do hereby certify:

8              That the foregoing action was taken down

9  in stenographic shorthand writing and thereafter

10 transcribed into typewriting, pages 1 through 127, and

11 that the foregoing transcript constitutes a full, true,

12 and correct transcript of said proceedings.

13              Dated: July 20, 2015.

14

15

16

17

18

20  _____
         LESIA J. MERVIN, CSR #4753
21       Official, RPR, RMR, CRR, FAPR

22

23

24

25

26

EXHIBIT "D"

**Ron Statler**

| | |
|---|---|
| **From:** | Catherine Woodbridge <Catherine.Woodbridge@doj.ca.gov> |
| **Sent:** | Monday, June 15, 2015 8:04 AM |
| **To:** | Ron Statler |
| **Subject:** | James v. Granger - Lindley depo |

Chief Lindley is on vacation the first two weeks in July and I am on vacation from 7/16-7/30.  August works. Let me know if there are dates in August that work for you.

**Catherine W. Guess**
Deputy Attorney General
Office of the Attorney General
1300 I Street
Sacramento, CA 95814
(916) 445-8216

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT "E"

SW NO._____

## STATE OF CALIFORNIA - COUNTY OF TULARE
### SEARCH WARRANT AND AFFIDAVIT
### (AFFIDAVIT)

E~ ~ 005527

Your Affiant, <u>Luke Powell</u>, swears under oath that the facts expressed by him in the attached and incorporated Statement of Probable Cause are true and that based thereon (he/she) has probable cause to believe and does believe that the property described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the location(s) set forth below. Wherefore, affiant requests that this Search Warrant be issued.

_(Signature of Affiant)_

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

NOV 03 2011

LARA HENDLEEK, CLERK
BY:_____

## (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICEMAN, OR PEACE OFFICER IN THE COUNTY OF TULARE:** proof by affidavit having been made before me by <u>Luke Powell</u>, that there is probable cause to believe that the property described herein may be found at the locations set forth herein and that property is lawfully seizable pursuant to Penal Code Section 1524 as indicated below in that:

_____ The property was stolen or embezzled.

__X__ The property or things were used as the means of committing a felony.

_____ The property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing them from being discovered.

__X__ The property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony.

_____ The property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, in violation of Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring.

_____ There is a warrant to arrest a person.

## YOU ARE THEREFORE COMMANDED TO SEARCH:

### THE PREMISES AT:

THE PREMISES at 630 West Cherry Court, Visalia, California, 93277; further described as a single story dwelling house with a tan clay tile roof and tan stucco exterior, and tan wood trim, with the number "630" visible on the front of the house, just west of the garage doors, are brown in color and are approximately eight inches in size; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

The residence at 630 West Cherry Court, Visalia, California, 93277, is depicted in the following photograph:



## THE FOLLOWING VEHICLES:

Vehicle 1

THE VEHICLE described as a 2011, Chevrolet, model is unknown, color of this vehicle is unknown, bearing California license # 6PMR543 (R/O Scott Ray JAMES II, 4216 South Mooney Boulevard, Visalia, CA 93277), including containers of any kind within the vehicle.

Vehicle 2

THE VEHICLE described as a 2006, Harley Davidson, model is unknown, color of this vehicle is unknown, bearing California license # 18C6022 (R/O Scott JAMES II, 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277), including containers of any kind within the vehicle.

ANY VEHICLE in the immediate vicinity of address, city, California, zip code, that is in the custody or control of Scott JAMES of person as evidence by ignition keys, or car door keys, or vehicle ownership documents in his/her possession, or on his/her person, or under his/her dominion and control, or by statements of witnesses, or any vehicle within the garages, grounds, or storage areas to be searched.  Such search shall include containers of any kind within the vehicle.

## AND THE FOLLOWING PERSONS:

Person 1

THE PERSON known as Scott Ray JAMES, described as a white male, approximately 40 years of age, approximately 5 ft 8 inches tall, weighing approximately 170 pounds, with brown hair, brown eyes, born on 12/31/1970, with California drivers license #: C7081820.

**FOR THE FOLLOWING PROPERTY:**

Any items tending to establish the identity of persons who have dominion and control of the location, premises, automobiles, or items to be seized, including delivered mail, whether inside the location or in the mail box/s, bills, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, purchase receipts, rent receipts, sales receipts, tax statements, payroll check stubs, keys and receipts for safe deposit box(s), keys and receipts for rental storage space, keys and receipts for post office box or mail drop rentals, ignition keys, car door and trunk keys, vehicle ownership certificates or "pink slips," and/or vehicle registration slips, recordation of voice transmissions on telephone answering machines, audio tapes and telephone message receipt books, and written phone messages, and photographs tending to show occupation of the residence / business and connection between co-conspirators, whether identified, or unidentified, also digital pagers which will document telephone numbers of co-conspirators, and if found, to activate the digital pagers' display mechanism and to obtain messages from the pagers, answering machines, tape recorders, and any other recording devices, and to play such devices to obtain their messages. Any examples of handwriting including letters, address books, business records, canceled checks, notes, and/or lists.

Any handgun / pistol / revolver / rifle / shotgun / firearm / automatic weapon / of any caliber. In addition to any firearm, Clips / Magazines / Cylinders /Loading Devices, or any paperwork showing the purchase, storage, disposition, and/or dominion and control over any guns, any ammunition, or any of the above items.

Any items of documentation to include but not limited to, Dealer's Record of Sale (DROS) of Firearm or Federal Alcohol, Tobacco and Firearms (ATF) Form 4473. Originals or copies of receipts of purchases or attempt purchases of firearm(s) transactions occurring on or after December 11, 1996.

**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or this court, at the courthouse of this court. This Search Warrant and incorporated Affidavit was sworn to and subscribed before me this 4ᵗʰ day of _August_, 20 11 at 11:38 A.M./P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

NIGHT SEARCH REQUESTED ☒     NIGHT SEARCH APPROVED: YES ☐   NO ☑

_____
Judge of the Superior, County of Tulare

# DESCRIPTION

## YOU ARE THEREFORE COMMANDED TO SEARCH:

**THE PREMISES AT:**

THE PREMISES at 630 West Cherry Court, Visalia, California, 93277; further described as a single story dwelling house with a tan clay tile roof and tan stucco exterior, and tan wood trim, with the number "630" visible on the front of the house, just west of the garage doors, are brown in color and are approximately eight inches in size; including all rooms, attics, basements, and other parts therein, the surrounding grounds and any garages, storage rooms, trash containers, and outbuildings of any kind located thereon.

The residence at 630 West Cherry Court, Visalia, California, 93277, is depicted in the following photograph:



**THE FOLLOWING VEHICLES:**

Vehicle 1

THE VEHICLE described as a 2011, Chevrolet, model is unknown, color of vehicle is unknown, bearing California license # 6PMR543 (R/O Scott Ray JAMES II, 4216 South Mooney Boulevard, Visalia, CA 93277), including containers of any kind within the vehicle.

Vehicle 2

THE VEHICLE described as a 2006, Harley Davidson, model is unknown, color of this vehicle is unknown, bearing California license # 18C6022 (R/O Scott JAMES II, 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277), including containers of

any kind within the vehicle.

ANY VEHICLE in the immediate vicinity of address, city, California, zip code, that is in the custody or control of Scott JAMES or person as evidence by ignition keys, or car door keys, or vehicle ownership documents in his/her possession, or on his/her person, or under his/her dominion and control, or by statements of witnesses, or any vehicle within the garages, grounds, or storage areas to be searched. Such search shall include containers of any kind within the vehicle.

## AND THE FOLLOWING PERSONS:

Person I

THE PERSON known as Scott Ray JAMES, described as a white male, approximately 40 years of age, approximately 5 ft 8 inches tall, weighing approximately 170 pounds, with brown hair, brown eyes, born on 12/31/1970, with California drivers license #: C7081820.

## FOR THE FOLLOWING PROPERTY:

Any items tending to establish the identity of persons who have dominion and control of the location, premises, automobiles, or items to be seized, including delivered mail, whether inside the location or in the mail box/s, bills, utility bills, telephone bills, miscellaneous addressed mail, personal letters, personal identification, purchase receipts, rent receipts, sales receipts, tax statements, payroll check stubs, keys and receipts for safe deposit box(s), keys and receipts for rental storage space, keys and receipts for post office box or mail drop rentals, ignition keys, car door and trunk keys, vehicle ownership certificates or "pink slips," and/or vehicle registration slips, recordation of voice transmissions on telephone answering machines, audio tapes and telephone message receipt books, and written phone messages, and photographs tending to show occupation of the residence / business and connection between co-conspirators, whether identified, or unidentified, also digital pagers which will document telephone numbers of co-conspirators, and if found, to activate the digital pagers' display mechanism and to obtain messages from the pagers, answering machines, tape recorders, and any other recording devices, and to play such devices to obtain their messages. Any examples of handwriting including letters, address books, business records, canceled checks, notes, and/or lists.

Any handgun / pistol / revolver / rifle / shotgun / firearm / automatic weapon / of any caliber. In addition to any firearm, Clips / Magazines / Cylinders /Loading Devices, or any paperwork showing the purchase, storage, disposition, and/or dominion and control over any guns, any ammunition, or any of the above items.

Any items of documentation to include but not limited to, Dealer's Record of Sale (DROS) of Firearm or Federal Alcohol, Tobacco and Firearms (ATF) Form 4473. Originals or copies of receipts of purchases or attempt purchases of firearm(s) transactions occurring on or after December 11, 1996.

# STATE OF CALIFORNIA - COUNTY OF TULARE
## STATEMENT OF PROBABLE CAUSE

**EXPERTISE**

I, Luke Powell, am a Special Agent with the California Department of Justice (CA DOJ), Bureau of Firearms (BOF), Fresno Field Office. I have been a full-time peace officer as defined by Penal Code (PC) § 830.1 since December of 1998. I have acquired my current Basic, Intermediate and Advanced Police Officers Certificate from California Peace Officer Standards and Training (POST). My current duties entail providing education, regulation and enforcement actions regarding the unlawful manufacture, sales, ownership, safety training and transfer of firearms and/or equipment.

Throughout my peace officer career, I have worked a variety of assignments to include, Field Evidence Technician, Accident Investigator, Auto Theft Investigator, Canine Handler, Special Weapons and Tactics (SWAT), Narcotics Task Force, California Methamphetamine Strategy (CALMS), Diversion, and currently Firearms. In addition to my on the job training, I have received over 1000 hours of formal advanced officer training from local, state and federal law enforcement officials. This training included the following subject matters; Search and Seizure, Drug Abuse Recognition, Narcotics Investigator, Clandestine Laboratory Safety and Indoor Marijuana Cultivation. I have also attended the SWAT Academy, Advanced Entry Gun Techniques, MP-5 Submachine Guns Operators Course, Long Gun Assault Rifle Course and Range master Course.

My experience and training have provided me with the opportunity to write, serve and/or assist in the preparation and execution of more than 100 search warrants, where firearms and various types of illicit and control substances were confiscated; I have spoken with thousands of people engaged in the criminal subculture; I have interviewed no less than one hundred admitted and/or convicted drug users, sellers and manufacturers; I am knowledgeable in the recognition, identification, preparation, sales and use of illicit and controlled substances. I have become proficient in the identification, use and disassembly of various revolvers, semiautomatic pistols, fully automatic submachine guns, fully automatic machine guns, shotguns, and various rifles. I have investigated and arrested individuals for violations involving illegal weapon possession.

**INVESTIGATION**

On Tuesday, July 26, 2011, at 0900 hours, I was provided informed regarding a potential crime of Penal Code (PC) section 12076(c)(1), any person knowingly furnish incorrect information for the electronic transfer of a firearm, which appeared to have taken place on Saturday, January 1, 2011, at the Big 5 Sporting Goods, located at 1430 South Mooney Boulevard, Visalia, CA 93277. This information came to light following a civil deposition which took place on Monday, July 25, 2011.

On Monday, July 25, 2011, at 0905 hours, Scott JAMES appeared in the Superior Court of the State of California, County of Tulare, for a civil deposition. During his sworn testimony, JAMES admitted to ownership and possession firearms and falsification or failure to divulge information on both, the federal Alcohol, Tobacco and Firearms (ATF) 4473 and the state Dealer's Record of Sale (DROS) of Firearms licensing forms.

During the course of this deposition JAMES admitted, in his sworn testimony, he currently resided at 630 West Cherry Court, Visalia, CA 93277, was in possession of a "Kimber, .45 caliber," semiautomatic handgun and "more than five and less than ten" rifles and shotguns.

Under federal law, specifically the Federal Brady Act and 18 U.S.C. 922(g)(9), permanent ban disqualifying an individual from possessing, purchasing, or receiving a firearm pursuant to a misdemeanor conviction of domestic violence, JAMES is currently prohibited from firearms possession for life, pursuant to an October 1, 1996, arrest, by the Visalia Police Department (case number A96-14148), for PC section 273.5, inflict corporal injury on spouse, and subsequent conviction, on December 11, 1996, for PC section 242, battery.

Also during his sworn testimony, JAMES admitted to failing to divulge a misdemeanor conviction for domestic battery on the federal ATF 4473 form and failing to provide his street address on both the ATF 4473 and state DROS forms. On both federal and state forms JAMES admitted to providing a mailing address, which is different than his residential address.

JAMES admitted to being informed of his denial to purchase firearms by Big 5 Sporting Goods, after the January 7, 2011, transaction because he was called to the store to obtain his refund of the purchase price of the rifle and the store provided him a

copy of the California (CA) Department of Justice (DOJ) Denial Letter.

On Thursday, July 28, 2011, I conducted computer records checks on JAMES through multiple law enforcement databases. My research revealed the following:

My check through the Automated Firearms System (AFS) showed JAMES has three (3) firearms registered in his name. (AFS is a state wide computer data bank for all handguns sold since 1979 and all assault weapons properly registered in this state as prescribed in California (PC Section 12285) since 1989. Your affiant knows that per California PC Section 11106(b)(1) handgun ownership information is stored in AFS, rifle and shotgun information is not normally stored in AFS. However the information regarding rifles and shotguns shall be destroyed within five days of the receipt by the Attorney General, unless retention is necessary for use in a criminal prosecution. Your affiant knows all registered handguns and transfers of ownership of handguns, done through a licensed firearms dealer will be recorded and stored in AFS.) AFS records indicate JAMES purchased the following firearms on the provided dates:

1. Kimber, Team Match, .45 caliber, semiautomatic handgun, serial number K1914, purchased on 02/08/2007;

2. Sig Sauer, 229, .40 caliber, semiautomatic handgun, serial number AD17242, purchased on 08/22/1994; and

3. Astra, A80, 9 millimeter, semiautomatic handgun, serial number P4231, purchased on 02/03/1992.

The possession of any firearm or ammunition by JAMES is a violation federal law 18 U.S.C. 922(g)(9), permanent ban disqualifying an individual from possessing, purchasing, or receiving a firearm pursuant to a misdemeanor conviction of domestic violence.

I conducted a DMV check on JAMES and noted he possessed a valid California driver licenses which listed a mailing address of 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277. (This is the same address JAMES used on both the federal ATF 4473 and state DROS forms.) JAMES also had two vehicles registered under his name:

1. 2011 Chevrolet, model is unknown, color of this vehicle is unknown, bearing California license plate number 6PMR543; and

2. 2006 Harley Davidson, model is unknown, color of this vehicle is unknown, bearing California license plate number 18C6022.

On both of the above vehicles, JAMES listed an address of 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277.

JAMES' criminal history showed numerous prior arrests for a variety of offenses: assault with a deadly weapon, carrying a concealed weapon in a vehicle, carrying a loaded firearm in public and inflicting corporal injury on spouse. Of these listed arrests, JAMES has two convictions for PC section 12031(a), carrying a loaded firearm in public and PC section 242, battery. Because of these misdemeanor convictions, and per PC sections 12021(c)(1) and 12316(b)(1), JAMES was prohibited from owning, purchasing, receiving or possessing any firearm or ammunition for a period of ten (10) years. JAMES' state prohibition concluded on December 11, 2006. Under federal law, specifically the Federal Brady Act and 18 U.S.C. 922(g)(9), permanent ban disqualifying an individual from possessing, purchasing, or receiving a firearm pursuant to a misdemeanor conviction of domestic violence, JAMES is currently prohibited from firearms and ammunition possession for life.

On Thursday, July 28, 2011, I conducted a query of JAMES through the Armed Prohibited System (APPS) data base. (APPS is a CA DOJ, Bureau of Firearms (BOF) run database that cross-references persons who legally acquired handguns since 1996 or registered assault weapons, and who subsequently become legally prohibited from owning or possessing firearms because of incidents such as felony convictions, specified misdemeanors, domestic violence restraining orders and mental health commitments. Records of handgun sales from the DOJ, DROS and from the Assault Weapons Registry (AWR) populate the APPS database and evaluates data from existing databases such as the Automated Criminal History System (ACHS), Wanted Persons System (WPS), Domestic Violence Restraining Order System (DVROS) and Mental Health Firearms Prohibited System (MHFPS). New DROS and AWR data is added to APPS on a daily basis. Information in AFS about lost, stolen, held for safekeeping and under observation firearms is also added every day. This data adds new firearms owners to APPS, associates newly transferred firearms to existing armed persons in APPS due to transfer of firearms and various status changes.) This query

revealed JAMES has attempted to purchase a firearm through a state licensed Federal Firearms Licensed (FFL) dealer eight (8) times since his 1996 conviction and subsequent prohibition. Seven (7) of these attempts, conducted on September 24, 1999, July 17, 2007, July 17, 2007, December 22, 2007, December 22, 2007, October 21, 2008 and January 7, 2011, were denied with one (1) attempt, conducted on February 8, 2007, succeeding (see Kimber .45 above).

State DROS licensing requirements mandate FFL dealers, operating within California, to keep the original copy of the DROS transactions for a period of three (3) years following the sale or denial of the firearms transaction. Of the eight (8) DROS transactions attempted by JAMES, only two (2) of the transactions fall within this three (3) year time frame. Of these two (2) DROS transactions, only one (1) of the FFL dealers is still in business, Big 5 Sporting Goods, 1430 S. Mooney Boulevard, Visalia, CA 93277.

On Thursday, July 28, 2011, I went to the Big 5 Sporting Goods, located at 1430 S. Mooney Boulevard, Visalia, CA 93277, and obtained copies of the original DROS and ATF 4473 forms. Upon reviewing the original documents, I noted JAMES listed his residential address as 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277 and failed to divulge a misdemeanor conviction for domestic battery on the federal ATF 4473 form. Both the federal and state forms required a signature by the purchaser and the signature appears to that of JAMES. A signature on both federal and state forms certifies the information provided by the purchaser is true and correct, and any incorrect information can be punishable under state PC section 118(a), perjury.

JAMES' act of falsifying or failing to divulge information on the state DROS form is a violation PC section 12076(c)(1), any person knowingly furnish incorrect information for the electronic transfer of a firearm, and JAMES' falsifying or failing to divulge information on the federal ATF 4473 form is a violation of 18 U.S.C. 922(g)(9), permanent ban disqualifying an individual from possessing, purchasing, or receiving a firearm pursuant to a misdemeanor conviction of domestic violence.

On Thursday, July 28, 2011, I drove by the two addresses JAMES' provided to the DMV (4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277) and during his sworn testimony (630 West Cherry Court, Visalia, CA 93277). The address of 4216 South Mooney Boulevard, Suite 350, Visalia, CA 93277, is a postal box located inside a United Parcel Service (UPS) store. The address of 630 West Cherry Court, Visalia, CA 93277, is a residence and at the time I drove by, there was a 2008 Mercedes, model was unknown, color of this vehicle is silver, bearing California license plate number TJZBENZ, parked in the driveway of the residence. A record check on the license plate number showed the registered owner to be Tasha TAYIAN, 4216 South Mooney Boulevard, Apartment 350, Visalia, CA 93277. This is the same address JAMES uses on his DMV records. At that time, I obtained a legal description of the residence located at 630 West Cherry Court, Visalia, CA 93277, and took the attached photograph of the residence and vehicle using a digital camera.

**OPINION**

JAMES' criminal history showed a 1996 conviction for PC section 242, battery. Under the Federal Brady Act and 18 U.S.C. 922(g)(9), JAMES is prohibited from firearms and ammunition possession for life. A record check through the AFS showed JAMES to be the last registered owner of three (3) firearms.

It is the belief of your Affiant that JAMES has intentionally falsified or failed to divulge information on the federal ATF 4473 and state DROS forms with the intent to illegally gain possession of firearms, a violation of PC section 12076(c)(1). To the best of my knowledge, and over the course of fifteen (15) years, JAMES has attempted to purchase firearms eight (8) times and has succeeded at least one (1) time. Proof of his illegal intention is evident on the federal ATF 4473 and state DROS forms obtained from Big 5 Sporting Goods, documenting JAMES' attempted purchase of a rifle on January 7, 2011. These documents show JAMES' willingness to provide false information and intentionally fail to divulge information on the federal ATF 4473 and state DROS forms to obtain firearms by illegal means.

Your Affiant believes JAMES will have retained documentation (federal ATF 4473 and state DROS forms) of the previous seven (7) attempted illegal purchases of firearms at his residence, 630 West Cherry Court, Visalia, CA 93277, further supporting the fact of JAMES' illegal intention to possess firearms. A signature on both federal and state forms certifies the information provided by the purchaser is true and correct, and any incorrect information can be punishable under state PC section 118(a), perjury.

During his sworn testimony on Monday, July 25, 2011, JAMES admitted to being informed of his denial to purchase firearms by Big 5 Sporting Goods, after the January 7, 2011, transaction. After he was called to the store to obtain his refund of the purchase

price of the rifle, the store provided him a copy of the CA DOJ Denial Letter. JAMES would have been provided CA DOJ Denial Letters at each of his prior seven (7) attempts to purchase firearms. Your Affiant believes copies of these CA DOJ Denial Letters will be in JAMES' possession.

Based upon your Affiant's training, experience and conversations that your Affiant had with other Law Enforcement Officers and/or reports that your Affiant has read, your Affiant requests to search for and seize any weapons, ammunition, clips and/or magazines, or any paperwork showing the purchase, storage, disposition, and/or dominion and control over any guns, any ammunition, or any of the above items.

Your Affiant believes that whether or not the firearm(s) sought are recovered, the above items would tend to show that a firearm(s) existed and may have once been located in a place to which the suspect had access, and that these items would tend to connect the suspect with the weapon(s) sought. The above items are not normally disposed of after the commission of a crime, and they are therefore still likely to be found in any location or vehicles to be searched, and/or on the person of any suspect to be searched pursuant to this Search Warrant.

Based upon your Affiant's training, experience and conversations that your Affiant had with other Law Enforcement Officers and/or reports that your Affiant has read, your Affiant knows that during the service of this Search Warrant there are many articles of personal and/or business property tending to establish the identity of persons who have dominion and control over the premises, business, vehicles, and/or items to be seized. Your Affiant believes that these items will tend to connect the premises, locations, persons, and vehicles to be searched with the items to be seized and the case being investigated. It is your Affiant's opinion that these types of items are usually present at the location sought to be searched by this Search Warrant and that they will therefore likely still be found in the location, and/or the person to be searched.


Affiant Luke Powell

Subscribed and sworn to before me on this 4th day of ___, 2011.


Judge of the Superior Court, County of Tulare   VISALIA DIVISION, DEPT #8

FF--005527

SW No#_____

# STATE OF CALIFORNIA-COUNTY OF TULARE
## RETURN TO SEARCH WARRANT

**Luke Powell**, being sworn, says that he conducted a search pursuant to the below described search warrant:

Issuing Magistrate:   Judge Hillman

Magistrate's Court:   Tulare Superior Court, Visalia California

Date of Issuance:   October 4, 2011

Date of Service:   October 13, 2011

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

NOV 03 2011

LARAYNE CLERK, CLERK
BY:_____

and searched the following locations(s), vehicle(s), and person(s):

1.   630 West Cherry Court, Visalia, CA 93277
2.   Scott Ray JAMES, DOB 12/31/1970, White male, 5'08", 170 pounds, brown hair and brown eyes

and seized the following item(s):

__XX__ described in the attached and incorporated inventory.
_____described below:

I further swear that this is a true and detailed account of all property taken by me pursuant to the search warrant, and that pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court of any other court in which the offense in respect to which the seized property is triable.

_____
(Signature of Affiant)

Sworn to and subscribed before me this _____ day of _____, 2011.

_____
(Signature of Magistrate)

Judge of the Tulare Superior Court, Dept_____, California.



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page _1_ of _6_
Date _10/13/11_
Inv.# _BOF-FR2011-0046_
Inv. Name _JAMES, SCOTT_

**Property Received From:**

Name: E. JAMES, SCOTT

Address: 630 W. CHERRY CT.
County: VISALIA, TULARE CA

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|---|---|---|---|---|---|---|---|---|
| 001-001 | Smith & Wesson | 19-4 | 57K0266 | .357 | 6" | R | P | E |
| 001-002 | Sturm, Ruger & Co | P89 | 307-42212 | 9mm | 4.5" | I | P | E |
| 001-003 | Smith & Wesson | SW380 | RAC5230 | .380 | 3" | I | P | E |
| 001-004 | TAURUS | 85 | LG88310 | .38 | 2" | R | P | E |
| 001-005 | Kimber | Team Match II | K191430 | .45 | 5" | I | P | E |
| | | | | | | | | |
| | | | | | | | | |

| Item# | Description | Location Found |
|---|---|---|
| 001-006 | One bag containing twenty (20) handgun and three (3) rifle magazines. | |
| 001-007 | One bag containing appox. 350 rounds of various caliber live ammo | |

✱ All above items seized from West Gun safe in garage

L. Power
Receiving Individual (print or type)

Navarro
Witnessing Individual (print or type)

Receiving Individual (signature)

Witnessing Individual (signature)

BOF 936 (Rev. 5/2010)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page ___2___ of ___6___

Date ___10/13/11___

Inv # ___BOF FIL2011-00140___

Inv. Name ___JAMES, SCOTT___

Property Received From:

Name: ___JAMES, SCOTT___    Address: ___630 W. CHERRY CT.___
County: ___VISALIA, TULARE, CA___

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|---|---|---|---|---|---|---|---|---|
| 001-008 | Finnwolf | VL63 | 2916 | .243 | 23" | L | R | E |
| 001-009 | Kimber | 8400 | KW2315B | 300win | 24.5" | L | R | G |
| 001-010 | Sturm, Ruger & Co | Ranch Rifle | 19582941 | .223 | 18" | I | R | E |
| 001-011 | Winchester | 94 AE | 5316449 | 30-30 | 20" | L | R | E |
| 001-012 | New SKB Arms | 1 of 300 | NRA018 | 12g | 28" | Top Break | S | E |
| 001-013 | Olympic Arms | PCR99 | KX2139 | .223 | 18" | I | R | E |
| 001-014 | Charles Daly | Unkn. | 6104683 | 12g | 28" | I | S | E |
| Item# | | | | | **Description** | | | **Location Found** |

＊Above items located in West gun safe - garage

L. Powell
Receiving Individual (print or type)

Navarro
Witnessing Individual (print or type)

BOF 936 (Rev. 5/2010)

Receiving Individual (signature)

Witnessing Individual (signature)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page ___3___ of ___8___

Date __10/13/11__

Inv.# __BOF·FR2011·00140__

Inv. Name __JAMES, SCOTT__

Property Received From:

Name: __JAMES, SCOTT__

Address: __630 W. CHERRY ST.__

County: __VISALIA, TULARE, CA__

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|---|---|---|---|---|---|---|---|---|
| 001-015 | Winchester | 1300 Ranger | L2358693 | 12g | 28" | P | S | E |
| 001-016 | Smith & Wesson | 1020 | UCC5608 | 20g | 28" | I | S | E |
| 001-017 | Benelli Arms (franchi) | Grade I | BF01749 | 12g | 28" | I | S | E |
| 001-018 | Sturm, Ruger & Co | M77 | 75B2985 | .270win | 23" | B | R | E |
| 001-019 | Remington Arms Co. | Unknown | 204222 | .22 | 22" | P | R | E |
| 001-020 | Benelli Arms (franchi) | I12 | BF05220 | 12g | 28" | I | S | E |
| 001-021 | Benelli Arms (franchi) | ALCIONE | 5221904 | 12g | 28" | Top Break | S | E |
| Item# | | | | | | | | |

| Description | Location Found |
|---|---|

* Above items located in West Gun Safe - garage

__L. POWELL__
Receiving Individual (print or type)

__Navarro__
Witnessing Individual (print or type)

BOF 936 (Rev. 5/2010)

Receiving Individual (signature)

Witnessing Individual (signature)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page _4_ of _8_

Date _10/13/11_

Inv.# _BOF FR2011-0040_

Inv. Name _JAMES, SCOTT_

Property Received From:

Name: _JAMES, SCOTT_

Address: _630 W. CHERRY CT._

County: _VISALIA, TULARE, CA_

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|--------|------|-------|----------|---------|---------------|------|------|------|
| 001-022 | Winchester | 63 | 1589974 | .22 | 22.5" | I | P | E |
| 001-023 | Marlin Firearms Co | 883 | 10721103 | .22 | 22" | B | R | E |
| 001-024 | Sturm, Ruger & Co | M77 | 78317780 | 22-250 | 27" | B | R | E |
| 001-025 | Kimber | 84 M | KM07367 | 22-250 | 26.5" | B | R | E |
| 001-026 | Browning Arms Co | BPS | 11822PW152 | 12g | 28" | P | S | E |
| 001-027 | A. Rossi | Puma M92 | SK114789 | .357 | 20" | L | R | E |
| 001-028 | Remington | 710 | 71290746 | 270win | 22" | B | R | E |

| Item# | Description | Location Found |
|-------|-------------|----------------|
| | *Above items located in West Gun safe - garage | |

_L. Povar_
Receiving Individual (print or type)

_Navarro_
Witnessing Individual (print or type)

BOF 936 (Rev. 5/2010)

Receiving Individual (signature)

Witnessing Individual (signature)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page ___5___ of ___8___

Date __10/13/11__

Inv # __BOF-FR2011-00140__

Inv. Name __JAMES, SCOTT__

**Property Received From:**

Name: __JAMES, SCOTT__

Address: __630 W CHERRY CT.__

County: __VISALIA, TULARE, CA__

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|--------|------|-------|----------|---------|---------------|------|------|------|
| 001-029 | Remington | 700 | A6824775 | 30-06 | 22" | B | R | E |
| 001-030 | Savage Arms | 110L | 65697 | 270win | 24" | B | R | E |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Item# | Description | Location Found |
|-------|-------------|----------------|

001-031   Three (3) paper documents depicting info. for firearm purchases.

★ All above items located in West gun safe - garage

| | |
|--|--|
| L. Powell | |
| Receiving Individual (print or type) | Receiving Individual (signature) |
| Navarro | |
| Witnessing Individual (print or type) | Witnessing Individual (signature) |

BOF 936 (Rev. 5/2010)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page ___6___ of ___8___

Date __10/13/11__

Inv.# __BOF·FA201-00140__

Inv. Name __JAMES, SCOTT__

**Property Received From:**

Name: __JAMES, SCOTT__          Address: __630 W. CHERRY CT.__

County: __VISALIA, TULARE CA__

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|--------|------|-------|----------|---------|---------------|------|------|------|
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |

| Item# | Description | Location Found |
|-------|-------------|----------------|
| 001-032 | One box containing approx 1,500 rounds of various caliber live ammo. | |
| 001-033 | Three (3) high capacity rifle mags. | |
| 001-034 | One (1) DOJ Letter (Purchaser Prohibited Notification) | |

\* Above items located in East Gun Safe - garage

L. Ramos
Receiving Individual (print or type)

Navarro
Witnessing Individual (print or type)

Receiving Individual (signature)

Witnessing Individual (signature)

BOF 936 (Rev. 5/2010)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page _7_ of _8_

Date _10/13/11_

Inv.# _BOF·PR2010·0040_

Inv. Name _JAMES, SCOTT_

**Property Received From:**

Name: _JAMES, SCOTT_

Address: _630 W. CHERRY CT_

County: _VISALIA, TULARE CA_

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|--------|------|-------|----------|---------|---------------|------|------|------|
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |

| Item# | Description | Location Found |
|-------|-------------|----------------|
| 001-035 | APPROXIMATELY 300 ROUNDS OF VARIOUS CALIBER AMMUNITION (ITEMS LOCATED INSIDE BLACK DUFFEL BAG ON TOP OF FILING CABINET IN GARAGE.) | |

_L. Parra_
Receiving Individual (print or type)

_Navarro_
Witnessing Individual (print or type)

BOF 936 (Rev. 5/2010)

Receiving Individual (signature)

Witnessing Individual (signature)



California Department of Justice
Division of Law Enforcement
Bureau of Firearms

**PROPERTY RECEIPT**

Page ___2___ of ___2___
Date __10/13/11__
Inv.# __BOF FI2011-0040__
Inv. Name __JAMES, SCOTT__

**Property Received From:**

Name: __JAMES, SCOTT__

Address: __630 W. CHERRY CT.__
County: __VISALIA, TULARE CA__

| Item # | Make | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
|--------|------|-------|----------|---------|---------------|------|------|------|
| 001-038 | Glock | 22 | LEV0446 | .40 | 4.5" | I | P | E |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat | Type | Doc. |
| | | | | | | | | |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat | Type | Doc. |
| | | | | | | | | |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat | Type | Doc. |
| | | | | | | | | |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |
| Item # / Make | | Model | Serial # | Caliber | Barrel Length | Cat. | Type | Doc. |
| | | | | | | | | |

| Item# | Description | Location Found |
|-------|-------------|----------------|

001-036  THREE (3), TEN (10) ROUNDS .40 CALIBER GLOCK MAGAZINES

001-037  APPROXIMATELY 1883 ROUNDS OF VARIOUS CALIBER AMMUNITION
(ITEMS LOCATED INSIDE MASTER BEDROOM & MASTER BATHROOM CLOSET)

001-039  (1) PANTE SAURUS SLOT MACHINE  #5156712

Receiving Individual (print or type)  L. Perez
Witnessing Individual (print or type)  Navarro

Receiving Individual (signature)
Witnessing Individual (signature)

BOF 936 (Rev 5/2010)

The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

*November 8, 2011*

That ___ day of ___ County of Kern,
State of California in ___ County of Kern.

By _____ Deputy