KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
ALBERTO L. GONZALEZ, State Bar No. 117605
Supervising Deputy Attorney General
CATHERINE WOODBRIDGE GUESS, State Bar No. 186186
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-8216
  Fax: (916) 322-8288
  E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SCOTT R. JAMES,<br><br>                              Plaintiff,<br><br>v.<br><br>KIMBERLY GRANGER,<br><br>                              Defendant. | 1:13-CV-0983 AWI SKO<br><br>**REPLY TO OPPOSITION TO MOTION FOR SANCTIONS**<br><br>**Fed. R. Civ. P. 11**<br><br>Date:            August 3, 2015<br>Time:           1:30 p.m.<br>Courtroom: 2<br>Judge:          Hon. Anthony W. Ishii<br>Trial Date:   May 17, 2016<br>Action Filed: June 26, 2013 |

I. **INTRODUCTION**

Sanctions are appropriate under Federal Rules of Evidence, Rule 11 because Plaintiff filed his Third Amended Complaint knowing that the factual contentions have no evidentiary support. Rule 11 requires the person signing the pleading to certify "that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances" the "factual contentions have evidentiary support." Based on Plaintiff's deposition testimony, it is clear that the Third Amended Complaint was filed in bad faith with the sole purpose of harassing defendants.

## II. FACTUAL ALLEGATIONS CONTRADICTED BY PLAINTIFF'S DEPOSITION TESTIMONY.

In his opposition, Plaintiff claims he was retaliated against by suing the State of California. Opposition at p. 2:13-14. It should be noted that Plaintiff provides no explanation whatsoever for the glaring disparities in the factual allegations in the Third Amended Complaint and his own deposition testimony. In fact, these contradictions are not even addressed in the opposition. Whether Plaintiff is ignoring his own allegations or simply trying to misrepresent the facts, Rule 11 sanctions apply because the facts that are alleged in the Third Amended Complaint have no evidentiary support.

Plaintiff testified that Ms. Granger did not prepare the search warrant, he has no information regarding her actions at the time of the search, and he did not hear her direct anyone during the search. Deposition of James at 53:11-16; 56:2-7; 77:16-25; 81:17-20 88:23-89:20. On the contrary, his Third Amended Complaint is based on allegations that Ms. Granger "directed agents where to search and when" and "Ms. Granger advised officers to arrest and question him after having refused to allow Mr. James to be accompanied by his attorney." Third Am. Complaint ¶¶ 17, 22, 24. These allegations contradict Plaintiff's testimony and warrant sanctions. Plaintiff provides no explanation for the evidence refuting his allegations.

Plaintiff also alleges that the basis for his class of one equal protection claim is that the State of California sends a letter to those convicted of misdemeanor crimes of domestic violence (MCDV) asking for voluntary relinquishment of weapons. Third Am. Compl. ¶ 19. This allegation is also disproved by Plaintiff's testimony in this case. According to Plaintiff, he has "no proof" that the State of California has a practice of sending people a letter to relinquish their weapons. Deposition of James at 91:5-9. Moreover, he is not aware of anyone similarly situated who was subject to the alleged disparate treatment. Deposition of James at 85:9-13. Nor did Plaintiff provide any evidence in his opposition that this practice exists.

## III. SANCTIONS ARE NECESSARY

Sanctions are necessary here to prevent further harassment of Defendants. When a complaint is the focus of a Rule 11 proceeding, the Court determines: (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted

a reasonable and competent inquiry before signing and filing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). Here, the evidence, Plaintiff's own testimony, establishes that the Third Amended Complaint contains factual allegations that are baseless. Obviously, there was no reasonable and competent inquiry prior to signing the Third Amended Complaint.

In addition to the blatant factual contradictions between the allegations and Plaintiff's testimony, there is no legal basis to support Plaintiff's claims. The argument that qualified immunity does not apply ignores well established law and the facts alleged. Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

The Bureau of Firearms was the client for whom Deputy Attorney General Granger was working when she took Plaintiff's deposition. Deposition of Granger at 16:12-18; 37:14-23. Ms. Granger reported the deposition results to her client. Plaintiff provides no legal authority to support a finding that Ms. Granger should not have reported on Plaintiff's admissions. Common sense as well as an attorney's ethical and professional obligations dictate that an attorney reporting to her client is reasonable. Because her conduct was reasonable, Deputy Attorney General Granger is entitled to qualified immunity.

To the extent that Plaintiff argues a search warrant issued, there is no evidence to support that Ms. Granger had any part in obtaining the search warrant. Plaintiff admits the same. Deposition of James at 81:17-20. Thus, Plaintiff is essentially arguing that Ms. Granger should have stopped the warrant from being issued. There is no legal support for this position and it is counter to common sense.

Finally, there are no allegations that Chief Lindley treated Plaintiff differently from those similarly situated. According to the Third Amended Complaint, Chief Lindley had a policy on how to treat anyone who contested MCDV status. Third Am. Compl. ¶ 15. Thus, Plaintiff admits he was not singled out. The Third Amended Complaint pleads facts repudiating Plaintiff's class of one claim.

Plaintiff is prohibited from owning or possessing a firearm. 18 U.S.C. § 992(g)(9). When Chief Lindley was advised that Plaintiff was in violation of the law, a search warrant was obtained. The search uncovered a cache of weapons, including an assault rifle. It cannot be found that Chief Lindley knew he was violating a clearly established right when Plaintiff is a MCDV prohibited from owning or possessing firearms.

When an experienced attorney knew or should have known that there was neither a cause of action nor any claim to invoke federal court jurisdiction, "a strong inference arises that their bringing of an action such as this was for an improper purpose." *Huetting & Schromm, Inc. v. Landscape Contractors Council of Northern Cal.*, 790 F.2d 1421, 1426-7 (9th Cir. 1986); accord *Worrell v. Uniforms to You & Co.*, 673 F. Supp. 1461, 1465 (N.D. Cal. 1987). It is clear that an improper purpose exists. Plaintiff has no facts to support his claims. Instead, this is a vendetta against Defendants.

## IV. CONCLUSION

The allegations in the Third Amended Complaint contradict Plaintiff's own testimony. There is no basis for any claim against Defendants. Because this action was brought for the improper purpose and to harass Defendants, Rule 11 monetary sanctions and attorneys fees should be assessed against Plaintiff, and his attorney.

Dated: July 24, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendant*

SA2013309877
32151345.doc