# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT R. JAMES,<br><br>**Plaintiff,**<br><br>vs.<br><br>KIMBERLY GRANGER, an individual;<br>STEVE LINDLEY, an individual,<br><br>**Defendants.** | 1:13-CV-0983 AWI SKO<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS**<br><br>Doc. #'s 53 and 59 |

This is an action for damages by plaintiff Scott R. James ("Plaintiff") against defendants Kimberly Granger ("Granger") and Steve Lindley ("Lindley") (collectively, "Defendants"). The currently-operative Third Amended Complaint ("TAC") alleges a single claim for relief for violation of the Equal Protection Clause of the Fourteenth Amendment and conspiracy in violation of 42 U.S.C. § 1983. Currently before the court are two motions by Defendants; a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion to impose sanctions against Plaintiff for violation of Rule 11. This order addresses both motions. For the reasons that follow, the court will deny both motions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's original complaint was filed on June 26, 2013, and was dismissed with leave to amend by stipulation. Plaintiff's First Amended Complaint ("FAC") was filed on September

20, 2013, and was dismissed with leave to amend on February 13, 2014. Plaintiff's Second Amended Complaint ("SAC") was filed on March 13, 2014, and Defendants filed their answer on June 2, 2014, after their motion to dismiss was denied by the court's order filed on May 28, 2014 . Doc. # 29 (hereinafter the "May 28 Order"). On April 15, 2014, Plaintiff moved to further amend the complaint to add Defendant Lindley and to add the allegation of conspiracy to violate Equal Protection rights[1]. The Magistrate Judge granted Plaintiff's motion to amend on May 26, 2015, Doc. # 50, and the currently-operative TAC was filed on May 28, 2015. Defendants filed their motion to dismiss the TAC on June 11, 2015, and filed their motion for sanctions on July 3, 2015.

The facts alleged in Plaintiff's TAC are identical to those alleged in the SAC except for the addition of a few paragraphs and sentence fragments that allege the complicity of added Defendant Lindley in Defendants' conspiracy to retaliate against Plaintiff for his challenge through a mandamus action of the determination that he was barred from the ownership firearms because of a prior conviction for misdemeanor domestic violence.

Briefly, The TAC alleges that Plaintiff was convicted of a single misdemeanor count of battery pursuant to California Penal Code § 242 in 1996. As a result of the conviction, Plaintiff was prohibited from owning fire arms for a period of ten years pursuant to California Penal Code § 12021. After the ten-year prohibition period had run, Plaintiff had applied to purchase and did purchase firearms. Plaintiff's conviction was expunged in 2008 pursuant to Cal. Penal Code § 1203.4. Sometime in 2008, Plaintiff attempted to purchase a firearm and was informed "for the first time, that the State believed him to have been convicted of a misdemeanor crime of domestic violence" ["MCDV"]. Doc. # 43-2 at 17:13-14. "The Lautenberg Amendment is a provision of the Gun Control Act of 1968 (18 U.S.C.A. § 921 et seq.), added in 1996, which prohibits any person who 'has been convicted in any court of a misdemeanor crime of domestic violence' from owning a firearm. 18 U.S.C. § 922(g)(9)." Fisher v. Kealoha, 869 F.Supp.2d

---

[1] The allegation of "conspiracy" is simply added on to the existing single claim for relief pursuant to section 1983. The TAC does not allege a separate claim for conspiracy pursuant to 42 U.S.C. § 1985.

1203, 1219 (D. Hawai'i 2012). Plaintiff again applied to purchase a firearm and was again denied permission. "In February 2011 [Plaintiff] brought suit against the State of California in mandamus regarding his right to own/purchase/possess firearms." Doc. # 43-2 at 17:21-22. The writ was granted by the Superior Court, reversed by the Fifth District Court of Appeal and is currently under review by the California Supreme Court.

Defendant Granger is alleged to have been the attorney to represent the State in Plaintiff's mandamus action in Superior Court. In preparation for her case, Granger deposed Plaintiff at which time Plaintiff admitted to the ownership and possession of firearms. The TAC alleges that the normal practice of the state in the event an individual seeks a determination of his right to own firearms is to notify the individual seeking determination that he/she may place any firearms they possess in the custody of an approved third party until the determination is made. Plaintiffs' TAC alleges that, contrary to established practice that is applicable to all others similarly situated, Defendants made a decision to not notify Plaintiff of the option to place his firearms in the custody of a third party but instead decided to conduct a search of Plaintiff's home based on information Plaintiff gave in his deposition and to arrest and prosecute Plaintiff for unlawful possession of firearms. Plaintiff alleges he suffered a violation of his rights under the Equal Protection clause of the Fourteenth Amendment because he, unlike the other members of his class of persons seeking to establish their rights to firearm ownership, chose to proceed in a mandamus action and was discriminated against by Defendants as a consequence.

Defendants assert two grounds for dismissal of Plaintiffs' TAC. First, Defendants contend that Plaintiffs SAC fails to state a claim on a Equal Protection class-of-one theory. Second, Defendants contend Defendants are entitled to qualified immunity.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint

must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

**I. Defendants' Motion to Dismiss**

### *A. Law of the Case Establishes that Plaintiff's Claim is Sufficient*

The court notes at the outset that Defendant Granger moved to dismiss Plaintiff's SAC on grounds that are identical or nearly identical to those asserted in the instant motion.  As the court noted previously, the facts alleged in the SAC track word-for-word the facts alleged in the TAC except for the few paragraphs noted above that add allegations pertaining to Defendant

Lindley's role as Granger's supervisor. The court has closely compared the allegations set forth in the TAC with those set forth in the SAC and finds that there are no allegations of fact present in the TAC that change the analytical context of an assessment of the legal sufficiency of the claim alleged. Thus, the court's May 28 Order denying the motion of Defendant Granger to dismiss Plaintiff's SAC is substantially the law of the case with regard to Defendants' present motion to dismiss unless Defendants can point out something in the facts that make a substantial analytical difference or point out something in the court's prior order that was legally erroneous.

The legal requirements for a class-of-one Equal Protection claim have been set forth in the court's prior orders in this action and need not be repeated here. As the court pointed out in its May 28 Order, the crucial predicate to the determination of Defendants' motion to dismiss is the court's duty at this stage of proceedings to construe Plaintiff's TAC in favor of the non-moving party. The court's May 28 Order carefully examined the facts alleged in the SAC and carefully reconsidered the court's prior order dismissing Plaintiff's first amended complaint and concluded that the class of persons Plaintiff contends he is similarly situated with consists of "those persons who may not be permitted to possess firearms because of a potential prior conviction of a misdemeanor crime of domestic violence." Doc. # 29 at 5:10-12. By contrast, Defendant's motion to dismiss construes Plaintiff's alleged class of similarly situated persons as: "a group of people subject to searches because they challenge their MCDV status." As Defendants correctly point out, the latter construal does not state a claim under a Fourteenth Amendment class-of-one theory. However, as the court's May 28 Order concluded, the former construal of Plaintiff's class of similarly situated others does state a claim for relief on a class-of-one theory. Given the court's aforementioned duty to construe Plaintiff's pleadings in the light most favorable to him at this stage of the proceeding, the construal used by the court in its May 28 Order prevails.

In arguing that the court should reach a different decision that it reached in the May 28 Order, Defendants contend that "Plaintiff testified that he has 'no proof' that the state of California has a practice of sending people a letter to [voluntarily] relinquish their weapons."

Doc. # 53 at 8:18-20.  This argument has two flaws.  First, it is out of place in a motion to dismiss inasmuch as the argument is based on Defendants' Request for Judicial Notice of the transcript of Plaintiff's deposition and not on the facts alleged in the complaint.  Second, the fact Plaintiff currently lacks proof of the State's alleged practice of *sending letters* is only tangential to Plaintiff's claims inasmuch as Plaintiff's TAC does not center on the fact that he did not get a letter but on the fact that his home was searched and that he was subjected to criminal prosecution.

In a similar vein, Defendants point to the transcript of Plaintiff's deposition to support their contention that Plaintiff "admits he has no facts that [Defendant] Granger was supervising the search of his home."  Id. at 8:27-28.  Again, the same two observations apply.  Defendants' contention lies outside the four corners of the operative complaint and, even if the court were to accept facts outside the complaint, the evidentiary void Defendants assert is only tangentially related to Plaintiff's claim.  It is not particularly important to Plaintiff's claim whether Defendant Granger directed or did not direct the officers' conduct during the search; the important allegation is that the search and subsequent criminal prosecution occurred to Plaintiff and not to others similarly situated and no rational reason for the difference in treatment is apparent.

The court concludes that Defendants have failed to legally or factually distinguish the argument made for dismissal of the claim set forth in the SAC, which was found to be sufficient to withstand a motion to dismiss, and the claim asserted in the TAC.  The law the court has established in this case with respect to Plaintiff's single claim for relief requires that Defendants' motion to dismiss on the ground Plaintiff has failed to state a claim on Equal Protection class-of-one claim be denied as well.

### B. Neither Defendant is Entitled to Qualified Immunity

Defendants' motion to dismiss on the ground of qualified immunity was also addressed in the court's May 28 Order.  Again, the crucial step in the analysis is the proper construal of the allegations set forth in Plaintiff's TAC.  Again also, the legal standard for qualified immunity

was set forth in the court's in the court's May 28 Order and in Defendants' motion to dismiss and need not be repeated here. Defendants allege that:

> Unlike the [SAC], the [TAC] alleges that [Defendant] Granger's alleged disparate treatment was failing to advise agents with the Bureau of Firearms that Plaintiff was contesting his MCDV status. Third. Am. Compl. ¶¶ 21, 28, 31. 18 U.S.C. § 992(g)(9) prohibits Plaintiff from owning, purchasing or possessing firearms. Therefore, at issue is whether Deputy Attorney General Granger was reasonable in her belief that Plaintiff's battery conviction is a MCDV precluding Plaintiff from owning, purchasing or purchasing firearms."

Doc. # 53 at 10:1-6. Again, Defendants continue to construe Plaintiff's claim in a manner that is inconsistent with the court's construal as set forth in the May 28 Order, which addressed and rejected Defendant Granger's similar assertion of qualified immunity. The court's May 28 Order quoted and adopted Plaintiff's framing of the constitutional issue pertaining to qualified immunity as whether "'a reasonable attorney, similarly situated, would have believed that the United States Constitution allows for state actors to retaliate against civil litigants for having filed suit in mandamus.'" Doc. 29 at 10:22-25 (quoting Doc. # 26 at 8:15-17). Thus, the issue fundamentally is not whether Granger or Langley reasonably believed Plaintiff was in violation of any law by being in possession of firearms; the issue is whether the Defendants reasonably believed that the fact that Plaintiff had chosen to have his rights determined by way of a mandamus action justified a treatment of Plaintiff that deviated substantially from the treatment of other similarly situated individuals. Defendants have failed to point out law or facts that would cause the court to frame the issue of qualified immunity in any different way or to come to a different conclusion than it did in its May 28 Order.

The court concludes Defendants are not entitled to qualified immunity.

**II.   Defendants' Motion for Sanctions**

Defendants move for sanctions against Plaintiff because "discovery in this case reveals there is no evidentiary support for Plaintiff's claim and no legal basis. Having concluded that

Defendants are not entitled to dismissal of Plaintiff's TAC on any ground alleged, the court cannot conclude that Plaintiff's TAC was frivolous or filed for any improper purpose. Defendants motion for sanctions will therefore be denied.

    THEREFORE, it is hereby ORDERED that Defendants' motion to dismiss, Doc. # 53. And Defendants' motion for sanctions, Doc. # 59 are each DENIED in their entirety.

IT IS SO ORDERED.

Dated:   August 6, 2015

SENIOR DISTRICT JUDGE