K<small>AMALA</small> D. H<small>ARRIS</small>, State Bar No. 146672
Attorney General of California
A<small>LBERTO</small> L. G<small>ONZALEZ</small>, State Bar No. 117605
Supervising Deputy Attorney General
C<small>ATHERINE</small> W<small>OODBRIDGE</small> G<small>UESS</small>, State Bar No. 186186
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-8216
 Fax: (916) 322-8288
 E-mail: Catherine.Woodbridge@doj.ca.gov
*Attorneys for Defendants Kimberly Granger and Stephen Lindley*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SCOTT R. JAMES,**<br><br>         Plaintiff,<br><br> v.<br><br>**KIMBERLY GRANGER,**<br><br>         Defendant. | 1:13-CV-0983 AWI SKO<br><br>**DEFENDANT GRANGER AND LINDLEY'S ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

  COMES NOW Defendants Kimberly Granger and Stephen Lindley and by way of Answer to Plaintiff's Third Amended Complaint respond as follows:

**I. ADMISSIONS**

  Defendant Granger admits that at all times pertinent to Plaintiff's action, Defendant Granger was employed by the State of California as a Deputy Attorney General. Defendant denies all other allegations.

/ / /

Defendant Lindley admits that at all times pertinent to Plaintiff's action, Defendant Lindley was employed by the State of California/Bureau of Firearms and acting Chief and Chief. Defendant denies all other allegations.

**II.     GENERAL DENIAL**

Defendants Granger and Lindley deny all other allegations contained in the Third Amended Complaint and specifically deny that at any time they violated Plaintiff's civil rights under the Equal Protection Clause.

**III.    RELIEF SOUGHT**

Defendants asserts that Plaintiff is not entitled to any relief whatsoever.

**FEDERAL AFFIRMATIVE DEFENSES**

To the extent that Plaintiff has stated claims under federal law, separate from state law, Defendants allege the following federal affirmative defenses as follows:

**AFFIRMATIVE DEFENSE NO. 1**:

Because the Third Amended Complaint is couched in conclusory terms, this answering defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, they reserve the right to assert additional, separate affirmative defenses as may become appropriate in the future due to the discovery of additional facts or information.

**AFFIRMATIVE DEFENSE NO. 2**:

The Third Amended Complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action against Defendants.

**AFFIRMATIVE DEFENSE NO. 3**:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendants would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendants would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendants would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

**AFFIRMATIVE DEFENSE NO. 4**:

Plaintiff failed to take reasonable actions to mitigate his damages, if any there were, and any recovery against Defendants must be reduced by the amounts of damage that could have been prevented through the exercise of reasonable diligence.

**AFFIRMATIVE DEFENSE NO. 5**:

The Third Amended Complaint fails to state a cause of action for violation of civil rights as any deprivation of civil rights alleged in the complaint was not without due process of law.

**AFFIRMATIVE DEFENSE NO. 6**:

To the extent Defendants are sued in their official capacity, this court lacks jurisdiction over her pursuant to the Eleventh Amendment.

**AFFIRMATIVE DEFENSE NO. 7 :**

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of Plaintiff and others who are not parties herein, each and all of whom failed to exercise ordinary care at the times and places alleged in the Third Amended Complaint.

**AFFIRMATIVE DEFENSE NO. 8:**

Should the Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity, including the Plaintiff, caused or contributed to damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 9:**

Pursuant to California Code of Civil Procedure section 667.7 and California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

**AFFIRMATIVE DEFENSE NO. 10**:

Should Plaintiff herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed damages, if any there were. The causes of action alleged are subject to the statutory limitation of California Civil Code section 1431, *et seq*., relating to joint and several liability for economic and non-economic damages.

**AFFIRMATIVE DEFENSE NO. 11**:

Plaintiff's claims are barred by the doctrine of laches, estoppel and waiver, and by all applicable statute of limitations.

**AFFIRMATIVE DEFENSE NO. 12**:

The facts alleged in the Third Amended Complaint constitute an isolated act of alleged behavior which does not constitute an unconstitutional policy, pattern or practice, under the doctrine of the law as announced in *City of Oklahoma City v. Tuttle* 105 S.Ct. 2427 (1985) and applicable statutory and judicial authorities.

///

4

**AFFIRMATIVE DEFENSE NO. 13**:

Defendants are entitled to a qualified immunity defense of "good faith" as a matter of law under the *Test and Malley v. Briggs* 104 S.Ct. 1092 (1986) case and applicable judicial authorities, and Defendants were at all times referred to in the Third Amended Complaint, acting in good faith and reasonably within the meaning of all federal and state statutes, doctrines, and judicial authorities.

**AFFIRMATIVE DEFENSE NO. 14**:

Defendants are entitled to absolute immunity for any actions arising out of their capacity as a attorney for the State of California or in their prosecutorial capacity.

**AFFIRMATIVE DEFENSE NO. 15**:

The Eleventh Amendment of the United States Constitution bars suits against Defendants in the federal court in her official capacity because she is not a "person" subject to suit under 42 U.S.C. § 1983, et. seq.

**AFFIRMATIVE DEFENSE NO. 16**:

At all times mentioned herein, Defendants exercised discretion vested in Defendants by virtue of the execution of duties of public office and with a reasonable belief in the lawfulness of their conduct.

**AFFIRMATIVE DEFENSE NO. 17**:

Defendants cannot be liable on any cause of action herein alleged under 42 U.S.C. § 1983 on the theory of respondeat superior.

**AFFIRMATIVE DEFENSE NO. 18**:

There is no infringement by this Defendants upon any constitutionally guaranteed right which would raise any of the alleged conduct in the Third Amended Complaint to the level of a federal cause of action.

**AFFIRMATIVE DEFENSE NO. 19**:

Plaintiff himself did not exercise ordinary care, caution or prudence to avoid the incident described in said Third Amended Complaint, and the resultant injuries and damages, if any, sustained by Plaintiff; and that said incident and the resulting injuries and damages, if any

sustained by Plaintiff were proximately caused or contributed to the fault, carelessness, negligence or criminal conduct of Plaintiff.

**AFFIRMATIVE DEFENSE NO. 20**:

Plaintiff incurred whatever losses alleged, if any, due to his own unreasonable conduct which was wholly within his control.

**AFFIRMATIVE DEFENSE NO. 21**:

Insofar as Defendants have approved or reviewed determinations or actions of any subordinate, such was done in a quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and good faith belief that such actions were in accordance with the Constitution and laws of the United States. Defendants are therefore not liable for any act or omission of any subordinate.

**AFFIRMATIVE DEFENSE NO. 22**:

Defendants assert that at all times herein relevant, Plaintiff failed to mitigate the injury and damage.

**AFFIRMATIVE DEFENSE NO. 23**:

Defendant asserts that she did not deprive Plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**AFFIRMATIVE DEFENSE NO. 24**:

Defendants asserts that they did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any other injury and therefore are not liable.

**AFFIRMATIVE DEFENSE NO. 25**:

Defendants are immune from liability pursuant to the Federal Civil Rights Act where they act in good faith and entertain an honest, reasonable belief that his actions were necessary.

**AFFIRMATIVE DEFENSE NO. 26**:

Defendants assert that she is immune from damages in that he acted in good faith in accordance with established law, including, but not limited to, the policies of the California Department of Justice and the Bureau of Firearms.

///

**AFFIRMATIVE DEFENSE NO. 27**:

Defendants asserts that they are not liable to Plaintiff for any injury or damages, if there were any, caused by an exercise of discretion.

**AFFIRMATIVE DEFENSE NO. 28**:

Defendants asserts that to the extent that Plaintiff suffered any injury it was the result of their own negligent or deliberate actions.

**AFFIRMATIVE DEFENSE NO. 29**:

Defendants assert the Third Amended Complaint and each cause of action failed to allege facts sufficient to constitute a cause of action for punitive damages.

**AFFIRMATIVE DEFENSE NO. 30**:

Defendants assert that Plaintiff has failed to join all necessary parties to this action.

**AFFIRMATIVE DEFENSE NO. 31:**

Answering defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 United States Code section 1988.

**AFFIRMATIVE DEFENSE NO. 32:**

Plaintiff, having full and adequate information, willingly, knowingly and voluntarily consented to the treatment alleged in the Third Amended Complaint.

WHEREFORE, Defendant makes demand and pray for judgment as follows:

1. That Plaintiff take nothing by this action;
2. That Defendants be awarded costs of suit and attorney's fees; and
3. That Defendants be awarded such other relief as this Court deems proper.

///
///
///
///
///
///
///

**DEFENDANT GRANGER AND LINDLEY'S DEMAND FOR JURY TRIAL**

Defendants Kimberly Granger and Stephen Lindley hereby demand a trial by jury.

Dated: September 8, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

*/s/ Catherine Woodbridge Guess*

CATHERINE WOODBRIDGE GUESS
Deputy Attorney General
*Attorneys for Defendants Kimberly Granger*
*and Stephen Lindley*

SA2013309877
32203700.doc.doc