Leonard C. Herr, #081896
Ron Statler, #234277
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200
Email: lherr@dhlaw.net

Attorneys for Plaintiff: SCOTT R. JAMES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| SCOTT R. JAMES, | CASE NO.: 1:13-cv-00983-AWI-SKO |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. | **Date:** December 7, 2015<br>**Time:** 1:30 p.m.<br>**Courtroom:** 2 |
| KIMBERLY GRANGER, an individual;<br>STEVE LINDLEY, an individual | |
| Defendants. | Trial Date: May 17, 2016<br>Action Filed: June 26, 2013 |

After reading the latest assault of the Complaint, it appears Defendants continue to misunderstand what this case is about. Plaintiff sued Defendants for retaliation. Instead of recognizing this, Defendants simply ignore the retaliation claim and insist Plaintiff has a "sole cause of action" under equal protection. A Rule 56 motion requires the moving party to identify each ground for the motion. Defendants failed to even mention the retaliation claim; it appears this motion does nothing to challenge it. The motion in its entirety should be denied.

In the alternative, should this Court determine that summary judgment on the equal protection claim is warranted, then judgment should be entered on that claim only and allow suit to proceed on the retaliation claim.

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

1
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

I.

**EQUAL PROTECTION IS NOT MR. JAMES' "SOLE" CLAIM –
DEFENDANTS DO NOT EVEN MENTION THE RETALIATION CLAIM**

Every version of the complaint, including the initial complaint and each iteration of it, has alleged retaliation against Mr. James for his exercise of a constitutional right. (Please see the Court's Docket, Document ## 1, 10, 22, and 51.) This is a recognized cause of action and was openly and aggressively argued in Mr. James' opposition to the motion to dismiss the Third Amended Complaint. (Please see the Court's Docket, Document # 56.) Inexplicably, Defendants just ignore the claim, continuously calling the equal protection claim the, "sole cause of action." To be clear: the Third Amended Complaint does not allege equal protection as the, "sole cause of action." The sole cause of action is for, "deprivation of civil rights and conspiracy." (Doc. #51.) Defendants did not argue against that, and the Court did not find otherwise. The retaliation claim has been alleged and is pending against these Defendants.

Perhaps Defendants believe retaliation is only available if the retaliation is based on membership in a class protected by the equal protection clause. But retaliation claims do not appear to require equal protection allegations at all. That would be odd indeed; it would allow the government to retaliate against its people for exercising their constitutional rights so long as everybody was being oppressed equally. In other words, linking retaliation to equal protection would make it legal to violate the Constitution so long as the violation resulted in an across-the-board destruction of the very document upon which our Republic is based. Defendants offer no support for this remarkable proposition.

In fact, the claim for deprivation of civil rights and conspiracy brought under 42 U.S.C. § 1983 is a retaliation claim, one that Defendants themselves show to be the subject of a triable issue of fact.

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

2
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## II.

**A TRIABLE ISSUE OF FACT EXISTS AS TO WHETHER DEFENDANTS RETALIATED AGAINST SCOTT JAMES FOR EXERCISING HIS RIGHT TO REDRESS OF GRIEVANCES**

A prima facie claim of retaliation for exercising a constitutional right requires the plaintiff to prove that: (1) he or she was engaged in constitutionally protected activity, (2) the defendants' retaliatory action caused the plaintiff to suffer an injury that would likely deter a person of ordinary firmness from engaging in that protected activity; and (3) the retaliatory action was motivated, at least in part, by the plaintiff's protected activity. *Mendocino Environmental Center v. Mendocino County* (9th Cir.1999) 192 F.3d 1283, 1300–1301.[1] The first element is obvious and undisputed. Scott James was engaged in a protected activity when Ms. Granger and Mr. Lindley spoke to one another and decided to report Scott James on their suspicion that he committed a crime. (Defendants' Undisputed Facts # 18.)

The analysis then moves to the other elements. Mr. James must next present evidence upon which the trier of fact can find that the defendants' retaliatory action caused the plaintiff to suffer an injury that would likely deter a person of ordinary firmness from engaging in that protected activity. Mr. James was subject to the execution of a search warrant on his home and cars, in which the front door was smashed in and he was cuffed in front of neighbors, followed by arrest and charges in criminal court. (UDF # 33, 34, 38, 41; PDF # 1.) These facts present a triable issue for the jury: if suing the State will result in these consequences, would a person of ordinary firmness be deterred

---

[1] Other Circuits are in accord: *Espinal v. Goord*, 558 F.3d 119, 128-129 (2d Cir.2009); *Lauren W. ex rel Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir.2007); *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 686 (4th Cir.2000); *Keenan v Tejeda*, 290 F3d 252, 258 (5th Cir.2002); *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir.1998); *Bridges v. Gilbert*, 557 F.3d 541, 546, 552 (7th Cir.2009); *Carroll v. Pfeffer*, 262 F.3d 847, 850 (8th Cir.2001); *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir.2001); *Bennett v. Hendrix*, 423, F.3d 1247, 1251 (11th Cir.2005). This is also the case in California state courts; the language is drawn from *Tichinin v City of Morgan Hill,* 177 Cal.App.4th 1049, 1062-63 (2009).

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

3
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**


1 suing the state?  The inference is reasonable.

2    Finally, there is a triable issue of fact about the last element: the retaliatory action was motivated, at least in part, by the plaintiff's protected activity.  This element – requiring a showing of intent – can be met with either direct or circumstantial evidence.  *Mendocino Env'l Ctr*, 192 F.3d at 1300.  In *Sloman v. Tadlock*, a genuine factual issue of intent was drawn from a peace officer's comments about bumper stickers that were made during a traffic stop of someone besides the Plaintiff.  21 F.3d 1462, 1469 (9th Cir. 1994).

   Here, when Mr. James was deposed by Ms. Granger, she did not only ask questions about his ownership of guns and why he thought he should be able to do so, there is evidence that she was angry about who he sued; she demanded to know why Mr. James sued the State of California instead of the arresting agency until Mr. James finally felt compelled to protest his loyalty to the state, as though mere suit against the state violates some rule against sedition.  (PDF # 2.)  At her deposition in this case, she testified that she disclosed to Agent Powell the fact of Mr. James' suit, and the entire deposition transcript for Mr. James' deposition.  (PDF ## 3, 5.)  But Sgt. Powell testified that he had no idea of those facts; both at deposition and in Mr. James' criminal case.  (PDF ## 4, 6.)  He also testified that he has taken pains his entire law enforcement career to follow a basic rule of law enforcement; he does not involve himself in civil cases.  (PDF # 7.)  There is a triable issue of fact as to whether Ms. Granger withheld from Agent Powell, information that would have caused him not to get involved in the case, a basic rule that Chief Lindley, a law enforcement officer, would have known about.  A reasonable jury could conclude that the information withheld from Agent Powell was held back to ensure his pursuit of the search warrant, providing the chilling conduct of a criminal investigation where one would otherwise not have happened. If off-handed comments about bumper stickers to a third party can show animus, as it did in *Sloman*, argumentative questions deriding the choice to sue the state,

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

1 followed by the prompting of a criminal investigation while withholding the very
2 information that would remove agents from the criminal investigation, will present
3 a triable issue of fact about intent to retaliate for having sued the state.

4 　　　Ms. Granger testified at her deposition:  (1) she told Agent Powell about the
5 civil case and the nature of the case; and (2) she gave him the entire deposition
6 transcript.  Compare her testimony with Agent Powell who testified that she did not
7 tell him about the civil case and that he received only a portion of the deposition
8 transcript. (PDF ## 3, 4, 5, 6.)  That kind of information was determined to be
9 important indeed, as that was the basis, or at least a substantial part of the basis,
10 for the Criminal Court's ultimate decision to suppress the evidence gathered during
11 the search. (PDF # 10.)  What's more, Ms. Granger was, or held herself out to be, a
12 member in good standing of the State Bar of California, and this Court is
13 sufficiently expert in the law and its practice to know that such a lawyer would be
14 aware of mechanisms for protecting the subject matter of a civil dispute like claim
15 and delivery or injunctive relief.  California law allows for numerous methods by
16 which Mr. James' firearms could have been secured pending resolution of the
17 matter; a California lawyer would know that.  And, while Mr. James was not
18 actually deterred from pursuing his petition in *mandamus,* such is not requisite to
19 a prima facie case for retaliation: "it would be unjust to allow a defendant to escape
20 liability for a First Amendment violation merely because an unusually determined
21 plaintiff persists in his protected activity…." *Mendocino Env'l Ctr*, 192 F.3d at
22 1300.  The question to be asked is if the retaliatory conduct would chill or silence a
23 person of "ordinary firmness." *Id.*

24 　　　Indeed, the timing of Ms. Granger's actions presents a triable issue of fact
25 regarding a link between the search warrant and the mandamus case: the search
26 warrant was executed on Mr. James' home just one week before the state's
27 opposition to a motion for summary judgment was due in the mandamus case.
28 (PDF # 11.)  That means a week before Mr. James was to begin preparing his reply

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

1 to that opposition, he was cuffed and arrested while questioned, all while Ms. Granger was present for reasons that are, at best, enigmatic. (PDF ## 8, 9.) This would tax the resolve of an ordinary litigant. It certainly taxed Mr. James'.

Not only have Defendants failed to make a showing sufficient to summarily defeat Mr. James' retaliation claim, they failed to mention it. Summary judgment should be denied.

### III.

### THERE IS A TRIABLE ISSUE OF FACT AS TO WHETHER MR. JAMES WAS TREATED DIFFERENTLY

Kimberly Granger and Stephen Lindley each treated Scott James differently from others. It has been conclusively determined by the Superior Court of California that the affidavit of probable cause that led to Mr. James' home being searched, and that led ultimately to his arrest, lacked material information. (PDF # 10.) The affiant Luke Powell did not have that information to give; Kimberley Granger and Stephen Lindley did. The information was that Scott James was a plaintiff in a civil case in which he sought to have his right to own his guns determined. That information was known by Ms. Granger and Chief Lindley; Agent Powell was never told. Why?

As mentioned above, Agent Powell testified that, if a matter was civil, he had nothing to do with it. It appears he was treated differently because, had they told him, he might have said no – because it was a civil matter.

But even if Agent Powell had that information and put it in his affidavit, would the search warrant have been signed anyway? Judge Kalashian seemed to think not, or a reasonable judge at least would have wanted to know in case more questions needed to be asked. Surely persons in the Defendants' positions do not withhold material information from peace officers in other cases? There is a disputed fact regarding whether or not Defendants delivered all facts about Scott James' deposition to Agent Powell; a triable issue of fact remains as to whether the

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

6

**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendants treated Scott James differently by withholding that information, or that they otherwise deprived him of his rights by doing so. Summary judgment on the equal protection claim should be denied.

## IV.

**DEFENDANTS DO NOT ENJOY IMMUNITIES – NEITHER OF THEM WERE PROSECUTORS, AND NEITHER CAN CLAIM IGNORANCE THAT RETALIATION IS UNLAWFUL**

Plaintiffs have tried on numerous occasions to escape liability based on both absolute and qualified immunity. They have failed to do so and continue to do so.

### A. Anyone could have reported Mr. James to law enforcement, divesting Ms. Granger of prosecutorial immunity.

Ms. Granger seems to argue that because she was operating within the course and scope of employment as a civil lawyer with the Bureau of Firearms when she reported a suspected crime to Chief Lindley and Agent Powell, she enjoys the mantle of prosecutorial immunity. Not so. Absolute prosecutorial immunity attaches based on, "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Indeed, the nation's highest law enforcement official, the United States Attorney General, loses the absolute immunity of a prosecutor when engaged in national defense functions. (*Id.*) In *Kalina*, a prosecutor was held to enjoy absolute immunity from liability for having prepared charging documents and a motion for an arrest warrant, but there was no absolute immunity in her having certified statements of fact to the Court; because those statements could have been made by any complaining witness, absolute immunity did not attach to them. (*Id* at 129-131.)

Here, Ms. Granger made statements to law enforcement about what she believed to be a crime; indeed, she says as much in the motion. UDF # 18. Reporting a suspected crime is not a traditional prosecutorial function; it can be done by anybody. Prosecutorial immunity should not attach.

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

### B. Plaintiffs continue to misconstrue the issue of qualified immunity.

Defendants misconstrue the issue on qualified immunity for a third time. [Please see Doc. 63, p. 7:9-16.] The issue is, as the Court has said at least twice before, whether "'a reasonable attorney, similarly situated, would have believed that the United States Constitution allows for state actors to retaliate against civil litigants for having filed suit in mandamus.'" [*Ibid.*, quoting Doc. 29's adoption of Plaintiff's framing of the issue in Doc. 26.] This phrasing of the issue was then linked to the equal protection claim, reviewing it in terms of different treatment, but the issue here should be phrased in the same way for the retaliation claim.

Not only do Defendants fail to offer a properly-framed issue of qualified immunity, Defendants fail to explain how the right to sue the government is not clearly established, and fail to include important specifics that should be considered when determining whether their conduct fell within or without clearly-established rights. Unlike situations faced by peace officers who find themselves in volatile situations while on patrol, Mr. Granger had months between Mr. James' deposition and the day she showed up at Mr. James' house with armed agents of the state to smash in his door and watch him be hauled off in chains. She had months to contact Mr. James' attorney and ask for a stipulation to an order appointing a referee or receiver who could then take custody of the firearms until the civil litigation served its function; to determine whether Mr. James could keep them or not. And, absent such stipulation, Defendant Granger had yet another option available, and that was to do what civil lawyers routinely do: file a motion.

A state agent or attorney would have to be thick as a brick not to know that household searches against a civil litigant's home, followed by arrest, for possessing the item about which the litigant brought suit will discourage that litigant and others from bringing suit against the government. What sane person who, like Mr. James, finds out he might be prohibited from owning the weapons in

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

8
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

his home would bring suit after hearing what happened when he did just that? Such a person would, of course, be discouraged from suit and – perversely – might feel compelled to dispose of the weapons outside of the law despite an initial desire to ask the Court whether they need to be disposed of properly. A person considering litigation over the right to own firearms [or any other property that might be controlled in some way] would be reasonably fearful that when suit is brought, a state attorney and chief of a law enforcement bureau will feel free to hide information from officer-affiants, information the affiant will in turn not be able to provide in a probable cause statement, which will then go to a judge who, deprived of that information, signs without knowing that possession of the item to be seized is the subject of the undisclosed litigation, leading officers to the litigant's home where he will be arrested for the crime of owning property before the judge even has a chance to determine if the property is legally or illegally owned.

Defendants' argument requires that this Court believe that civil litigants are un-phased by search warrants, arrest, and criminal charges. The suggestion is obtuse.

There is no qualified immunity here. No reasonable peace officer or attorney could reasonably believe that a civil litigant would not be discouraged by what Defendants set in motion. Any protest that Ms. Granger was an innocent reporter of suspected crimes is belied by her presence at the execution of the search warrant; a reasonable juror could conclude that she was there to see it through to the end, and Chief Lindley sent her there.

## V.

## CONCLUSION

There are issues of fact to be determined in the claims levelled in Mr. James' Third Amended Complaint. Plaintiffs have been on notice of the retaliation claim since the case was first filed; they ignore it in this motion, apparently hoping Plaintiff will be distracted. But the link between the civil litigation and the search

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

9
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

warrant and arrest is patent: it happened just a week before Ms. Granger was to file her opposition to Mr. James' motion for judgment.  As for the equal protection claim, there is an issue of fact as to whether they treated Plaintiff differently by withholding information about his case from the Agent who served as the affiant. Defendant Granger's prosecutorial immunity fails because she was not acting in her function as an advocate when reporting what she believed to be a crime.  As for qualified immunity, no reasonable peace officer or attorney could reasonably believe that a civil litigant would not be discouraged by what Defendants set in motion.  Summary judgment should be denied.

DATED: November 23, 2015        HERR PEDERSEN & BERGLUND LLP

                                    By: /s/ Leonard C. Herr
                                        LEONARD C. HERR
                                        Attorneys for Plaintiff
                                        SCOTT R. JAMES

F:\Client Files\James, Scott (1369-00)\1369.12 James v. Granger\Motions\Defendants' MSJ\Plaintiff's Opposition to MSJ.doc

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

10
**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**